# Exhibit 5

Warren LLP

Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

October 16, 2026

**By Electronic Mail**

Cary D. Sullivan
Lauren E. Dutkiewicz
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612
carysullivan@jonesday.com
ldutkiewicz@jonesday.com

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204
btalcott@dunncaney.com

**Re: ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)**
**RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)**

Counsel:

I write regarding ESHA's continued refusal to respond to discovery concerning its alleged trade secrets.

First, on April 30, 2026, ESHA wrote that "Trustwell has not yet supplemented its trade secret disclosure" and that "It will do so shortly." Nearly six months have passed, and ESHA has provided nothing. Please provide a date certain by which ESHA will supplement its response to Interrogatory No. 1, which Foodwit has been requesting for nearly 16 months.

Second, ESHA refuses to answer Foodwit's Interrogatories Nos. 3, 4, 5, and 6, which seek information concerning ESHA's alleged development and disclosure of each of the trade secrets it asserts in these actions. Although these interrogatories are among the most standard discovery in cases involving trade secrets, ESHA has refused to provide any response on the ground that, because ESHA asserts multiple trade secrets—without saying how many—Foodwit's requests exceed Rule 33(a)(1)'s limit of 25 interrogatories. ESHA's theory thus appears to be that each interrogatory can only address a single trade secret. ESHA's position is flatly incorrect, and is in any event waived.

ESHA counts four interrogatories as exceeding the limit only by improperly treating each of its asserted trade secrets as a separate subpart. That is not how subparts work under Rule 33. As the Advisory Committee explained concerning subparts, a "question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment; *see also Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 296 (N.D. Cal. 2016) (agreeing with Synopsys that an interrogatory directed to four patents-in-suit is a single interrogatory, and rejecting the argument that "the court should count as many interrogatories as there are patents-in-suit"); *Zunum Aero, Inc. v. Boeing Co.*, No. 21-0896, 2022 WL 17904317, at *1, *6 (W.D. Wash. Dec. 8, 2022) (ordering the plaintiff to answer an interrogatory asking it to "[d]escribe each alleged Trade Secret" as to all of the roughly 170 trade secrets it had identified; and agreeing with Boeing that the plaintiff "cannot use its own expansive claims as a shield against meeting its discovery obligations"). ESHA's alleged trade

secrets, whatever they turn out to be, are by its own admission found within a single product. The fact that ESHA claims more than one trade secret does not convert a single interrogatory about its trade secrets into multiple interrogatories.

ESHA has likewise waived its objection to the number of interrogatories in Foodwit's second set by partially answering some requests in that set and refusing others. Under ESHA's faulty arithmetic, Foodwit would have exhausted the limit well before Interrogatory No. 7, yet ESHA responded in part to Interrogatories Nos. 7 through 10. A party that believes it has received too many interrogatories "should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection." *Allahverdi v. Regents of Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005) (compelling answers to the unanswered interrogatories); *see also Avila v. Mohave County*, No. 14-8124, 2015 WL 6660187, at *8-9 (D. Ariz. Oct. 30, 2015) (explaining that *Allahverdi* permits an answering party to stop providing answers after answering consecutive 25, not to pick and choose among interrogatories).

Please confirm that ESHA will supplement its response to Interrogatory No. 1, and that ESHA will serve complete, verified answers to Interrogatories Nos. 3, 4, 5, and 6, or provide your availability to confer on Foodwit's motion to compel this discovery.

Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Erika Warren