Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*pro hac vice to be filed*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>    Defendant. | Civil No. 3:25−cv−00656−AB<br><br>**DEFENDANT TRUSTWELL'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

**DEFENDANT TRUSTWELL'S ANSWER AND AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Defendant Trustwell, formerly known as ESHA Research, LLC ("Trustwell"), by and through its undersigned counsel, hereby answers the complaint filed by plaintiff RLH Assets, LLC dba Foodwit ("Foodwit"), and asserts the affirmative and other defenses listed below. Any allegations not expressly admitted below are hereby denied, generally and specifically.

This is a copycat suit by a former customer that Trustwell recently sued in a related case for breach of contract, trade secret misappropriation, Lanham Act violations, and other unlawful conduct in the development of a competing product. This suit essentially adopts a set of counterclaims recently filed in a different case by a different former customer that Trustwell sued. That Trustwell has sued a total of *two* former customers for breaching their contracts with Trustwell and engaging in other unlawful conduct simply does not amount to an antitrust violation. And the notion that Trustwell's claims against Foodwit are both objectively meritless and subjectively frivolous is absurd. This complaint can only be described as a work of fiction, replete with misstatements and misrepresentations, and Trustwell believes it blatantly runs afoul of Foodwit's Rule 11 obligations.

## RESPONSES TO PARAGRAPHS IN THE COMPLAINT

1.    In response to paragraph 1 of the complaint, Foodwit's complaint speaks for itself.

2.    In response to paragraph 2 of the complaint, Trustwell admits that it is an Oregon LLC (as pled in paragraph 4) and filed suit against Foodwit in the District of Delaware on February 20, 2025, which suit speaks for itself. Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Foodwit's reasons for filing this complaint and, on that basis, denies such allegations generally and specifically. Trustwell denies the remainder of the allegations in paragraph 2.

3.    In response to paragraph 3 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

4.      In response to paragraph 4 of the complaint, Trustwell admits the allegations therein.

5.      In response to paragraph 5 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

6.      In response to paragraph 6 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

7.      In response to paragraph 7 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

8.      In response to paragraph 8 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

9.      In response to paragraph 9 of the complaint, Trustwell admits the allegations therein.

10.      In response to paragraph 10 of the complaint, Trustwell denies that the asserted "process" has only the two listed "inputs."

11.      In response to paragraph 11 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.      In response to paragraph 12 of the complaint, Trustwell admits the allegations therein.

13.      In response to paragraph 13 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.      In response to paragraph 14 of the complaint, Trustwell admits that the U.S. Department of Agriculture researches and publishes information on food nutrients.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation. In addition, the cited website speaks for itself.

15.     In response to paragraph 15 of the complaint, Trustwell admits that the U.S. Department of Agriculture maintains FoodData Central databases. Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation. In addition, the cited website speaks for itself.

16.     In response to paragraph 16 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited and quoted website speaks for itself.

17.     In response to paragraph 17 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited and quoted website speaks for itself.

18.     In response to paragraph 18 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited and quoted website speaks for itself.

19.     In response to paragraph 19 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited and quoted website speaks for itself.

20.     In response to paragraph 20 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited and quoted website speaks for itself.

21.    In response to paragraph 21 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    In response to paragraph 22 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited website speaks for itself.

23.    In response to paragraph 23 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In addition, the cited websites speaks for themselves.

24.    In response to paragraph 24 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.    In response to paragraph 25 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

26.    In response to paragraph 26 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

27.    In response to paragraph 27 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

28.    In response to paragraph 28 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required. In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

Page 4

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In addition, the cited and quoted website speaks for itself.

30.     In response to paragraph 30 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In addition, the cited and quoted website speaks for itself.

31.     In response to paragraph 31 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to paragraph 33 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In addition, the cited and quoted websites speak for themselves.

Page 5

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

34.     In response to paragraph 34 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In addition, the cited website speaks for itself.

36.     In response to paragraph 36 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

40.    In response to paragraph 40 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.    In response to paragraph 41 of the complaint, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.    In response to paragraph 42 of the complaint, Trustwell admits that its predecessor company was founded in 1981.  In addition, the cited but unavailable website article speaks for itself.

43.    In response to paragraph 43 of the complaint, Trustwell admits that it introduced its Genesis R&D product in 1991.

