Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**ESHA RESEARCH, LLC, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00656-AB<br><br>**DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE CASE NOS. 25-CV-00656-AB AND 25-CV-00880-AB**<br><br>**[ORAL ARGUMENT REQUESTED]** |

Page 1             **DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 2

    A.    Trustwell Licenses Its Proprietary Genesis Foods Platform to Foodwit. .............. 2

    B.    Trustwell Sues Foodwit For Misappropriation Of Trade Secrets And Related Claims; Foodwit Responds With Its Own Overlapping Lawsuit. ............ 2

    C.    Compliance With Local Rule 42-3. ....................................................................... 3

ARGUMENT ........................................................................................................................... 4

    A.    The Trustwell And Foodwit Actions Involve Common Questions Of Law And Fact. ................................................................................................................ 5

    B.    Judicial Economy And Lack Of Prejudice To The Parties Weigh Heavily In Favor Of Consolidation. ..................................................................................... 6

CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Evraz Inc., N.A. v. Travelers Indem. Co.*,
Case No. 3:11-cv-00233-AC, 2013 WL 6241984 (N.D. Cal. 2003) .........................................4

*Giustina Land & Timber Co., LLC v. Eugene Water & Elec. Bd.*,
No. 6:24-CV-1152-AA, 2025 WL 1248906 (D. Or. Apr. 30, 2025) .........................................6

*In re Adams Apple, Inc.*,
829 F.2d 1484 (9th Cir. 1987) ..................................................................................................4

*Levi v. Chapman*,
No. 6:22-CV-01813-MTK, 2024 WL 5186642 (D. Or. Dec. 20, 2024)...................................4

*Oregon Cath. Press v. Ambrosetti*,
2021 WL 3849708 (D. Or. Aug. 27, 2021)...............................................................................4

*Oregon Cath. Press v. Ambrosetti*,
No. 3:19-CV-01397-AC, 2021 WL 3852190 (D. Or. Aug. 4, 2021)................................4, 5, 6

*RLH Assets, LLC v. ESHA Research, LLC*,
No. 25-656 (D. Or.), Dkt. 1...................................................................................................3

*RLH Assets, LLC v. ESHA Research, LLC*,
No. 3:25-00656 (D. Or.) .........................................................................................................3

*Sherwin-Williams Co. v. JJT, Inc.*,
No. 13-CV-1947-LAB-WVG, 2014 WL 2587483 (S.D. Cal. June 10, 2014) .........................5

*United Mine Workers of America v. Gibbs*,
383 U.S. 715 (1966)..................................................................................................................4

**STATUTES**

Federal Rule of Civil Procedure 42 .................................................................................1, 4, 5

Local Rule 42-3....................................................................................................................1, 3

## INTRODUCTION

Pursuant to the Court's August 5, 2025 order, Defendant ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby moves to consolidate two cases that involve the same parties, the same questions of law and fact, and relate to the same issues. Trustwell originally filed suit against Plaintiff RLH Assets, LLC, doing business as Foodwit ("Foodwit"), in February 2025 for breach of a limited-use license agreement, trade secret misappropriation, and related claims based on Foodwit's secret and unauthorized copying of Trustwell's Genesis Foods software platform to create a virtually identical product called Workbench, to compete with Genesis Foods. *See ESHA Research, LLC v. RLH Assets, LLC*, No. 3:25-cv-00880 (D. Or.). Foodwit subsequently and separately sued Trustwell seeking a declaration that it did not breach the license agreement and did not misappropriate Trustwell's trade secrets, and asserting an antitrust "sham litigation" claim and a tortious interference claim, both based on the filing of Trustwell's lawsuit against Foodwit. These cases are mirror images of each other. They involve the same parties, the same license agreement, the same witnesses, the same facts, and substantially similar claims. And they will require resolution of the same questions of law and fact, namely whether Foodwit breached its license agreement with Trustwell, misappropriated Trustwell's trade secrets, and engaged in related misconduct.

