Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**ESHA RESEARCH, LLC, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00656-AB<br><br>**DECLARATION OF CARY D. SULLIVAN IN SUPPORT OF DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE CASE NOS. 25-CV-00656-AB AND 25-CV-00880-AB**<br><br>**[ORAL ARGUMENT REQUESTED]** |

## DECLARATION OF CARY D. SULLIVAN

I, Cary D. Sullivan, hereby declare as follows:

1. I am an attorney and partner in the law firm of Jones Day, counsel of record for defendant ESHA Research, LLC., now known as Trustwell ("Trustwell"). I am licensed to practice law in the State of California, and am admitted *pro hac vice* before this Court. I submit this declaration in support of Trustwell's Motion to Consolidate. The facts stated herein are based on my own personal knowledge, and if called and sworn as a witness, I could and would competently testify concerning such matters.

2. Plaintiff RLH Assets, LLC, doing business as Foodwit ("Foodwit") has repeatedly declined to agree to Trustwell's proposal to stipulate to consolidate this case and Trustwell's action against Foodwit (No. 25-cv-00880), also pending before this Court. For example, Foodwit reiterated its position in the one-page summary it provided to the Court regarding the parties' recent discovery dispute. A true and correct copy of that summary is attached hereto as **Exhibit A**.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I executed this declaration on August 19, 2025 in Irvine, California.

*/s/ Cary D. Sullivan*<br>
Cary D. Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2025, I caused to be served the foregoing **DECLARATION OF CARY D. SULLIVAN IN SUPPORT OF DEFENDANT TRUSTWELL'S MOTION TO CONSOLIDATE CASE NOS. 25-CV-00656-AB AND 25-CV- 00880-AB** on the following party via the following method(s):

| | |
|---|---|
| P. Andrew McStay, Jr.<br>Email: andymcstay@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>560 S.W. Tenth Avenue, Suite 700<br>Portland, Oregon, 97205<br>Telephone: +1 (503) 241-2300<br>Facsimile: +1 (503) 778-5299<br><br>*Attorney for Plaintiff*<br>*RLH Assets, LLC d/b/a Foodwit* | by:<br>☐ U.S. Postal Service, ordinary first class mail<br>☒ electronic service<br>☐ other (specify)  Email |

**JONES DAY**

  */s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

**EXHIBIT A**

**RLH Assets v. ESHA Research, No. 25-cv-00656-AB (D. Oregon); Foodwit's Response**

*Consolidation*. ESHA "proposes to consolidate this case with another case in this District," No. 25-cv-00880-JR. This request is not a discovery request appropriate for this Court's informal resolution process. It is also premature. Foodwit agrees that this case and the -880 case are related, that is, they concern overlapping subject matter and should be heard by the same judge. ESHA has already filed two notices of related cases (Docket No. 19, -880 Docket No. 19), which Foodwit did not oppose and trusts the Court to consider in its sound discretion.

But ESHA demands more: first that Foodwit, and now the Court through a "discovery dispute," must "consolidate" two cases without explaining what scope of consolidation ESHA requests. Foodwit has repeatedly asked ESHA what it means by "consolidation," and ESHA responded that "consolidation" is self-explanatory. That is not so, but it does not matter; the Court should not take any such action until the -880 pleadings are final, including because ESHA's claims in -880 would require that action to be heard in a different forum. *See* -880 Docket No. 28 § II. Resolution of these issues will guide any consolidation; the cart should not precede the horse.

*ESHA's continued refusal to provide its asserted trade secrets*. Although ESHA presents what it calls a "discovery dispute" in an effort to press its consolidation request, the parties have already briefed the only discovery issue to be resolved in their Joint Rule 26(f) Report, Docket No. 20 at 9-11. Ten months have passed since ESHA sent Foodwit a draft complaint claiming theft of its "crown jewels," but ESHA continues to refuse to identify its trade secrets while simultaneously seeking discovery into Foodwit's product, so it can claim as a trade secret whatever it finds. Count III in this action seeks a declaratory judgment that Foodwit stole no trade secrets; ESHA answered that claim. Foodwit suggested the parties use the Court's procedure in *Cronometer*, Case No. 24-cv-01586-AB, Docket No. 13, but ESHA refused. *See* Docket No. 20 at 9-11.

Following submission of the Joint Report, Foodwit served Interrogatory No. 1, asking ESHA to "[d]escribe with particularity each and every 'trade secret' you allege Foodwit misappropriated" and, for any asserted compilation, to "describe with particularity each and every step concerning the method and processes that make your compilation 'trade secret' unique." ESHA refused to answer, stating it "declines to respond to this interrogatory." Foodwit explained that if ESHA did not respond to Interrogatory No. 1, it would move for summary judgment on Count III. ESHA then promised to supplement. But its supplement repeats that it "has no obligation to provide a particularized definition of trade secrets in this action because it is not asserting a misappropriation claim in this case," and that "this interrogatory improperly seeks a particularized definition of trade secrets at issue in a separate" action, the -880. ESHA did not seek dismissal of Count III which put trade secrets at issue, and ESHA's pending discovery requests—responses to which it now seeks to compel—seek discovery regarding Foodwit's product and alleged theft. ESHA cannot obtain this discovery before it specifies what it claims Foodwit stole. ESHA must respond to Interrogatory No. 1 with any trade secrets it asserts or accept judgment against it on Count III of Foodwit's complaint.

Foodwit respectfully requests that the Court follow the procedure it already employed in ESHA's case against Cronometer. *See* Docket No. 20 at 9-10; Case No. 24-cv-01586-AB, Docket No. 13. Given this third chance at bat, if ESHA chooses once again not to identify its claimed trade secrets, the Court should enter judgment for Foodwit on Count III of the pending complaint.