# EXHIBIT B

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PLAINTIFF FOODWIT'S OBJECTION TO DEFENDANT'S NOTICE OF EXPERT INSPECTION** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**DEFENDANT FOODWIT'S OBJECTION TO PLAINTIFF'S NOTICE OF EXPERT INSPECTION** |

Under Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, RLH Assets, LLC d/b/a Foodwit ("Foodwit") respectfully submits the following objection to the Notice of Expert Inspection to Foodwit, served by ESHA Research, LLC ("ESHA").

## GENERAL OBJECTIONS

1. Foodwit objects to the notice to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case.

2. Foodwit objects to the notice to the extent it is overbroad, vague, ambiguous, unduly burdensome, or seeks to impose obligations greater than those allowed by the Federal Rules of Civil Procedure and the Local Rules of this District.

3. Foodwit objects to the notice to the extent that it is duplicative or cumulative, or seeks information that may more appropriately be ascertained through other more convenient, less burdensome, and less costly means of discovery.

4. Foodwit's responses to the notice are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

a. all questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b. the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c. the right to object at any time in connection with any further response to this or any other request for information or production of documents; and

d. the right at any time to supplement its responses.

5. Foodwit objects to the notice on the grounds that it seeks confidential financial, proprietary or trade secret information belonging to Foodwit, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure. Foodwit will only produce confidential information under a suitable protective order, and only to the extent Foodwit can do so consistent with its legal, contractual and other confidentiality obligations.

**RESPONSES AND OBJECTIONS TO NOTICE**

Foodwit incorporates by reference its foregoing general objections as if fully set forth herein. Foodwit objects to the notice as it seeks information not relevant to the claims or defenses asserted in the case. Foodwit further objects to the notice as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to the notice to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). As limited by and consistent with Foodwit's objections above, Foodwit responds as follows:

Foodwit has already collected source code for all production versions of the Workbench platform through August 30, 2026, its date of collection. Foodwit's source code production includes all functionality for all production versions of the Workbench platform through August 30, 2026. Foodwit's source code production also includes all production versions of underlying or embedded databases or other data sources utilized by the Workbench platform, including but not limited to food and nutrition databases and data, through August 30, 2026. Foodwit remains

prepared to produce this source code upon entry of an appropriate protective order. Foodwit provided ESHA with its proposed source code protective order on August 12, 2026, but ESHA declined to respond and has opposed entry of this protective order. Once the Court has entered an appropriate protective order, Foodwit will continue to supplement its source code production as it releases new production versions of the Workbench platform or the underlying or embedded databases or other data sources utilized by the Workbench platform, including but not limited to food and nutrition databases and data.

In addition to its source code production, Foodwit will allow inspection of the current production version of the Workbench platform as of the date of inspection, under the following conditions:

- The inspection will take place at Foodwit's counsel's office in Portland, Oregon, or another location mutually agreed by the parties;
- The inspection will take place on a date mutually agreed by the parties;
- The inspection will last up to four hours;
- Foodwit representatives will observe, and a Foodwit representative will manipulate the computer based on instructions from ESHA representatives;
- In order to prevent the inspection from becoming an unsworn deposition, there will be no recording of the inspection in any medium;
- In order to prevent misuse of competitive information, the Court will enter a supplemental protective order barring information from this inspection from anyone other than outside counsel of record and pre-approved independent consultants or expert witnesses who have executed an agreement to be bound to the Court's protective order and supplemental protective order.

To the extent that ESHA's notice seeks inspection beyond the foregoing, Foodwit objects for the reasons set forth above.

Date: September 16, 2026

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I served true and correct copies of Plaintiff Foodwit's Objections to Defendant's Notice of Expert Inspection and Defendant Foodwit's Objection to Plaintiff's Notice of Expert Inspection on counsel for ESHA:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) reports, *ESHA v. Foodwit*, No. 25-880, Docket No. 36, and *Foodwit v. ESHA*, No. 25-656, Docket No. 20.

Date: September 16, 2026

Kailey Fung