# Exhibit C

*ESHA Research, LLC, nka Trustwell v. RLH Assets, LLC, dba Foodwit*
Case No. 25-cv-00880-AB

Trustwell's Position re Foodwit's First Set of **1,019** RFAs (Attached)

Trustwell seeks a protective order under Rule 26(c) relieving it of the obligation to respond to Foodwit's First Set of Requests for Admission—a single set containing **1,019** separate requests—on the grounds that the RFAs are harassing, unduly burdensome and oppressive, not proportional to the needs of the case, improper, and irrelevant, and limiting the total number of RFAs in this action to 25 per side to prevent further discovery abuses by Foodwit.

A protective order is warranted here based on the sheer volume of RFAs alone. Courts in this District and throughout this Circuit routinely recognize that propounding an excessive number of RFAs, like the 1,019 requests at issue here, "is clearly abusive, regardless of the issues in dispute." *Fed. Trade Comm'n v. Forensic Case Mgmt. Servs., Inc.*, 2012 WL 13134719, at *3 (C.D. Cal. Sept. 4, 2012); *see also Dr. Erik Natkin, D.O. P.C. v. Am. Osteopathic Ass'n*, 2023 WL 3452001, at *6 (D. Or. May 15, 2023) (granting protective order because 103 RFAs "are excessive"); *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-CV-04165-MMC (RMI), 2019 WL 5720731, at *3 (N.D. Cal. Nov. 5, 2019) (granting protective order where "the sheer volume of the requests for admission is in fact unduly burdensome and oppressive"); *Knapp v. Cate*, 2012 WL 2912254, at *3 (E.D. Cal. July 16, 2012) (same).

In addition to their staggering volume, the RFAs are substantively improper. Hundreds ask Trustwell to admit "there is nothing secret" about a particular statement or the existence of a particular feature, which is, at best, irrelevant to the actual trade secrets at issue. Hundreds more ask Trustwell to authenticate and confirm whether the substance of a third-party website was publicly available on a particular date in the past. Not only does Trustwell lack foundation to respond to such requests, they are also irrelevant. Acknowledging public descriptions of its platform features is irrelevant to the issue of whether the underlying processes and methodologies—Trustwell's actual trade secrets—are secret. This is the same argument the Court rejected in Foodwit's most recent motion to dismiss. Foodwit deliberately uses the ambiguous phrase, "nothing secret," without specifying whether it is addressing the public descriptions or the proprietary and underlying processes and methodologies. Likewise, as this Court recognized, Trustwell's master food and nutrition database is a compilation trade secret, and "a compilation of generally available or publicly known information may be a trade secret when the compilation itself is not generally known or readily ascertainable." Op. & Order at 25–26, ECF No. 74. Whether a description of a particular feature or functionality is publicly available is thus entirely irrelevant to the issue of whether Trustwell's trade secrets are, in fact, secret.

The RFAs are also independently defective in form. Several of the RFAs (Nos. 29 and 30, for example) are identical and, thus, duplicative and harassing. And many more are impermissibly compound (Nos. 15 and 31, for example), bundling multiple discrete facts into a single RFA that cannot be fairly admitted or denied. There can be no reasonable question that Foodwit's RFAs are intended solely to harass rather than as a legitimate discovery mechanism.

Trustwell requests that the Court enter a protective order under Rule 26(c) relieving Trustwell of the obligation to respond to Foodwit's First Set of Requests for Admission and limiting the number of RFAs that each party may propound in this action to 25.