P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br>Plaintiff,<br>v.<br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Defendant. | Case No. 3:25-cv-00880-AB<br>**MOTION FOR SOURCE CODE PROTECTIVE ORDER** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Plaintiff,<br>v.<br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br>Defendant. | Case No. 3:25-cv-00656-AB<br>**MOTION FOR SOURCE CODE PROTECTIVE ORDER** |

## INTRODUCTION

This dispute represents a reversal of the normal disagreement about source code: Foodwit wants to produce its own source code, but Trustwell does not want to review it and is seeking to delay Foodwit's production of source code by refusing to negotiate a supplemental protective order concerning source code production. Although Foodwit gave Trustwell ample time to consider Foodwit's proposal, Trustwell did not and does not dispute any particular provision, instead claiming source code is irrelevant. But Foodwit's source code is not just relevant to this action, it is necessary to it, as it is the only way to "show all functionality of each version of Workbench," which Trustwell has requested and Foodwit has agreed to provide. Foodwit therefore respectfully requests the Special Master supplement the protective order in this action to add source code production provisions.

## BACKGROUND

On September 8, 2025, this Court entered the parties' stipulated protective order to address the production of confidential material in this proceeding. No. 25-880, Docket No. 44. On August 12, 2026, Foodwit informed Trustwell that it planned to supplement its responses to Trustwell's propounded discovery and as "part of this supplementation, subject to its objections, Foodwit will produce for inspection source code relating to the Workbench features you accuse, upon entry of a supplemental protective order governing inspection of source code." Ex. A. Foodwit enclosed a proposed supplemental protective order, using industry-standard terms and conditions, to govern source code production. Ex. B. For more than two weeks, Trustwell provided no comments on Foodwit's draft. The parties met and conferred on Friday, August 28, and Foodwit asked again for comments on its draft. Trustwell refused to provide any comments on this proposal, and stated that Foodwit's source code was irrelevant to this action. Trustwell

confirmed that Foodwit had met its obligation to meet and confer on this issue. The parties submitted discovery dispute briefing on August 31 and September 1, 2026. Exs. C, D.

## ARGUMENT

### I. Foodwit Must Produce Its Source Code In This Action

Foodwit's source code is not merely relevant to this action; this action cannot proceed without it. On September 11, Foodwit supplemented its response to Trustwell's Request for Production No. 58, which seeks "All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product," and confirmed that subject "to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control sufficient to show all functionality of each version of Workbench." Ex. E at 76. There is no way for Foodwit to "produce responsive, non-privileged documents in its possession, custody or control sufficient to show all functionality of each version of Workbench" without producing its source code. Similarly, Foodwit's source code is responsive to Trustwell's Request for Production Nos. 1, 2, 4-6, 8-12, 14-20, 34, 36-38, 41, 44, 58, and especially Trustwell's Request for Production No. 16, which requests "All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for WORKBENCH," Ex. F, and Request for Production No. 58, which seeks "All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product." Ex. G. Foodwit cannot respond to any of these requests without providing its source code.

Trustwell argues that Foodwit's source code will not reveal "the proprietary processes, methodologies, and data compilations that constitute Trustwell's trade secrets," because "[t]hose processes and methodologies can be programmed in multiple different ways." Ex. D. This is a

non sequitur: although "processes and methodologies can be programmed in multiple different ways," that does not affect that the only way to tell if "processes and methodologies" are "programmed" at all is *by reviewing the source code*. Which Foodwit stands ready to produce, but which Trustwell seeks to block by refusing to enter an industry standard protective order. Foodwit's source code is necessary to resolution of this action. *See supra*; *see, e.g.*, *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2017 WL 714354 (D. Or. Feb. 21, 2017).

## II. The Special Master Should Enter Foodwit's Requested Addendum

Federal Rule of Civil Procedure 26(c) permits the court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also* L.R. 26-4. The party seeking protection must show "specific prejudice or harm will result unless the motion for protective order is granted," and district courts have "broad discretion" to "decide when a protective order is appropriate and what degree of protection is required." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Good cause exists here because the existing protective order does not restrict the viewing, handling, transport, or replication of source code, which Foodwit must produce. *See supra*. Although parties often object to production of source code, Foodwit is eager to produce it, because its source code will show that Foodwit developed its own product and did not steal anything from Trustwell. Foodwit asks only that the Special Master enter industry standard protections.

"Courts recognize that the uniquely sensitive nature of source code presents a 'heightened risk of inadvertent disclosure.'" *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-8962, 2018 WL 11739642, at *2 (C.D. Cal. Apr. 4, 2018) (quoting *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. 09-2180, 2011 WL 197811, at *2 (N.D. Cal. 2011)).

Courts in this Circuit recognize that in light of the "uniquely sensitive nature of source code" and to "ensure the security" of "commercial and competitive interests," the production of source code often "requires heightened protections," including supplemental "source code-specific protections to" the parties' "stipulated protective order prior to production of the source code." *In Re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. Act Litig.*, No. 11-2295, 2021 WL 3130040, at *3 (S.D. Cal. July 22, 2021); *see, e.g.*, *Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. 23-2371, 2026 WL 2221409, at *12 n.4 (D. Ariz. Aug. 3, 2026) ("source code 'requires additional protections to prevent improper disclosure because it is often a company's most sensitive and most valuable property.'").

Recognizing this issue, district courts issue model orders that address source code production. *See, e.g.*, Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (N.D. California), *available at* https://cand.uscourts.gov/sites/default/files/documents/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.pdf; Default Standard for Access to Source Code (D. Delaware), *available at* https://www.ded.uscourts.gov/sites/ded/files/pages/Default%20Standard%20for%20Access%20to%20Source%20Code_0.pdf.

Foodwit's proposed order seeks industry standard provisions, and this Court has granted similar protective orders governing source code disclosure in trade secret cases. *E.g.*, *Vesta*, 2017 WL 714354, at *3; *Valmarc Corp. v. Nike, Inc.*, No. 21-1556, Docket No. 162 (D. Or. Dec. 21, 2023); *Opal Labs Inc. v. Sprinklr, Inc.*, No. 18-1192, Docket No. 50 (D. Or. May 1, 2019); *Gonzalez v. Future Motion, Inc.*, No. 21-60, Docket No. 26 (D. Or. Nov. 8, 2021); *The Intellicad Tech. Consortium v. Suzhou Gstarsoft Co.*, No. 19-1963, Docket No. 49 (D. Or. Aug. 28, 2020); *Dallas Buyers Club, LLC v. Huszar*, No. 15-907, Docket No. 116 (D. Or. Aug. 7, 2017); *Memory*

*Integrity, LLC, v. Intel Corp.*, No. 15-262, Docket No. 92 (D. Or. June 3, 2015); *Tranxition, Inc. v. Lenovo (United States) Inc*., No. 12-1065, Docket No. 85 (D. Or. Aug. 12, 2013); *Mentor Graphics Corp. v. Synopsys, Inc.*, No. 12-1500, Docket No. 196 (D. Or. Oct. 23, 2013). Trustwell has tactically refused to engage with or comment on Foodwit's proposal, waiving any right to do so.

Foodwit's proposed amendment to the protective order includes provisions that would limit access to another party's source code information to outside counsel and expert reviewers, and require the receiving party to maintain an access log. Ex. B ¶¶ 22, 29. Access restrictions are industry standard in protective orders that address source code. *See, e.g.*, *Nike*, Docket No. 162 ¶ 26(B); *Gonzalez*, Docket No. 26 ¶¶ 7-8, Ex. B at (c); *Dallas Buyers Club*, Docket No. 116 ¶ 4. Foodwit's proposed amendment to the protective order further seeks to require that a producing party make source code available for review through a secure computer during business hours or at other mutually agreeable times, under reasonable security measures. *See* Ex. B ¶ 23. Reviewing source code on a secure computer is industry standard and included in most protective orders that address source code due to its "uniquely sensitive nature," and the risk of copying or inadvertent disclosure. *See, e.g.*, *Nike*, Docket No. 162 ¶ 26(D)(iii)-(v); *Tranxition*, Docket No. 85 ¶ 6; *Gonzalez*, Docket No. 26, Ex. B at (a). Finally, Foodwit's proposed amendment to the protective order establishes a limit on the number of printouts a receiving party may request, and seeks to restrict the receiving party from making copies, electronic or otherwise. *See* Ex. B ¶¶ 24-27. *See, e.g.*, *Nike*, Docket No. 162 ¶ 26(D)(xii); *Gonzalez*, Docket No. 26, Ex. B at (a); *see also Mfg. Automation*, 2018 WL 11739642, at *3 ("Other courts have set specific page limitations for the amount of source code that can be copied and provided in hard copy."). The Special Master should grant Foodwit's motion.

## CONCLUSION

For all the foregoing reasons, the Special Master should supplement the protective order in this action, Docket No. 44, using Foodwit's proposed supplement, Ex. B.

Date: October 23, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, I served the foregoing Motion for Source Code Protective Order on counsel for Trustwell:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement.

Madeline A. Woodall
Madeline A. Woodall