# Exhibit B

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PROPOSED STIPULATED AMENDMENT TO PROTECTIVE ORDER** |

The Court entered a Protective Order in this action on September 8, 2025 ("Protective Order"). The parties agree that good cause exists to amend and supplement the Protective Order to protect the highly confidential nature of source code material and have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of highly confidential source code.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED that the Protective Order is supplemented as follows:

18. All documents, testimony, and other materials produced by the parties in this case and labeled "Highly Confidential—Source Code" shall be used only in this proceeding and subject to the Protective Order, except that additional protections set forth in this Amendment shall apply to "Highly Confidential—Source Code" information.

19. "Highly Confidential—Source Code" information means information that contains or substantively relates to a party's source code, including source code, object code, and computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator, including without limitation source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files, disclosure of which is likely to cause harm to the competitive position of the producing party.

20. A producing party may place Protected Information under this Amended Protective Order by designating it Highly Confidential—Source Code in any manner prescribed by the Protective Order, or by informing any receiving party in writing that information being

produced is Highly Confidential—Source Code. The producing party shall make this designation in good faith.

21. If portions of documents or other materials deemed "Highly Confidential—Source Code" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGHLY CONFIDENTIAL—SOURCE CODE AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 7(a), (d), (e), AND (f) OF THE PROTECTIVE ORDER.

## I. Distribution and Use of Highly Confidential—Source Code Information

22. A receiving party shall provide Highly Confidential—Source Code information from a producing party only to those set forth in paragraphs 7(a) and 7(d)-(f) of the Protective Order. For each producing party, a receiving party may designate up to three expert personnel under paragraph 7(d) who may review Highly Confidential—Source Code information.

## II. Production of Highly Confidential—Source Code Information

23. To produce Highly Confidential—Source Code information, the producing party shall provide a secure computer, during normal business hours or at other mutually agreeable times, at an office of the producing party's primary outside counsel of record or a mutually agreeable location in the United States. The secure computer shall reside in a secured, locked room without network access to other computers. To access the secure computer, the receiving party must provide written notice to the producing party, not less than three business days before any day of inspection, including the name of each representative participating in the review. During a review, representatives of the receiving party shall not copy, remove, or otherwise transfer any portion of the Highly Confidential—Source Code information onto any recordable

media or recordable device. While accessing the secure computer containing the Highly Confidential—Source Code information, representatives of the receiving party shall not possess or use any input or output device such as a USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system. The producing party may enforce reasonable security measures to ensure that representatives of the receiving party are not carrying prohibited items into the room with the secure computer. The producing party may visually monitor the activities of the receiving party's representatives, but only to ensure that there is no unauthorized recording, copying, or transmission of the Highly Confidential—Source Code information. Representatives of the receiving party may take notes but may not copy any portion of the Highly Confidential—Source Code information into the notes.

24. During a review of the source code on the secure computer, representatives of the receiving party may request paper copies of portions of source code, but only to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the receiving party request more than 15 consecutive pages, or an aggregate total of more than 250 pages, of source code produced by the producing party on the secure computer. The receiving party may print only excerpts of source code produced by the producing party, and may not print anything else including without limitation any work product generated by representatives of the receiving party.

25. Within five business days of receiving a request to print source code or within such additional time as necessary due to the volume of source code requested, the producing party may object to some or all of the request, and shall provide the receiving party with three

printed copies of any excerpts of source code to which it does not object. Other than these three copies, the receiving party may not maintain any other record of the Highly Confidential—Source Code information. The producing party may object to some or all of a request, even if within the page limits set forth above, if it believes the requested source code is not reasonably necessary to any case preparation activity. The producing and receiving parties shall resolve this objection under the procedures in the Court's Civil Case Management Order, Docket No. 75. The producing party shall retain any printouts subject to the dispute until resolution by the Court.

26. The receiving party shall treat all copies of source code using its highest level of document security, and shall transport source code only by hand carry. No representative of the receiving party shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of Highly Confidential—Source Code information. The receiving party shall maintain a record of any individual who has inspected any portion of the Highly Confidential—Source Code information. The receiving party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any Highly Confidential—Source Code information shall be stored or viewed only at the offices of outside counsel for the receiving party, the offices of outside experts or consultants who have been approved to access source code; where any deposition is taken, the Court, or any intermediate location necessary to transport the Highly Confidential—Source Code information to a hearing, trial or deposition.

27. The receiving party shall not create copies or any electronic or other images of Highly Confidential—Source Code information and shall not convert any Highly Confidential—Source Code information into any electronic format. Notwithstanding the foregoing, the receiving party may create an electronic copy or image of limited excerpts of Highly Confidential—Source Code information only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents. The receiving party shall only include such excerpts of Highly Confidential—Source Code information as reasonably necessary, and shall not include any excerpts in correspondence between the parties. Drafts of such documents shall only include those excerpts the receiving party believes will be included in the final version. The receiving party may create an electronic image of Highly Confidential—Source Code information only when the electronic file containing the image is encrypted using commercially reasonable encryption software including password protection. If Highly Confidential—Source Code information appears in a document, either the whole document or all pages containing Highly Confidential—Source Code information must be stamped Highly Confidential—Source Code.

28. If a receiving party wishes to use Highly Confidential—Source Code information at a deposition, one week in advance of the deposition, the receiving party shall inform the producing party of the production numbers of any documents containing Highly Confidential—Source Code information that the deposition will discuss. The producing party will bring three copies of those pages to the deposition and, upon request, will distribute them to the witness, questioning counsel, and defending counsel. The court reporter will not mark these pages as exhibits, and the producing party will collect them when no longer in use.

29. The receiving party's outside counsel shall maintain a log of all copies of Highly Confidential—Source Code information, including the names of all reviewers and locations where the copies are stored.

So stipulated:

Cary D. Sullivan
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

*Attorneys for Plaintiff ESHA Research LLC*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97201
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

The Court has reviewed the reasons offered in support of entry of this Stipulated Amendment to the Protective Order and accepts the parties' stipulation of good cause for purposes of entering this Stipulated Protective Order. Any disputes about the confidentiality of certain information will be resolved by the Court in the manner prescribed in this document.[1]

IT IS SO ORDERED.

Dated: ____________________

____________________________________
Amy M. Baggio
U.S. District Court Judge

[1] "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). When a party seeks to disclose documents protected by a stipulated protective order, the party opposing disclosure retains the burden of proof to show why "there is good cause to continue the protection of the discovery material." *Id.*