# Exhibit D

*ESHA Research, LLC, nka Trustwell v. RLH Assets, LLC, dba Foodwit*
Case No. 25-cv-00880-AB

Trustwell's Position re Foodwit's Request to Supplement the Protective Order

This is not a source code case. This is a case about software platforms. ***Trustwell did not provide its source code to Foodwit and is not alleging that Foodwit copied its source code***. Foodwit's request is a diversionary tactic. Rather than provide available dates for Trustwell's inspection of Foodwit's Workbench *platform*—which Trustwell has been requesting for months now—Foodwit seeks to divert attention and burden the Court with a manufactured dispute over source code that no one requested and that is irrelevant to the issues in this case. The Court should deny Foodwit's request to supplement the Protective Order.

There is no need to modify the Protective Order because Foodwit need not produce its source code. Trustwell never provided its source code to Foodwit during their seven-year licensing relationship, so there is no reason to inspect Foodwit's source code in this case. In the event Foodwit establishes that it somehow accessed Trustwell's source code, Trustwell may reevaluate its position, but such unauthorized access would create additional liability for Foodwit. Because Trustwell never provided its source code to Foodwit, Foodwit's source code is entirely irrelevant to any claim or defense in this case.

The document requests cited by Foodwit confirm this. Request No. 16 seeks documents "relating to any source code *repository*, version-control system, branch, merge request, release note, build log, deployment log, or change log for Workbench" (emphasis added)—i.e., documents relating to Foodwit's development process and timeline, not the source code itself. Request Nos. 10 and No. 58 seek versions or iterations of the Workbench platform itself, not source code. Foodwit's assertion to the contrary intentionally misconstrues what Trustwell actually seeks. To be clear: Trustwell has not requested and does not expect Foodwit to produce its source code.

Nor is there any reason for Foodwit to produce its source code voluntarily. Whether Foodwit's source code is different than Trustwell's source code on a line-by-line basis—which is to be expected here—tells the Court (and ultimately a jury) nothing about whether Foodwit stole the proprietary processes, methodologies, and data compilations that constitute Trustwell's trade secrets. Those processes and methodologies can be programmed in multiple different ways.

Foodwit also has not established good cause to modify the Protective Order. A motion to modify a protective order "must establish good cause by demonstrating how refusing the requested modification to the protective order will prejudice the party's case." *Rust-Oleum Corp. v. NIC Indus., Inc.*, 2020 WL 9072855, at *2 (D. Or. May 4, 2020). Foodwit's apparent desire to voluntarily produce unrequested and irrelevant material hardly satisfies this standard. Further, Foodwit has not identified any inadequacy in the current Protective Order, and nothing prevents it from producing its own source code under the current Protective Order if it wishes to do so.

This dispute is nothing more than a transparent attempt to obstruct and delay legitimate discovery. Trustwell has spent months requesting Foodwit's availability for a platform inspection of Workbench—discovery that is directly relevant to the core issues in this case—which Foodwit continues to dodge. All the while, Foodwit is apparently "eager to produce" source code that no one requested. The Court should deny Foodwit's unsupported request.