# Exhibit E

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**PLAINTIFF FOODWIT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff RLH Assets, LLC d/b/a Foodwit ("Foodwit") respectfully submits the following objections and responses to Defendant's First Set of Requests for Production to Plaintiff, served by Defendant ESHA Research, LLC ("ESHA").

## GENERAL OBJECTIONS

Foodwit objects generally to these requests, including the definitions and instructions applicable thereto, to the extent set forth below. These objections are incorporated into Foodwit's response to each request, whether or not repeated or mentioned in Foodwit's response. Foodwit does not waive any of its general objections by also stating specific objections to any particular request.

1. Foodwit objects to the requests to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case, and to the extent these requests are unlimited in time or scope or reference information outside the scope of the litigation.

2. Foodwit objects to the requests to the extent they are overbroad, vague, ambiguous, unduly burdensome, or seek to impose obligations greater than those allowed by the Federal Rules of Civil Procedure and the Local Rules of this District.

3. Foodwit objects to these requests to the extent that they are vague, ambiguous, or worded in such a manner that Foodwit is unable to make an appropriate response.

4. In offering to produce various types of documents, information, or things, Foodwit makes no representation that any such documents, information, or things exist or are actually known, or not known, to exist.

5. Foodwit objects to these requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, common interest privilege, joint defense privilege or any other applicable privilege, immunity, or protection available under law. Foodwit uses the word "privilege" in these responses and objections to refer to each of the above grounds for protection from disclosure. Nothing contained in Foodwit's responses is intended to be, or in any way shall be deemed to be, a waiver of such applicable privilege. Foodwit has registered its privilege objections expressly as to each request that might reasonably be interpreted to encompass privileged information. To the extent that any other requests are construed to encompass privileged documents, Foodwit hereby incorporates this general objection.

6. Foodwit's responses to these requests are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

a. all questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b. the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c. the right to object at any time in connection with any further response to this or any other request for information or production of documents; and

d. the right at any time to supplement its responses.

7. Foodwit objects to ESHA's definition of "You" and "Your" and "Foodwit" to the extent that they seek to require Foodwit to produce or otherwise analyze any document or other information that is not within the possession, custody or control of Foodwit. Foodwit further objects to this definition as it refers to "Plaintiff RLH Assets, LLC, doing business as Foodwith" [sic]; Foodwit has not and does not operate under any name "Foodwith." Foodwit further objects to this definition to the extent that it purports to impute knowledge of unspecified or unknown parties or persons to Foodwit. Foodwit further objects to this definition to the extent that they include Foodwit's attorneys and, therefore, cause requests using "Foodwit," "You," or "Your" to improperly seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege and any other applicable privileges or immunities.

8. Foodwit objects to the definition of "Documents," and any definition or request directly or indirectly including the term "Documents," as overbroad, vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and purporting to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, to the extent that it includes anything other than the definition of "document" in Federal Rule of Civil Procedure 34(a)(1)(A). In answering any request directly or indirectly including the term "Documents," Foodwit will limit the scope of "Documents" to the definition of "document" in Federal Rule of Civil Procedure 34(a)(1)(A).

9. Foodwit objects to the definition of "Communications," and any definition or request directly or indirectly including the term "Communications," as overbroad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that it includes anything other than the common-sense English meaning of the word "communications."

In answering any request directly or indirectly including the term "Communications," Foodwit will limit the scope of "Communications" to the common-sense English meaning of the word "communications."

10. Foodwit objects to the definition of "Identify.," [sic] and any definition or request directly or indirectly including the term "Identify," as overbroad, vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and purporting to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, to the extent that they include anything other than the common-sense English meaning of the word "identify." This definition is circular, overlapping, attempts to interpose interrogatory-like obligations in these requests for production, and attempts to require Foodwit to create documents in response to these requests. In answering any request directly or indirectly including the term "Identify," Foodwit will limit the scope of "Identify" to the common-sense English meaning of the word "identify."

11. Foodwit objects to the definitions of "and," "or," and "any," and any definition or request directly or indirectly including the term "and," "or," or "any," as overbroad, vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and purporting to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, to the extent that they include anything other than the common-sense English meaning of the words "and," "or," and "any." These definitions are circular and overlapping. ESHA's definition of the terms "and" and "or" states that if information would otherwise fall outside the scope of a Request, the definition of "and" and "or" shall make it fall within the scope of the Request. That is nonsensical, and would make everything under the Sun responsive to every request. In answering any request directly or indirectly including the terms "and," "or," and "any," Foodwit

will limit the scope of "and," "or" and "any," to the common-sense English meaning of the words "and," "or" and "any," respectively.

12. Foodwit objects to ESHA's definition of "relate" as overbroad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that it includes anything other than the common-sense English meaning of the word "relate." ESHA's definition of this term states that it "and its variants encompass the terms 'refer,' 'reflect,' and 'concern,'" and shall include "any document or information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Request, including but not limited to all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the Request." That is nonsensical, and would make everything under the Sun responsive to every request. In answering any request directly or indirectly including the term "relate," Foodwit will limit the scope of "relate" to the common-sense English meaning of the word "relate."

13. Foodwit objects to the instructions to the extent they are overbroad, vague, ambiguous, unduly burdensome, or seek to impose obligations greater than those allowed by the Federal Rules of Civil Procedure and the Local Rules of this District.

14. Foodwit anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Foodwit reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these requests in accordance with the Federal Rules

of Civil Procedure and the Local Rules of the United States District Court for the District of Oregon, and the provisions of any applicable Protective Order.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS referenced in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad, in particular insofar as it seeks "all documents" and is not limited in time. Foodwit further objects to this request as vague and ambiguous. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further object to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets.

Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS referencing YOUR COMMUNICATIONS with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product

doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting or referencing any of YOUR agreements with TRUSTWELL, including but not limited to license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this

request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting or referencing any amendments or changes that YOU believe were made to any terms or conditions of any of YOUR agreements with TRUSTWELL, including but not limited to license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this

request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting or referencing any efforts YOU made to comply with any terms or conditions of any of YOUR agreements with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any efforts YOU made to comply." Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is unreasonably cumulative and duplicative. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS relating to TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS relating to TRUSTWELL, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrases "online comments and discussions." Foodwit further objects to this request as it is unreasonably cumulative and duplicative. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as

premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting or referencing any payments YOU made to TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted

trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All software and data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond

will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or referencing the ways in which YOU used any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "the ways in which YOU used any software or data." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably

able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to the use of any software or data received from TRUSTWELL in any of YOUR products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not

provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to any software or data YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is

not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to YOUR intellectual property or other confidential information since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted

trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS reflecting or referencing how YOU maintained any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this

request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS reflecting or referencing any marketing or advertising of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting or referencing any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to IDENTIFY all clients to which any of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL were advertised or marketed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will

commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to IDENTIFY all clients to which any of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL were sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any

claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to IDENTIFY all revenues from any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this

request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to IDENTIFY all profits realized from any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to IDENTIFY YOUR annual revenues since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 23:**

YOUR annual tax returns since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its

required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to IDENTIFY all clients or customers that have paid for access to or use of any of YOUR products or services each year since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to IDENTIFY all products and services YOU have sold to clients since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 26:**

All interviews conducted by Becki Holmes since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "interviews conducted by Becki Holmes." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS supporting any affirmative defenses YOU assert in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this

request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS reflecting or IDENTIFYING the "market for SaaS-based applications for packaged food-labeling compliance in the United States," as alleged in paragraph 151 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its

required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to IDENTIFY the "reasonably interchangeable" "[p]roducts in the U.S. market for SaaS-based applications for packaged food-labeling compliance," as alleged in paragraph 152 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not

proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to IDENTIFY the "small handful of players" in the "U.S. market for SaaS-based applications for packaged food-labeling compliance," as alleged in paragraph 154 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects

to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting or IDENTIFYING the "substantial and durable market power" that YOU allege TRUSTWELL has, as set forth in paragraph 155 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS reflecting or IDENTIFYING the "dominant market position" that YOU allege TRUSTWELL has, as set forth in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it

improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32B:**

All DOCUMENTS reflecting or IDENTIFYING the "significant barriers to entry" that YOU allege exist in the "U.S. market for SaaS-based applications for food-labeling compliance," as set forth in paragraph 158 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32B:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are

more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32B:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS reflecting or IDENTIFYING the "monopoly power in this market" that YOU allege TRUSTWELL "possesses," as set forth in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to IDENTIFY all "competitors" in "this market," as alleged in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:</u>**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 35:</u>**

All DOCUMENTS reflecting or IDENTIFYING the "great lengths" to which YOU allege TRUSTWELL "has gone ... to willfully maintain or attempt to maintain its monopoly position," as set forth in paragraph 163 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35:</u>**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such

as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS reflecting or IDENTIFYING each instance or circumstance in which TRUSTWELL "acknowledges its own monopoly power," as alleged in paragraph 181 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this

request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS reflecting or IDENTIFYING each instance or circumstance in which TRUSTWELL "continues to engage in anticompetitive conduct," as alleged in paragraph 183 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:</u>**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to IDENTIFY all "prospective customers who have approached Foodwit to employ its SaaS-based application for packaged food-labeling compliance," as alleged in paragraph 212 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its

required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS reflecting or IDENTIFYING the ways in which TRUSTWELL "intentionally and tortiously interfered and continues to interfere with Foodwit's prospective customers," as alleged in paragraph 214 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not

proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS reflecting or supporting the assertion that "Foodwit would with reasonable probability have realized its expected business relations or economic advantage," as alleged in paragraph 215 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects

to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS sufficient to IDENTIFY relative market shares of the "competitors" in "this market," as alleged in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "relative market shares." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:</u>**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 42:</u>**

All DOCUMENTS reflecting or supporting the assertion that TRUSTWELL "filed its Delaware action with knowledge that its claims were and are baseless for the improper purpose of eliminating Foodwit as a competitor in the relevant market" as alleged in paragraph 194 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 42:</u>**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the

common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS reflecting or supporting the assertion that "[n]o reasonable litigant could conclude that any claim within the as-filed ESHA complaint has merit," as alleged in paragraph 168 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is

not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS reflecting or supporting the assertion that TRUSTWELL "further subjectively believes its filed complaint lacks merit," as alleged in paragraph 169 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS supporting YOUR assertion that YOU suffered any harm or damage as a result of any conduct of TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it

improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS supporting YOUR claim for damages against TRUSTWELL, as pled in the "Prayer For Relief" in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further

objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS reflecting or representing any action YOU took in response to any harm or damage that YOU claim to have suffered as a result of any conduct of TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects

to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS sufficient to IDENTIFY every individual or entity that had access to any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS reflecting or referencing any contracts or agreements that YOU entered into with any individual or entity that had access to any software or data YOU that received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such

as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS reflecting or referencing any efforts YOU made to remove any software or data that YOU received from TRUSTWELL from any of YOUR products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not

proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS relating to the removal of any software or data that YOU received from TRUSTWELL from any of YOUR products and services, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 52:**

DOCUMENTS sufficient to IDENTIFY all of YOUR officers, directors, and employees since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or referencing any efforts YOU made to license any software or data from third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS sufficient to IDENTIFY all terms and conditions pursuant to which YOU licensed any software or data from third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS relating to any market analyses, industry analyses, market projections, consumer studies, surveys, focus group reports, and other business analyses regarding any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any markets in which YOU operate or plan to operate." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:</u>**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 56:</u>**

All COMMUNICATIONS relating to any market analyses, industry analyses, market projections, consumer studies, surveys, focus group reports, and other business analyses regarding any markets in which YOU operate or plan to operate.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 56:</u>**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any markets in which YOU operate or plan to operate." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the

work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS sufficient to IDENTIFY all competitors in any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any markets in which YOU operate or plan to operate." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this

request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control sufficient to show all functionality of each version of Workbench.

**REQUEST FOR PRODUCTION NO. 59:**

All non-privileged COMMUNICATIONS, including but not limited to internal COMMUNICATIONS and COMMUNICATIONS with third parties, relating to this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence

upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS and COMMUNICATIONS IDENTIFIED in YOUR Initial Disclosures pursuant to Federal Rule of Civil Procure 26(a)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit

further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS YOU received or received in response to any subpoena YOU served in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "received or received in response to any subpoena." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less

burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control received in response to any subpoena it served in this action located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS YOU intend to use as evidence or otherwise reference during any deposition, hearing, or trial in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence

upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

Date: September 11, 2026

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I served true and correct copies of Plaintiff Foodwit's Supplemental Objections and Responses to Defendant's First Set of Requests for Production to Plaintiff on counsel for defendant in this action:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) report, Docket No. 20.

Date: September 11, 2026

Kailey Fung