# Exhibit F

DUNN CARNEY LLP
Brian R. Talcott, OSB 965371
btalcott@dunncarney.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: +1.949.851.3939
Facsimile: +1.502.224.7324

JONES DAY
Cary D. Sullivan, (*admitted Pro Hac Vice*)
carysullivan@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT FOODWIT**<br><br>Complaint Filed: 02/20/2025<br>SAC Filed: 10/22/2025 |

PROPOUNDING PARTY: PLAINTIFF TRUSTWELL

RESPONDING PARTY: DEFENDANT FOODWIT

SET NO.: ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff ESHA Research, LLC, now known as Trustwell hereby requests that Defendant RLH Assets, LLC dba Foodwit produce the documents and things described below for inspection and copying within 30 days at the offices of Jones Day, 3161 Michelson Drive, Suite 800, Irvine, California 92612.

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a) "YOU," "YOUR," and "DEFENDANT" means named Defendant RLH Assets, LLC dba Foodwit and any of its current or former directors, members, officers, agents, or employees.

(b) "TRUSTWELL" means Plaintiff ESHA Research, LLC now known as Trustwell and any of their current or former directors, members, officers, agents, or employees.

(c) "ACTION" means the above-referenced action, *ESHA Research, LLC, now known as Trustwell v. RLH Assets, LLC, doing business as Foodwit*, Case No. 3:25-cv-00880-AB, United States District Court, District of Oregon.

(d) "FOODWIT ACTION" means *RLH Assets, LLC, doing business as Foodwit* v. *ESHA Research, LLC*, Case No. 3:25-CV-00656-AB, United States District Court, District of Oregon, recently consolidated with this ACTION.

(e) "FOODWIT COMPLAINT" means the Complaint (ECF No. 1) that YOU filed in the FOODWIT ACTION.

(f) "ANSWER" means YOUR Answer To TRUSTWELL's Second Amended Complaint For Injunctive Relief And Damages (ECF No. 78) in this ACTION.

(g) "LICENSE AGREEMENT" means the limited-use license agreement entered into between TRUSTWELL and YOU in 2017, and any subsequent renewal, amendment, exhibit, addendum, incorporated terms, or related ordering document.

(h) "GENESIS FOODS" means the software system for which YOU obtained a limited-use license agreement from TRUSTWELL from 2017 through 2024.

(i) "WORKBENCH" means the product YOU created and launched, as alleged in YOUR ANSWER, including any predecessor, successor, prototype, beta, test, internal, production, or commercial version thereof, including any related database, source code, object code, API, user interface, product requirements, design specifications, project plans, data sets, compliance checks, workflows, reporting functions, labeling functions, and documentation.

(j) "DOCUMENT" includes all materials within the scope of Federal Rule of Civil Procedure 34(a) including, but not limited to, any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse or otherwise preserved or rendered, and also including, but not limited to, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, telexes, text messages, statements, invoices, record books, reports, studies, analyses, minutes, records, accounting and financial books, transcriptions, negotiable instruments, deeds, deeds of trust, photographs, books, pamphlets, catalogues, brochures, extracts, working papers, charts, diaries, calendars, indices, tapes, wires, films, data sheets and cards, recordings and any and all other written, printed, recorded, transcribed, punched, taped, typed, filmed, duplicated, reproduced or other tangible matter in YOUR possession, custody or control, including, but not limited to, originals, all file copies, all other copies, no matter how or by whom prepared, and all drafts prepared in connection with such writings.

(k) "COMMUNICATION" and "COMMUNICATIONS" mean written or verbal exchanges between any individuals or entities, including, but not limited to, e-mails, electronic documents, electronic data in any form, conversations, telephone calls, text messages, letters, memoranda, reports, notes, exhibits, drawings, and any DOCUMENT which constitutes, confirms, or relates to such a COMMUNICATION. COMMUNICATIONS "between" any individual or entity and any other individual or entity includes COMMUNICATIONS going in either direction or both directions between such individuals or entities.

(l) The terms "RELATING TO" and "RELATE TO" mean directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

(m) "PERSON" or "PERSONS" means any natural person and any other cognizable entity, including but not limited to, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

(n) The terms "and" and "or" have both conjunctive and disjunctive meanings, and the terms "each," "any," and "all" mean "each and every."

(o) When appropriate, the singular shall encompass the plural, and vice versa.

## GENERAL INSTRUCTIONS

1. Each request for production of documents contained herein extends to all DOCUMENTS in YOUR possession, custody, or control or in the possession, custody, or control of anyone acting on YOUR behalf. A DOCUMENT is to be deemed in YOUR possession, custody, or control (a) if it is in YOUR physical custody or (b) if it is in the physical custody of any other person and YOU (i) own such DOCUMENT in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such DOCUMENT on any terms, (iii) have an understanding, express or implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms or (iv) have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU sought to do so.

2. Produce all copies of DOCUMENTS as they are maintained in original form. DOCUMENTS are to be stapled, clipped, and otherwise organized as they are in original form, and produced in the sequence they are maintained.

3. If YOU claim any form of privilege, whether based on statute or otherwise, with respect to the DOCUMENTS requested, YOU are requested to state in writing with respect to each document for which privilege is claimed its date, author, addressee(s) if any, type of document or

communication (letter, memorandum, telephone call, etc.), subject matter (without revealing the information as to which privilege is claimed), and, with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, each and every fact or basis upon which YOU claim such privilege.

4. If YOU cannot provide some or any of the requested DOCUMENTS (after exercising due diligence to secure them), so state and provide the DOCUMENTS requested to the extent possible, specifying the reasons for YOUR inability to produce the remainder of the DOCUMENTS and stating whatever information or knowledge YOU have concerning the DOCUMENTS not produced.

5. After responding to these document production requests, YOU must supplement or correct any responses or production of documents later learned to be incomplete or incorrect immediately upon learning that a prior response or production of documents was incomplete or incorrect, in accordance with Federal Rule of Civil Procedure 26.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the design, development, testing, beta release, launch, sale, licensing, or commercialization of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the design, development, testing, or beta release of any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including COMMUNICATIONS RELATING TO the marketing or advertising of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS sufficient to show the timeline for the development of WORKBENCH, including but not limited to the date(s) on which YOU: first conceived of WORKBENCH, began

designing WORKBENCH, first tested WORKBENCH, first demonstrated WORKBENCH to any PERSON, first offered WORKBENCH to any customer or prospective customer, and first generated revenue from WORKBENCH.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS sufficient to show the timeline for the development of any database that supports or is embedded within WORKBENCH, including but not limited to the date(s) on which YOU: first conceived of the database(s), began designing the database(s), began entering data in the database(s), first tested the database(s), and first demonstrated the database(s) to any PERSON.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that “Foodwit’s Workbench product did not use [TRUSTWELL’s] ‘highly confidential and proprietary nutritional data and related information.’”

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that “Foodwit developed its computational algorithms for over six months using its decades of industry experience.”

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that YOU “did not need to use any ‘highly confidential and proprietary nutritional data and related information’ because it has access to readily-available data from public domain sources such as the Food Data Central website to perform calculations on that data as required by applicable laws and regulations.”

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that YOU have not “‘secretly’ been using any of [TRUSTWELL’s] assets to create a competitive product, it has not been reverse engineering any of [TRUSTWELL’s] software.”

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO YOUR assertion that WORKBENCH was created independently and without reference to GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS sufficient to identify each PERSON who participated in the conception, design, development, testing, launch, marketing, sale, licensing, or commercialization of WORKBENCH, including each such PERSON'S role and dates of involvement.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS sufficient to identify each PERSON who participated in the conception, design, development, testing, launch, marketing, sale, licensing, or commercialization of any database that supports or is embedded within WORKBENCH, including each such PERSON'S role and dates of involvement.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS sufficient to identify each PERSON who, on YOUR behalf, ever received or had access to data, files, reports, labels, recipes, ingredients, formulas, configurations, calculations, workflows, or other information downloaded, exported, extracted, copied, or transferred from GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO product development for WORKBENCH, including product roadmaps, development plans, project plans, milestones, timelines, budgets, staffing plans, meeting minutes, status reports, marketing and advertising plans, and launch plans.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO product development for any database that supports or is embedded within WORKBENCH, including product roadmaps, development plans, project plans, milestones, timelines, budgets, staffing plans, meeting minutes, status reports, marketing and advertising plans, and launch plans.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for WORKBENCH.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO the source, origin, derivation, or development history of each feature, function, formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in WORKBENCH.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO the source, origin, derivation, or development history of each feature, function, formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any comparison, benchmarking, analysis, feature mapping, product review, or technical review comparing or contrasting WORKBENCH to GENESIS FOODS or any other food formulation, nutrition analysis, labeling, or regulatory compliance software.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any COMMUNICATION by or with Becki Holmes concerning TRUSTWELL, including but not limited to the development of food formulation or labeling software, replication or duplication of GENESIS FOODS, or any feature, function,

formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between YOU and any developer, engineer, consultant, contractor, vendor, investor, customer, or prospective customer RELATING TO the development, timeline, origin, design, architecture, testing, marketing, advertising, launch, or capabilities of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and any developer, engineer, consultant, contractor, vendor, investor, customer, or prospective customer RELATING TO the development, timeline, origin, design, architecture, coding, testing, marketing, advertising, launch, or capabilities of any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO YOUR request for, confirmation of, use of, or reliance on API, import, export, backup, restore, reporting, download, or data-extraction functionality in GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO YOUR possession, custody, or control of any TRUSTWELL materials, including but not limited to confidential information, GENESIS FOODS data, notes, records, documentation, models, software, databases, files, exports, backups, copies, derivative works, or other materials containing, referencing, derived from, or based on TRUSTWELL confidential information or GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS sufficient to show any materials that YOU returned, surrendered, destroyed, deleted, quarantined, archived, retained, or failed to return to TRUSTWELL following termination of your limited-use license agreement with TRUSTWELL, including but not limited

to notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL's confidential, proprietary, and trade secret information.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO TRUSTWELL'S demand to return or surrender all notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL'S confidential, proprietary, or trade secret information.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS sufficient to identify each device, server, cloud storage location, database, repository, account, backup, archive, email account, messaging account, or file system where any TRUSTWELL confidential information, GENESIS FOODS data, or materials derived from any of them, have been stored.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATING TO YOUR assertion that there is no "support that [YOU] 'exported a substantial volume of proprietary data from Genesis Foods' for an improper purpose," as stated in YOUR Motion to Dismiss TRUSTWELL'S Second Amended Complaint (ECF No. 47) in this ACTION.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO Becki Holmes' interactions with Riverside Partners, LLC d/b/a The Riverside Company in 2022 and 2023 RELATING TO TRUSTWELL and/or GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS sufficient to show revenues, profits, costs, pricing, subscriptions, licenses, customers, sales pipeline, churn, customer migration, customer acquisition, and financial projections for WORKBENCH.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATING TO audit logs, activity logs, export logs, API logs, database logs, access logs, user logs, error logs, security logs, or administrative logs reflecting YOUR access to or use of GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS sufficient to identify each GENESIS FOODS user account, API key, credential, token, administrator account, or other access mechanism used by any of YOUR personnel or on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS RELATING TO any transfer, migration, import, ingestion, upload, conversion, parsing, normalization, mapping, transformation, or loading of data from GENESIS FOODS to WORKBENCH or any other FOODWIT system.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS RELATING TO any spreadsheet, CSV, database file, export file, backup file, report, label, recipe, ingredient record, nutritional data record, or other file exported, downloaded, copied, or otherwise obtained from GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATING TO any technical investigation, forensic analysis, code review, architecture review, database review, or product review concerning whether WORKBENCH contains, reflects, incorporates, or was derived from GENESIS FOODS or any other product.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATING TO product requirements, business requirements, technical requirements, functional specifications, user stories, acceptance criteria, design specifications, mockups, wireframes, prototypes, feature requests, or product briefs for WORKBENCH.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATING TO any source of information, inspiration, reference material, example, model, template, competitor product, public documentation, customer request, consultant input, developer input, or third-party material used to design, develop, or implement WORKBENCH.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that refer or RELATE TO the assertion in paragraph 6 of the Declaration of Rebecca Holmes (ECF No. 63) that YOU "had no access to these 'specific, underlying processes and methodologies'" for GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that refer or RELATE TO the assertion in paragraph 9 of the Declaration of Rebecca Holmes (ECF No. 63) that "if a company such as [TRUSTWELL] were to develop a particular set of "underlying formulas or calculation processes," they would not have any value from being secret and there would be no reason for anyone else to copy them, as it would be easier to use the publicly available regulatory requirements to generate the formulas or calculation processes a product requires."

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO YOUR use of the "publicly available regulatory requirements to generate the formulas or calculation processes a product requires," or any other publicly available material identified in the Declaration of Rebecca Holmes (ECF No. 63) or the Declaration of Matthew S. Warren (ECF No. 53), in the development of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any third party RELATING TO this ACTION, including but not limited to the recently consolidated FOODWIT ACTION.

**<u>REQUEST FOR PRODUCTION NO. 43</u>:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any claim, complaint, demand, notice, cease-and-desist letter, inquiry, lawsuit, arbitration, administrative proceeding, or other assertion by any PERSON that YOU copied, misappropriated, infringed, or otherwise wrongfully used any confidential information, proprietary information, or trade secret of any PERSON other than TRUSTWELL.

**<u>REQUEST FOR PRODUCTION NO. 44</u>:**

All DOCUMENTS RELATING TO or supporting any affirmative defense that YOU assert in YOUR ANSWER in this ACTION.

**<u>REQUEST FOR PRODUCTION NO. 45</u>:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[u]pon its acquisition, [TRUSTWELL] immediately flexed its market power to control prices by increasing its prices 5x–10x, which it could only do because of a lack of available substitutes."

**<u>REQUEST FOR PRODUCTION NO. 46</u>:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[TRUSTWELL's] customers anonymously complained that [TRUSTWELL] was 'forcing it down our throats because they know there is no viable alternative' and that [TRUSTWELL's] position to its customers was 'we know we are the platform everyone uses...so suck it up and pay.'"

**<u>REQUEST FOR PRODUCTION NO. 47:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[TRUSTWELL] denied its customers access to their exported data—even those customers who had paid for that capability, specifically—to increase the risk of disruptions, complications, and potential regulatory risks to those customers in migrating to competitors."

**<u>REQUEST FOR PRODUCTION NO. 48:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[TRUSTWELL] would entrap its customers by the false promise of an extension of their renewal dates, only to renege on that promise at the eleventh hour, forcing its customers to choose between paying a 10x markup for [TRUSTWELL's] SaaS-based application for food-labeling compliance or immediately lose access to their data before they had an opportunity to seek an alternative solution."

**<u>REQUEST FOR PRODUCTION NO. 49:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that TRUSTWELL "engaged in a campaign to intimidate its emerging competitors, including at least Foodwit, through baseless accusations and litigation against them for unspecified 'theft' of [TRUSTWELL's] unspecified 'crown jewels.'"

**<u>REQUEST FOR PRODUCTION NO. 50:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that TRUSTWELL "has directly threatened new market participants through a series of escalating demands for the purpose of excluding them from the U.S. SaaS-based application for food-labeling compliance market."

**<u>REQUEST FOR PRODUCTION NO. 51:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[b]y knowingly filing litigation without a single supporting fact setting forth what or when or how Foodwit allegedly stole [TRUSTWELL's] 'crown jewels,' and by knowingly suing in an improper venue, [TRUSTWELL] is engaged in sham litigation."

**<u>REQUEST FOR PRODUCTION NO. 52:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[t]he U.S. market for SaaS-based applications for packaged food-labeling compliance is highly concentrated, and there are significant barriers to entry."

**REQUEST FOR PRODUCTION NO. 53:**

To the extent not identified or produced in response to the above requests, all DOCUMENTS that RELATE TO or support YOUR first cause of action for Violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 in the FOODWIT ACTION.

**REQUEST FOR PRODUCTION NO. 54:**

To the extent not identified or produced in response to the above requests, all DOCUMENTS that RELATE TO or support YOUR second cause of action for Violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 in the FOODWIT ACTION.

**REQUEST FOR PRODUCTION NO. 55:**

To the extent not identified or produced in response to the above requests, all DOCUMENTS that RELATE TO or support YOUR fifth cause of action for Tortious Interference with Prospective Business Relations or Economic Advantage in the FOODWIT ACTION.

**REQUEST FOR PRODUCTION NO. 56:**

To the extent any of YOUR responses to TRUSTWELL's Requests for Admission (Set One), served concurrently herewith, do not constitute a complete and unlimited admission, produce all DOCUMENTS that RELATE TO or support YOUR response to such Request for Admission.

Dated: August 21, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL