P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**MOTION TO COMPEL FURTHER SUPPLEMENTATION OF TRADE SECRET DISCLOSURE**<br><br>**BEFORE THE SPECIAL MASTER** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**MOTION TO COMPEL FURTHER SUPPLEMENTATION OF TRADE SECRET DISCLOSURE**<br><br>**BEFORE THE SPECIAL MASTER** |

## INTRODUCTION

Trustwell claims that Foodwit stole its 'crown jewel' trade secrets. But after almost two years of litigation, Trustwell still has not identified what those 'crown jewels' are. Instead Trustwell provided a disclosure that contained only public information. Trustwell promised to supplement its disclosure—first by May 15, and then by November. But there is no reason to trust Trustwell's promise of November disclosure when its many previous promises have all come to naught. Trustwell's failure to provide its asserted trade secrets is interfering with the rest of discovery in this action, much of which depends on the scope of Trustwell's trade secrets. The Special Master should require Trustwell to provide its true trade secrets forthwith.

## BACKGROUND

On February 20, 2025, Trustwell filed its complaint. No. 25-880, Docket No. 1. On June 17, 2025, as soon as discovery opened, Foodwit propounded an interrogatory asking Trustwell to identify the trade secrets it claims Foodwit stole. Ex. 1. After a series of delays, on September 9, 2025, Trustwell finally responded to this interrogatory, providing Foodwit with a nineteen-page list of the "trade secrets in this action" that Trustwell "asserts that Foodwit misappropriated." No. 25-880, Docket No. 48-1, Ex. 2 at 3; *see generally id.* Trustwell confirmed to the Court that this response included its complete trade secrets disclosure:

> Separately and in addition, Trustwell provided to Foodwit, under the protective order in this action, **a highly confidential, 19-page, particularized identification of each trade secret at issue—information that cannot be disclosed (or pled) publicly**. The Genesis Foods and master food and nutrition database trade secrets described herein are referred to collectively as the "Trade Secrets."

No. 25-880, Docket No. 46 ¶ 23. But this was not so: Trustwell's nineteen-page list of the "trade secrets in this action" it "asserts that Foodwit misappropriated" was nothing more than a list of publicly known features of its product, described in more detail on Trustwell's own

website. Ex. 2 at 3; *see* No. 25-880, Docket Nos. 47, 48. When Foodwit established as much in its motion to dismiss, Trustwell did not challenge any of Foodwit's points, and instead filed a declaration confirming that Foodwit was correct. Trustwell's declarant, Todd Dolinsky, agreed that the materials in Trustwell's asserted trade secrets were not secret:

> The public user manuals for the Genesis Foods platform that are referenced in the Warren Declaration and attached exhibits describe the existence of some of the features and functionalities listed in the Trade Secret Identification. **Critically, however, the descriptions in the public user manuals do not disclose the specific, underlying processes and methodologies that constitute the actual trade secret information relating to each of the respective features and functionalities.** In other words, publicly describing the *existence* of a given feature or functionality does not thereby disclose the specific, underlying process or methodology that enables that feature or functionality and makes it unique and valuable.

No. 25-880, Docket No. 56-1 ¶ 11, Ex. 3 (emphasis added). Mr. Dolinsky further averred that Trustwell had withheld the true trade secrets from its trade secrets disclosure, and had done so on purpose:

> In helping to prepare the Genesis Foods portion of the Trade Secret Identification, I tried to put together a comprehensive list of the trade secret features and functionalities that exist in the Genesis Foods platform. **I did not intend or undertake to put together a list of all of the specific processes and methodologies that underly or enable those features and functionalities.** That would have taken much more than 19 pages. It is my understanding that additional information regarding the specific, underlying processes and methodologies **will be exchanged later in the course of this lawsuit**.

*Id.* ¶ 9 (emphasis added). Mr. Dolinsky thus confirmed that, when Trustwell compiled its trade secrets disclosure of September 9, 2025, it knew that it was not providing its actual trade secrets, but intentionally withheld them from Foodwit. *See id.*

Following this revelation, Foodwit asked Trustwell when it will provide the "additional information" that will "constitute the actual trade secret information" in response to Foodwit's Interrogatory No. 1. In late April, Trustwell confirmed that it would do so "shortly," and that it expected that its disclosure would be "complete by May 15." Ex. 4. That did not occur. On

October 16, Foodwit again asked Trustwell when it "will supplement its response to Interrogatory No. 1." Ex. 5. On October 19, Trustwell responded that we "expect to be able to serve our supplemental identification next month." Ex. 6. Today, Foodwit and Trustwell met and conferred under the Special Master's procedures. During this call, Trustwell confirmed that it currently knows what its asserted trade secrets are, and further confirmed that it knew what they were on September 9, 2025—as Trustwell must, since Mr. Dolinsky had already averred as much. Although Trustwell thus admitted that it could provide its true trade secrets today, and could have done so more than a year ago on September 9, 2025, it nevertheless refused to commit to a time-frame more specific than November. Trustwell refused to explain why it needed time to provide information it currently has and has had for more than a year, and could not explain why Foodwit should trust its current promise to provide its true trade secrets, when all its previous promises have been honored in the breach. This motion resulted.

## ARGUMENT

A propounding party may "move for an order compelling an answer, designation, production, or inspection," Fed. R. Civ. P. 37(a)(3)(B), and "'an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.'" *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2016 WL 1337318, at *1 (D. Or. Apr. 4, 2016) (quoting Fed. R. Civ. P. 37(a)(4)). Trustwell agrees that its response to Foodwit's Interrogatory No. 1 did "not disclose the specific, underlying processes and methodologies that constitute the actual trade secret information." *See supra*. Trustwell's trade secret disclosure, an interrogatory response, is thus "incomplete or incorrect" and Trustwell must supplement it. Fed. R. Civ. P. 26(e)(1)(A). "Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or

alter the opposing party's discovery plan or trial preparation." *Reinsdorf v. Skechers U.S.A., Inc.*, No. 10-7181, 2013 WL 12116416, at *8 (C.D. Cal. Sept. 9, 2013) (quoting *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004)). That is certainly so here, as the scope of Trustwell's asserted trade secrets is integral to all aspects of this case. "Pursuant to Rule 26(e)(1)(B), the court may order a party to supplement its discovery responses and set a deadline for it to do so." *Voggenthaler v. Maryland Square, LLC*, No. 08-1618, 2010 WL 11579075, at *2 (D. Nev. Mar. 2, 2010); *see, e.g.*, *Gray v. Virga*, No. 12-3006, 2015 WL 1509082, at *9 (E.D. Cal. Apr. 1, 2015); *Abernathy v. Liberty Ins. Corp.*, No. 22-1903, 2023 WL 6785797, at *2 (C.D. Cal. Sept. 22, 2023). The Special Master should order Trustwell to supplement its trade secrets disclosure to include its actual trade secrets—which Trustwell admits it currently knows but will not tell, and further admits it knew more than a year ago on September 9, 2025. *See supra*.

In addition, Trustwell must supplement its trade secret because the scope of those secrets controls the scope of other discovery in this case. *See, e.g.*, Trustwell's Request for Production No. 26 ("All DOCUMENTS sufficient to show any materials that YOU returned, surrendered, destroyed, deleted, quarantined, archived, retained, or failed to return to TRUSTWELL following termination of your limited-use license agreement with TRUSTWELL, including but not limited to notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL's confidential, proprietary, and trade secret information."); *see* Foodwit's Interrogatory No. 4 ("For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret."); No. 6 ("For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret."). For this and much other discovery, "until the trade secret plaintiff has identified the secrets at issue with some

specificity, there is no way to know whether the information sought is relevant." *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680-81 (N.D. Ga. 2007). "The burden is upon the plaintiff to specify those charges, not upon the defendant to guess at what they are . . . . until this is done, neither the court nor the parties can know, with any degree of certainty, whether discovery is relevant or not." *Xerox Corp. v. Int'l Bus. Machines Corp.*, 64 F.R.D. 367, 371-72 (S.D.N.Y. 1974). Requiring such "disclosures of its alleged misappropriated trade secrets is supported by strong practical and policy reasons, including the goal of assisting this Court in 'in determining relevancy and the scope of discovery.'" *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1153 (D. Or. 2015) (quoting *Ikon Office Sols., Inc. v. Konica Minolta Bus. Sols., U.S.A.*, No. 08-539, 2009 WL 4429156, at *4 (W.D.N.C. Nov. 25, 2009)). Applying this rule, courts routinely order supplementation of trade secret disclosures after the pleadings and during discovery, *e.g.*, *FemtoMetrix, Inc. v. Huang*, No. 22-1624, 2023 WL 6786776, at *2 (C.D. Cal. Sept. 8, 2023), but will restrict supplementation if it is too late. *E.g.*, *Mattson Tech., Inc. v. Applied Materials, Inc.*, No. 23-6071, 2026 WL 1303361, at *4-5 (N.D. Cal. May 12, 2026). Given Judge Baggio's schedule for this action with fact discovery closing on February 5, it is almost too late now, and will likely be too late by the end of November, Trustwell's currently promised date. Since Trustwell has broken all of its previous promises, there is no reason to expect it to keep this one. Trustwell admits that it knows its asserted trade secrets but does not want to tell, and further admits that it knew its asserted trade secrets on September 9, 2025, but chose not to tell them then. Neither is acceptable; neither is in good faith. The Special Master should require Trustwell to provide its true trade secrets forthwith.

## CONCLUSION

For all the foregoing reasons, the Special Master should compel Trustwell to supplement its response to Foodwit's Interrogatory No. 1 with its true asserted trade secrets forthwith.

Date: October 26, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*