# Exhibit 1

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-656@cases.warrenlex.com

*Attorneys for Plaintiff RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**FIRST SET OF INTERROGATORIES BY PLAINTIFF FOODWIT TO DEFENDANT ESHA** |

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, plaintiff RLH Assets, LLC d/b/a Foodwit ("Foodwit") requests that defendant ESHA Research, LLC ("ESHA") serve a written response to this interrogatory, under oath and signed by the officer making each answer within thirty days of service, and then supplement responses as required by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. The term "including" means including without limitation.

2. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

3. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

4. The term "affiliates" of an entity means any entity that the entity controls, or is controlled by, or is under common control with the entity.

5. The terms "you" and "your" mean defendant ESHA Research, LLC, an Oregon limited liability company, its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities.

6. The term "Foodwit" means plaintiff RLH Assets, LLC d/b/a Foodwit.

7. The term "Complaint" means Foodwit's Complaint filed April 22, 2025, in civil case number 25-656-AB, Docket No. 1.

8. The term "Answer and Affirmative Defenses" means ESHA's Answer and Affirmative Defenses to Complaint filed June 4, 2025, in civil case number 25-656-AB, Docket No. 17.

9. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, referring to, responding to, stating, supporting, tending to support or refute, all directly or indirectly and in whole or in part.

10. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

11. The term "person" refers to a natural person or an entity, and includes any other person acting on the person's behalf.

12. The singular includes the plural and vice versa.

13. The terms "or" and "and" mean both the conjunctive and disjunctive.

14. The words "any" and "each" shall include the word "all."

15. A verb in any tense means the verb in all tenses.

**INSTRUCTIONS**

1. Under Rule 33 of the Federal Rules of Civil Procedure, responses and objections, as well as responsive document production, are due thirty days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

(a) all relevant dates including creation and transmission;

(b) all authors and senders;

(c) all recipients;

(d) the general subject matter; and

(e) any portions of the document over which you claim a privilege.

Identify all persons using name, any title, and any associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any interrogatories call for information that was previously within your possession, custody, or control, but which is not anymore, identify that information in a manner sufficient to describe it in a subpoena, and give the name, telephone number, address, and e-mail address of each person last known by you to have the information in their possession, custody, or control.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Describe with particularity each and every "trade secret" you allege Foodwit misappropriated, including any "trade secret" referenced in your Answer and Affirmative Defenses, in your amended complaint against Foodwit in case no. 25-880-JR, or in your correspondence to Foodwit as set forth in the Complaint, *e.g.*, Docket No. 1 ¶¶ 108, 125. To the extent ESHA alleges any compilation of data comprises a "trade secret," describe with particularity each and every step concerning the method and processes that make your compilation "trade secret" unique.

Date: June 17, 2025

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon, 97201
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-656@cases.warrenlex.com

*Attorneys for Plaintiff RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I served the foregoing First Set of Interrogatories by Plaintiff Foodwit to Defendant ESHA upon counsel for defendant to this action by First Class Mail at the following addresses:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by placing it in sealed envelopes with postages paid and placing the envelopes in the exclusive custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of the foregoing by electronic mail to Mr. Sullivan at carysullivan@jonesday.com and Mr. Talcott at btalcott@dunncarney.com.

______________________________
Denora Guevara