44.    In response to paragraph 44 of the complaint, Trustwell admits that Genesis R&D is a software application that performs many supplement formulation and food labeling functionalities.  Trustwell denies the remainder of the allegations in paragraph 44.

45.    In response to paragraph 45 of the complaint, Trustwell admits that Genesis R&D automates a number of calculations, among many other functions.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

46.    In response to paragraph 46 of the complaint, Trustwell admits that customers paid Trustwell to license Genesis R&D pursuant to terms, conditions, and protections of limited-use license agreements.

47.    In response to paragraph 47 of the complaint, Trustwell admits that many of its customers licensed Genesis R&D.  Trustwell further responds that the cited and quoted websites

Page 7

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

and articles speak for themselves.  In addition, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

48.    In response to paragraph 48 of the complaint, Trustwell responds that the cited declaration speaks for itself.

49.    In response to paragraph 49 of the complaint, Trustwell responds that the cited declaration speaks for itself.

50.    In response to paragraph 50 of the complaint, Trustwell responds that the cited declaration speaks for itself.

51.    In response to paragraph 51 of the complaint, Trustwell admits the allegations therein.

52.    In response to paragraph 52 of the complaint, Trustwell admits the allegations therein.

53.    In response to paragraph 53 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54.    In response to paragraph 54 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.    In response to paragraph 55 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56.    In response to paragraph 56 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

57.     In response to paragraph 57 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59.     In response to paragraph 59 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60.     In response to paragraph 60 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the complaint, the cited and quoted documents and exhibits speak for themselves.

63.     In response to paragraph 63 of the complaint, the cited documents and exhibits speak for themselves.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

64.     In response to paragraph 64 of the complaint, the cited and quoted documents and exhibits speak for themselves.

65.     In response to paragraph 65 of the complaint, the cited and quoted documents and exhibits speak for themselves.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

66.     In response to paragraph 66 of the complaint, the cited and quoted documents and exhibits speak for themselves.

67.     In response to paragraph 67 of the complaint, the cited and quoted documents and exhibits speak for themselves.

68.     In response to paragraph 68 of the complaint, the cited and quoted documents and exhibits speak for themselves.

69.     In response to paragraph 69 of the complaint, the cited document and exhibit speaks for itself.

70.     In response to paragraph 70 of the complaint, the cited and quoted documents and exhibits speak for themselves.

71.     In response to paragraph 71 of the complaint, the cited and quoted documents and exhibits speak for themselves.

72.     In response to paragraph 72 of the complaint, the cited and quoted documents and exhibits speak for themselves.

73.     In response to paragraph 73 of the complaint, the cited and quoted documents and exhibits speak for themselves.

74.     In response to paragraph 74 of the complaint, the cited and quoted documents and exhibits speak for themselves.

75.     In response to paragraph 75 of the complaint, the cited documents speak for themselves.

76.     In response to paragraph 76 of the complaint, the cited documents speak for themselves.

77.     In response to paragraph 77 of the complaint, Trustwell admits that Foodwit was a licensee customer from 2017 until 2024.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

Page 10

**DEFENDANT TRUSTWELL'S ANSWER**
**& AFF. DEFENSES TO COMPLAINT**

78.    In response to paragraph 78 of the complaint, Trustwell admits that Foodwit received and paid invoices from Trustwell between 2018 and 2023. Trustwell denies the remainder of the allegations in paragraph 78.

79.    In response to paragraph 79 of the complaint, Trustwell admits that the term of Trustwell's final license agreement commenced August 30, 2023, although Foodwit executed the agreement on a later date.

80.    In response to paragraph 80 of the complaint, the cited and quoted documents and exhibits speak for themselves.

81.    In response to paragraph 81 of the complaint, Trustwell admits the allegations therein.

82.    In response to paragraph 82 of the complaint, Trustwell denies that it declined to make improvements to Genesis R&D. Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

83.    In response to paragraph 83 of the complaint, Trustwell admits that The Riverside Company acquired Trustwell's predecessor company in 2022. Trustwell denies the remainder of the allegations in paragraph 83.

84.    In response to paragraph 84 of the complaint, the cited and quoted website speaks for itself.

85.    In response to paragraph 85 of the complaint, the cited and quoted website speaks for itself.

86.    In response to paragraph 86 of the complaint, the cited and quoted website speaks for itself.

87.    In response to paragraph 87 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Page 11

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

88.    In response to paragraph 88 of the complaint, Trustwell denies the allegations therein.

89.    In response to paragraph 89 of the complaint, Trustwell denies the allegations therein.

90.    In response to paragraph 90 of the complaint, Trustwell denies that its "new prices were between five and ten times higher than [its] old prices."  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

91.    In response to paragraph 91 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92.    In response to paragraph 92 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In addition, the cited and quoted but unsubstantiated anonymous message board speaks for itself.

93.    In response to paragraph 93 of the complaint, the cited and quoted but unsubstantiated anonymous message board speaks for itself.

94.    In response to paragraph 94 of the complaint, the cited and quoted but unsubstantiated anonymous message board speaks for itself.

95.    In response to paragraph 95 of the complaint, the cited and quoted but unsubstantiated anonymous message board speaks for itself.

96.    In response to paragraph 96 of the complaint, Trustwell denies the allegations therein.

97.    In response to paragraph 97 of the complaint, Trustwell admits the listed prices of Foodwit's licenses from 2020 to 2023.  Trustwell denies that it offered "the same three licenses"

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

to Foodwit, that Trustwell's prices were "inflated," and that Foodwit "reduced the functionality of its licenses." Trustwell further denies that Foodwit had no "alternative."

98.    In response to paragraph 98 of the complaint, Trustwell denies the allegations therein.

99.    In response to paragraph 99 of the complaint, Trustwell denies the allegations therein.

100.    In response to paragraph 100 of the complaint, Trustwell denies any "massive price increase." Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

101.    In response to paragraph 101 of the complaint, Trustwell denies the allegations therein.

102.    In response to paragraph 102 of the complaint, Trustwell denies the allegations therein.

103.    In response to paragraph 103 of the complaint, Trustwell denies the allegations therein.

104.    In response to paragraph 104 of the complaint, Trustwell denies any "massive price increase." Trustwell further denies that Foodwit developed Workbench legitimately or lawfully. Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

105.    In response to paragraph 105 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

106.    In response to paragraph 106 of the complaint, Trustwell denies that it "did not care whether litigation was justified or not." Trustwell further denies that it "did not care whether its

Page 13

**DEFENDANT TRUSTWELL'S ANSWER**
**& AFF. DEFENSES TO COMPLAINT**

claims were valid." Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

107. In response to paragraph 107 of the complaint, Trustwell admits that it filed suit against one other former customer, Cronometer Software, Inc., in 2024, and that Cronometer filed counterclaims—meritless counterclaims that Foodwit essentially copied here. The pleadings in that action speak for themselves. Trustwell denies the remainder of the allegations in this paragraph.

108. In response to paragraph 108 of the complaint, Trustwell admits that, after unsuccessfully attempting to resolve this matter, it sent a cease-and-desist letter to Foodwit on August 6, 2024, which letter speaks for itself.

109. In response to paragraph 109 of the complaint, Trustwell denies Foodwit's assertion that it did not misappropriate Trustwell data or engage in other unlawful conduct in the course of developing Workbench, particularly given Foodwit's absolute and continuing refusal to provide any sort of substantiation of that bald assertion. Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

110. In response to paragraph 110 of the complaint, Trustwell denies that it has or employs any "usual pressure tactics." In addition, the cited and quoted letter speaks for itself.

111. In response to paragraph 111 of the complaint, Trustwell admits that it received a letter from Foodwit's counsel on August 9, 2024, which letter speaks for itself.

112. In response to paragraph 112 of the complaint, Trustwell admits that it sent a letter with enclosures to Foodwit on September 17, 2024, which letter speaks for itself.

113. In response to paragraph 113 of the complaint, Trustwell denies that it "took the [asserted] view." The cited and quoted letter with enclosures speaks for itself in any event.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

114.    In response to paragraph 114 of the complaint, Trustwell denies that it "took the [asserted] view." The cited and quoted letter with enclosures speaks for itself in any event.

115.    In response to paragraph 115 of the complaint, Trustwell denies the allegations therein. As stated in the cited and quoted letter, Trustwell provided another copy, at the request of Foodwit's counsel, of the terms of service and end user license agreement that Trustwell believes applies to Foodwit's final license.

116.    In response to paragraph 116 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

117.    In response to paragraph 117 of the complaint, Trustwell denies the allegations therein.

118.    In response to paragraph 118 of the complaint, Trustwell denies the allegations therein.

119.    In response to paragraph 119 of the complaint, the cited and quoted document speaks for itself.

120.    In response to paragraph 120 of the complaint, Trustwell admits that Stephen Bruce was its CEO from February 2023 until February 2024.

121.    In response to paragraph 121 of the complaint, Trustwell admits that, after a delay, it received a letter from Foodwit's counsel on September 24, 2024, which letter speaks for itself.

122.    In response to paragraph 122 of the complaint, Trustwell admits that it received an email from Foodwit's counsel on October 9, 2024, which email speaks for itself.

123.    In response to paragraph 123 of the complaint, Trustwell admits it sent an email to Foodwit on October 10, 2024, which email speaks for itself.

124.    In response to paragraph 124 of the complaint, Trustwell admits it received an email from Foodwit's counsel on October 15, 2024, which email speaks for itself.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

125.    In response to paragraph 125 of the complaint, Trustwell admits that it responded by email to Foodwit later on October 15, 2024, which email speaks for itself.

126.    In response to paragraph 126 of the complaint, Trustwell admits that it refused to disclose "specific proprietary and trade secret items" to Foodwit, a competitor that Trustwell alleges engaged in trade secret misappropriation and other unlawful conduct in the course of developing a competing product, as stated its October 15, 2024 email to Foodwit, which email speaks for itself.

127.    In response to paragraph 127 of the complaint, Trustwell denies the allegations therein.

128.    In response to paragraph 128 of the complaint, Trustwell denies the allegations therein.

129.    In response to paragraph 129 of the complaint, Trustwell admits that its CEO and Foodwit's CEO spoke by telephone in November 2024, that Foodwit's CEO again requested during the call that Trustwell disclose its trade secrets to Foodwit (a competitor), and that Foodwit's CEO refused to provide any substantiation whatsoever of Foodwit's denials of misconduct unless and until Trustwell disclosed its trade secrets to Foodwit. Trustwell denies the remainder of the allegations in paragraph 129.

130.    In response to paragraph 130 of the complaint, Trustwell admits that its CEO emailed Foodwit's CEO on November 14, 2024, which email speaks for itself.

131.    In response to paragraph 131 of the complaint, Trustwell admits that it did not provide a list of its trade secrets to Foodwit (a competitor), and that it never agreed to do so.

132.    In response to paragraph 132 of the complaint, Trustwell admits that its CEO emailed Foodwit's CEO on December 13, 2024, which email speaks for itself.

133.    In response to paragraph 133 of the complaint, Trustwell admits that Foodwit's CEO emailed Trustwell's CEO on December 20, 2024, which email speaks for itself.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

134.    In response to paragraph 134 of the complaint, Trustwell admits that its CEO emailed Foodwit's CEO on December 31, 2024, which email speaks for itself.

135.    In response to paragraph 135 of the complaint, Trustwell admits that its CEO and Foodwit's CEO spoke by phone in January 2025, and that Trustwell's CEO subsequently emailed Foodwit's CEO on January 18, 2025, which email speaks for itself.

136.    In response to paragraph 136 of the complaint, Trustwell admits that Foodwit's CEO emailed Trustwell's CEO on February 6, 2025, which email speaks for itself.

137.    In response to paragraph 137 of the complaint, Trustwell admits that it filed suit against Foodwit in the District of Delaware on February 20, 2025, which suit speaks for itself.

138.    In response to paragraph 138 of the complaint, the cited complaint speaks for itself.

139.    In response to paragraph 139 of the complaint, the cited documents and exhibits speak for themselves.

140.    In response to paragraph 140 of the complaint, Trustwell denies the allegations therein.

141.    In response to paragraph 141 of the complaint, the cited and quoted documents and exhibits speak for themselves.  Trustwell denies the remainder of the allegations in paragraph 141.

142.    In response to paragraph 142 of the complaint, the cited complaint speaks for itself.

143.    In response to paragraph 143 of the complaint, Trustwell denies the allegations therein.

144.    In response to paragraph 144 of the complaint, Trustwell denies the allegations therein.  In addition, the cited websites speak for themselves.

145.    In response to paragraph 145 of the complaint, Trustwell denies the allegations therein.

146.    In response to paragraph 146 of the complaint, the cited and quoted documents and exhibits speak for themselves.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

147.    In response to paragraph 147 of the complaint, the cited complaint speaks for itself. Trustwell denies the remainder of the allegations in paragraph 147.

148.    In response to paragraph 148 of the complaint, Trustwell denies the allegations therein.

149.    In response to paragraph 149 of the complaint, Trustwell admits that it filed suit against Foodwit in the District of Delaware, which complaint speaks for itself.  Trustwell denies the remainder of the allegations in paragraph 149.

150.    In response to paragraph 150 of the complaint, Trustwell admits that it operates in the United States, and that it has developed SaaS-based applications that serve many functions, including food-labeling compliance.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every such allegation.

151.    In response to paragraph 151 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.   In addition, the paragraph contains legal conclusions to which no response is required.

152.    In response to paragraph 152 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.   In addition, the paragraph contains legal conclusions to which no response is required.

153.    In response to paragraph 153 of the complaint, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.   In addition, the paragraph contains legal conclusions to which no response is required.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

154.    In response to paragraph 154 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

155.    In response to paragraph 155 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

156.    In response to paragraph 156 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.  In addition, the cited and quoted website speaks for itself.

157.    In response to paragraph 157 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.  In addition, the cited and quoted but unsubstantiated anonymous message board speaks for itself.

158.    In response to paragraph 158 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

159.    In response to paragraph 159 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

160.    In response to paragraph 160 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

161.    In response to paragraph 161 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

Page 19

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

162.     In response to paragraph 162 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

163.     In response to paragraph 163 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

164.     In response to paragraph 164 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

165.     In response to paragraph 165 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

166.     In response to paragraph 166 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

167.     In response to paragraph 167 of the complaint, Trustwell admits that it filed suit against Foodwit in the District of Delaware, which complaint speaks for itself.   Trustwell denies the remainder of the allegations in paragraph 167.

168.     In response to paragraph 168 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

169.     In response to paragraph 169 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

Page 20

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

170.    In response to paragraph 170 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

171.    In response to paragraph 171 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

172.    In response to paragraph 172 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

173.    In response to paragraph 173 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

174.    In response to paragraph 174 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

175.    In response to paragraph 175 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

176.    In response to paragraph 176 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

177.    In response to paragraph 177 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

178.    In response to paragraph 178 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

179.    In response to paragraph 179 of the complaint, Trustwell restates and incorporates by reference its responses above.

180.    In response to paragraph 180 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

181.    In response to paragraph 181 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

182.    In response to paragraph 182 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

183.    In response to paragraph 183 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

184.    In response to paragraph 184 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

185.    In response to paragraph 185 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

186.    In response to paragraph 186 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

187.    In response to paragraph 187 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

188.    In response to paragraph 188 of the complaint, Trustwell restates and incorporates by reference its responses above.

189.    In response to paragraph 189 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

190.    In response to paragraph 190 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

191.    In response to paragraph 191 of the complaint, Trustwell denies the allegations therein.

192.    In response to paragraph 192 of the complaint, Trustwell denies the allegations therein.

193.    In response to paragraph 193 of the complaint, Trustwell denies the allegations therein.

194.    In response to paragraph 194 of the complaint, Trustwell denies the allegations therein.

195.    In response to paragraph 195 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

196.    In response to paragraph 196 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

197.    In response to paragraph 197 of the complaint, Trustwell restates and incorporates by reference its responses above.

198.    In response to paragraph 198 of the complaint, Trustwell responds that the cited and quoted complaint speaks for itself.

199.    In response to paragraph 199 of the complaint, Trustwell denies the allegations therein.

200.    In response to paragraph 200 of the complaint, Trustwell denies the allegations therein.

201.    In response to paragraph 201 of the complaint, Trustwell denies the allegations therein.

202.    In response to paragraph 202 of the complaint, Trustwell denies the allegations therein.

203.    In response to paragraph 203 of the complaint, Trustwell denies the allegations therein.

204.    In response to paragraph 204 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.   Trustwell denies the remainder of the allegations therein.

205.    In response to paragraph 205 of the complaint, Trustwell restates and incorporates by reference its responses above.

206.    In response to paragraph 206 of the complaint, Trustwell responds that the cited and quoted complaint speaks for itself.

207.    In response to paragraph 207 of the complaint, Trustwell denies the allegations therein.

208.    In response to paragraph 208 of the complaint, Trustwell denies the allegations therein.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

209.    In response to paragraph 209 of the complaint, Trustwell denies the allegations therein.

210.    In response to paragraph 210 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

211.    In response to paragraph 211 of the complaint, Trustwell restates and incorporates by reference its responses above.

212.    In response to paragraph 212 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

213.    In response to paragraph 213 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

214.    In response to paragraph 214 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

215.    In response to paragraph 215 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.    Trustwell denies the remainder of the allegations therein.

216.    In response to paragraph 216 of the complaint, Trustwell restates and incorporates by reference its responses above.

217.    In response to paragraph 217 of the complaint, Trustwell responds that the cited and quoted documents and exhibits speak for themselves.

218.    In response to paragraph 218 of the complaint, Trustwell responds that the cited and quoted documents and exhibits speak for themselves.

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

219.     In response to paragraph 219 of the complaint, Trustwell denies the allegations therein.

220.     In response to paragraph 220 of the complaint, Trustwell admits that it filed suit against Foodwit in the District of Delaware on February 20, 2025.  Trustwell denies the remainder of the allegations in paragraph 220, which constitute legal conclusions in any event.

221.     In response to paragraph 221 of the complaint, Trustwell responds that it contains legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations therein.

## PRAYER FOR RELIEF

Trustwell denies, generally and specifically, that Foodwit is entitled to any damages or relief against Trustwell in any form, in any amount, and for any reason whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

In response to Foodwit's complaint, Trustwell hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion as to any of them..

## FIRST AFFIRMATIVE DEFENSE

### (LEGITIMATE BASIS)

As set forth in Trustwell's complaint against Foodwit, there is, at an absolute minimum, an objectively reasonable legal and factual basis and foundation for the claims asserted.

## SECOND AFFIRMATIVE DEFENSE

### (GOOD FAITH INTENT)

As set forth in Trustwell's complaint against Foodwit, Trustwell genuinely believes in the merits of the claims asserted, such that its good faith intent in filing and pursuing this action precludes antitrust liability.  Further, Trustwell acted at all times in good faith and without fraud, oppression, or malice such that any claims or requests for special, exemplary, treble, or punitive damages are precluded.

Page 26

**DEFENDANT TRUSTWELL'S ANSWER**
**& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

### THIRD AFFIRMATIVE DEFENSE

### (NOERR-PENNINGTON DOCTRINE)

Because this action was filed and pursued with and for a legitimate purpose, as set forth in Trustwell's complaint against Foodwit, Trustwell is immune from antitrust liability resulting therefrom.

### FOURTH AFFIRMATIVE DEFENSE

### (STANDING)

Foodwit lacks standing to assert its antitrust (counter)claims because it suffered no antitrust injury, as set forth in Trustwell's complaint against Foodwit.

### FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Trustwell is informed and believes and thereon alleges that Foodwit failed to mitigate its purported damages, if any, including by accessing, using, and disclosing, and continuing to access, use, and disclose, Trustwell's confidential and trade secret information in violation of the terms, conditions, and protections of its limited-use license agreement with Trustwell, including after the license had expired, and in violation of federal and state law, as set forth in Trustwell's complaint against Foodwit.

### SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL/LACHES)

Any purported damages which Foodwit may have suffered, which Trustwell continues to deny, were the direct and proximate result of the conduct of Foodwit, as set forth in Trustwell's complaint against Foodwit. Therefore, Foodwit is estopped and barred from recovery.

### SEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

Foodwit's complaint, and each claim therein, is barred by the doctrine of unclean hands, based on the conduct of Foodwit as alleged in Trustwell's complaint against Foodwit. In addition,

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

the demonstrably false allegations pled in support of the claims asserted here reflect Foodwit's bad faith in asserting such claims and violate Foodwit's obligations under Rule 11.

## EIGHTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

Foodwit fails to plead a claim upon which relief may be granted, including because the declaratory relief claims merely seek a judgment of no liability as to each of Trustwell's claims against Foodwit.  That is indistinguishable from a defense judgment on Trustwell's claims and, thus, is improper and invalid.

## NINTH AFFIRMATIVE DEFENSE

### (PERFORMANCE / SUBSTANTIAL COMPLIANCE)

As set forth in Trustwell's complaint against Foodwit, Trustwell fully performed, or at least substantially complied with, all contractual, statutory, and other obligations or duties owed to Foodwit.

## TENTH AFFIRMATIVE DEFENSE

### (FAILURE TO DISCLOSE MATERIAL INFORMATION)

As set forth in Trustwell's complaint against Foodwit, Foodwit failed to disclose material information to Trustwell.

## ELEVENTH AFFIRMATIVE DEFENSE

### (NO DAMAGE)

As set forth in Trustwell's complaint against Foodwit, Foodwit has not been damaged in any amount and in any way by any conduct of Trustwell.

## TWELFTH AFFIRMATIVE DEFENSE

### (JUSTIFICATION / PRIVILEGE)

As set forth in Trustwell's complaint against Foodwit, Trustwell's conduct is justified and privileged as legitimate business competition and, thus, is not actionable, whether through claims for antitrust violations, tortious interference, breach of contract, or otherwise.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

## THIRTEENTH AFFIRMATIVE DEFENSE

(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

As set forth in Trustwell's complaint against Foodwit, Foodwit breached the implied covenant of good faith and fair dealing.

## FOURTEENTH AFFIRMATIVE DEFENSE

(BAD FAITH)

Foodwit's complaint, and each claim therein, was filed and asserted in bad faith and is frivolous and therefore barred. In addition, the demonstrably false allegations pled in support of the claims asserted here reflect Foodwit's bad faith in asserting such claims and violate Foodwit's obligations under Rule 11.

## FIFTEENTH AFFIRMATIVE DEFENSE

(BREACH OF CONTRACT)

Foodwit is barred from claiming or recovering any relief under any applicable contracts, including the license agreement with Trustwell, because Foodwit breached such contracts, as set forth in Trustwell's complaint against Foodwit, and Trustwell has thus been excused from performing thereunder.

## SIXTEENTH AFFIRMATIVE DEFENSE

(STATUTE OF FRAUDS)

Foodwit is barred from claiming or recovering any relief under any asserted agreements to the extent such relief is based upon an asserted oral agreement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(OFFSET)

Trustwell is entitled to an offset against any claimed damages, which Trustwell continues to deny, by way of compensation or other proceeds that Foodwit received or obtained as a result of the unlawful conduct alleged in Trustwell's complaint against Foodwit.

**DEFENDANT TRUSTWELL'S ANSWER & AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

## RESERVATION OF RIGHTS

Trustwell reserves the right to assert additional affirmative and other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Trustwell prays as follows:

(1)     That Foodwit take nothing by virtue of its claims herein and that the claims be dismissed with prejudice in their entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.


Dated:  June 4, 2025                    Respectfully submitted,

                                        **DUNN CARNEY LLP**

                                        _  s/  Brian R. Talcott__
                                        Brian R. Talcott, OSB 965371
                                        Email:  btalcott@dunncarney.com

                                        **JONES DAY**
                                        Cary D. Sullivan (*pro hac vice to be filed*)
                                        Email: carysullivan@jonesday.com

                                        *Attorneys for Defendant*


Page 30

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of June, 2025, I caused to be served the foregoing

**DEFENDANT TRUSTWELL'S ANSWER AND AFFIRMATIVE DEFENSES TO**

**COMPLAINT** on the following party via the following method(s):

P. Andrew McStay, Jr.,
andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Matthew S. Warren (*pro hac vice to be filed*)
Erika H. Warren (*pro hac vice to be filed*)
Shaida Shahinfar (*pro hac vice to be filed*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964
2025-04-22@cases.warrenlex.com

*Attorney for Plaintiff RLH Assets, LLC*

by:
☐   U.S. Postal Service, ordinary first class mail
☒   electronic service
☐   other (specify)  Email

**DUNN CARNEY LLP**

_ *s/ Brian R. Talcott* _
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*pro hac vice to be filed*)
Email: carysullivan@jonesday.com

**DEFENDANT TRUSTWELL'S ANSWER
& AFF. DEFENSES TO COMPLAINT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324