It makes no sense for these two actions to proceed separately given the substantial identity in questions of fact and law, and Foodwit's continuing refusal to consent to consolidation is puzzling. For the reasons below, this Court should consolidate the two actions for all purposes and all further proceedings pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42-3 because they involve the same questions of law and fact. Moreover, consolidating the cases will promote judicial economy, eliminate wasteful duplication of labor, and eliminate the possibility of inconsistent rulings.

**FACTUAL BACKGROUND**

A.  **Trustwell Licenses Its Proprietary Genesis Foods Platform to Foodwit.**

Trustwell is a leading SaaS provider to the food and supplements industries, enabling companies to formulate foods virtually, create government-compliant nutrition panels and labels, and analyze the nutritional content of recipes and ingredients, among a host of other things. Trustwell's crown jewel is its proprietary Genesis Foods software platform, which it first introduced in 1991 and has continually improved and updated over the years. *See ESHA Research, LLC v. RLH Assets, LLC*, No. 25-cv-00880 (D. Or.) (the "Trustwell Action"), Dkt. 18, ¶¶ 3-4, 8, 20. In 2017, Foodwit approached Trustwell to request a license to access and use Genesis Foods. The parties entered into a limited-use license agreement (the "License Agreement") that restricted Foodwit's use of Genesis Foods solely for internal business purposes and, among other things, prohibited data harvesting, reverse engineering, and use in connection with any competing products. *Id.*, ¶¶ 14, 28, 33-34. Foodwit quickly became a "super user" of Genesis Foods, accessing and using it daily. *Id.*, ¶ 14. Foodwit renewed its license annually from 2017 until it expired in 2024. *Id.*, ¶¶ 13-14, 23. While a licensee, Foodwit secretly accessed, exported, and used trade secret and confidential data and materials from Genesis Foods to help design and build the copycat Workbench platform. *Id.*, ¶¶ 24-25, 38. In creating Workbench, Foodwit duplicated at least substantial portions and functionalities of Genesis Foods, and may have simply copied the entire platform. *Id.*, ¶¶ 25, 27. It now markets and sells Workbench around the world, to the same clients and customers that use Genesis Foods. *Id.*, ¶ 39.

B.  **Trustwell Sues Foodwit For Misappropriation Of Trade Secrets And Related Claims; Foodwit Responds With Its Own Overlapping Lawsuit.**

On February 20, 2025, Trustwell sued Foodwit in the District of Delaware, alleging breach of the License Agreement, misappropriation of trade secrets under both federal and state law, Lanham Act violations, and unlawful trade practices, all relating to Foodwit's unlawful conduct in copying Genesis Foods to create Workbench.[1] On April 22, 2025, Foodwit moved to dismiss or,

---

[1] On May 27, 2025, Trustwell filed the operative First Amended Complaint in this Court, replacing the Delaware state law claims with their Oregon counterparts. Trustwell's substantive allegations remained the same.

in the alternative, to transfer the Trustwell Action to this District, arguing that the terms and conditions that applied to its License Agreement provided for exclusive jurisdiction and venue in Oregon. Trustwell Action, Dkt. 5. Trustwell did not oppose the requested transfer, and the District of Delaware granted Foodwit's request to transfer the Trustwell Action to this District.

On the very same day it filed its motion to transfer in the Trustwell Action, Foodwit filed its own complaint in this Court against Trustwell, seeking declaratory relief that it did not misappropriate Trustwell's trade secrets or breach the License Agreement, and asserting what are effectively counterclaims for breach of the License Agreement, an antitrust "sham litigation" violation, and tortious interference, both based on the Trustwell Action. *RLH Assets, LLC v. ESHA Research, LLC*, No. 25-656 (D. Or.) (the "Foodwit Action"), Dkt. 1, ¶¶ 179-96, 211-21. The Foodwit Action involves the same parties, the same License Agreement, and the same facts and conduct as the Trustwell Action. Foodwit's own complaint highlights the substantial identity between the actions: Foodwit "requests this relief under antitrust laws because ESHA has engaged in a campaign to intimidate its emerging competitors, including at least Foodwit, through baseless accusations and litigation against them for unspecified "theft" of [Trustwell's] unspecified "crown jewels." *Id.*, ¶ 2.

### C.     Compliance With Local Rule 42-3.

As required by Local Rule 42-3, Trustwell provides the following information:[2]

- The related cases at issue are *ESHA Research, LLC, v. RLH Assets, LLC*, No. 3:25-cv-00880 (D. Or.) and *RLH Assets, LLC v. ESHA Research, LLC*, No. 3:25-00656 (D. Or.), both of which are pending in this District before Judge Amy M. Baggio.

- There are no other related cases pending in any other state or federal court.

- The common questions of law and fact in these cases are: (1) whether Foodwit breached the License Agreement; (2) whether Foodwit misappropriated Trustwell's trade secrets; (3) whether Foodwit engaged in related misconduct in connection

---

[2] Local Rule 42-3(5) requires the moving party to provide the "reason that the cases should be reassigned and managed by a single judicial officer." Those reasons are discussed below.

Page 3         **DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE**

- with creating and marketing the Workbench product.  Additionally, resolution of Foodwit's antitrust and tortious interference claims, which are premised on the filing of the Trustwell Action, necessarily hinge on the outcome of the Trustwell Action.
- The Court has not yet set any case management or trial-related deadlines in the Foodwit Action, except those related to this motion.  *See* Foodwit Action, Dkt. 23.  There are likewise no case management or trial-related deadlines set yet in the Trustwell Action.  Oral argument on Foodwit's pending motion to dismiss the Trustwell Action (Dkt. 28) is set for August 26, 2025.  *See* Trustwell Action, Dkt. 35.
- Foodwit has repeatedly refused to agree to consolidate these actions.  See Declaration of Cary D. Sullivan, ¶ 2.
- Trustwell requests that the Trustwell Action and Foodwit Action be consolidated for all purposes and all further proceedings, including trial.

## ARGUMENT

Rule 42(a) permits a court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  The cases need not be identical.  *Levi v. Chapman*, No. 6:22-CV-01813-MTK, 2024 WL 5186642, at *1 (D. Or. Dec. 20, 2024).  Joinder of related claims under Federal Rule 42 is "strongly encouraged."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  And district courts have broad discretion to decide whether to consolidate cases for hearing or trial of any or all matters at issue, including the entire case.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); Fed. R. Civ. P. 42(a).  "In making this determination, the court must weigh the interest in judicial convenience against the potential delay, confusion and prejudice caused by consolidation."  *Oregon Cath. Press v. Ambrosetti*, No. 3:19-CV-01397-AC, 2021 WL 3852190, at *6 (D. Or. Aug. 4, 2021) report and recommendation adopted sub nom. *Oregon Cath. Press v. Ambrosetti*, 2021 WL 3849708 (D. Or. Aug. 27, 2021) (citing *Evraz Inc.,*

*N.A. v. Travelers Indem. Co.*, Case No. 3:11-cv-00233-AC, 2013 WL 6241984, at *1 (N.D. Cal. 2003)).

### A. The Trustwell And Foodwit Actions Involve Common Questions Of Law And Fact.

The cases here involve numerous common questions of law and fact, and thus should be consolidated pursuant to Rule 42(a). Where, like here, affirmative claims are asserted in one action and declaratory relief stemming from the same set of facts is sought in a separate action, consolidation is particularly appropriate. *Ambrosetti*, 2021 WL 3852190, at *6. *Ambrosetti* is instructive. The court consolidated a copyright infringement case with a declaratory relief action seeking a declaration of non-infringement over the same musical compositions. *Id*. at *1, *6. Like the companion cases in *Ambrosetti*, the Trustwell Action's claims for breach of the License Agreement, misappropriation of trade secrets, and unlawful trade practices, and the Foodwit Action's request for a declaration of no misappropriation and of no breach, are mirror images. Both actions require this Court to resolve the same questions of law and fact: did Foodwit breach the License Agreement and misappropriate Trustwell's trade secrets relating to Gensis Foods.

That Foodwit asserts additional antitrust and tortious interference claims against Trustwell does not compel a different outcome. First, the overlapping actions need not be identical to warrant consolidation. "All it takes is 'a common question of law or fact,' Fed.R.Civ.P. 42(a), and [as already established] the two cases certainly have that even if there are subtle differences between them." *Sherwin-Williams Co. v. JJT, Inc.*, No. 13-CV-1947-LAB-WVG, 2014 WL 2587483, at *9 (S.D. Cal. June 10, 2014). That is even more true here because Foodwit's antitrust and tortious interference claims are, by Foodwit's own admission, based on the Trustwell Action. *See* Foodwit Action, Dkt. 1, ¶ 2 ("Foodwit requests this relief under antitrust laws because ESHA has engaged in a campaign to intimidate its emerging competitors, including at least Foodwit, through baseless accusations and litigation against them for unspecified "theft" of [Trustwell's] unspecified "crown jewels.").

### B. Judicial Economy And Lack Of Prejudice To The Parties Weigh Heavily In Favor Of Consolidation.

Moreover, the interest of judicial economy strongly favors consolidating the Trustwell and Foodwit Actions into one proceeding. "The purpose of 42(a) is to improve trial court efficiency by avoiding unnecessary duplication of evidence and procedures and to avoid the risk of inconsistent adjudications." *Giustina Land & Timber Co., LLC v. Eugene Water & Elec. Bd.*, No. 6:24-CV-1152-AA, 2025 WL 1248906, at *10 (D. Or. Apr. 30, 2025) (granting motion to consolidate where "close factual and legal relationship between the cases" exists). Maintaining two substantively identical but separate actions at the same time clearly flouts the public interest. By consolidating the actions, the parties no longer would need to propound and respond to duplicative discovery in two different cases, engage in duplicative motion practice, and witnesses would not have to testify twice. Consolidation also would obviate the potential for inconsistent rulings, irreconcilable judgments, and potentially conflicting admissibility rulings, including at trial. These are the exact considerations that merited consolidation in *Ambrosetti* and that warrant consolidation here. *See Ambrosetti*, 2021 WL 3852190, at *6 ("[C]onsolidating these cases for trial will necessarily promote efficiencies because the same legal issues will be determined and the same witnesses likely will be utilized, thereby avoiding unnecessary costs to the parties and witnesses.")

Consolidation of the related cases also will not cause any inconvenience, prejudice, or delay. On the contrary, it will benefit the parties by conserving resources, preventing duplicative discovery and pre-trial proceedings, and minimizing expenditure of time and money. The parties are represented by the same law firms in both cases. Further, consolidation will not cause prejudice or delay because both cases are in the initial stages of litigation and no parties have engaged in substantial motion practice in either lawsuit. Moreover, because the cases involve nearly identical facts and legal issues, any potential of prejudice arising from consolidation is significantly outweighed by the greater risk of inconvenience, delay, and inconsistent resolutions that could result from litigating the actions separately.

## **CONCLUSION**

For all of the reasons above, Trustwell respectfully requests that the Court consolidate the Trustwell Action and the Foodwit Action for all purposes and all further proceedings, including trial.

Dated:  August 19, 2025                                    Respectfully submitted,

**JONES DAY**

 */s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Defendant Trustwell*

Page 7         **DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2025, I caused to be served the foregoing **DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorney for Plaintiff*
*RLH Assets, LLC d/b/a Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify)  Email

**JONES DAY**

 /s/ Cary D. Sullivan
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

Page 8        **DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE**