Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com
E-mail: ldutkiewicz@jonesday.com

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

ESHA RESEARCH, LLC, now known as TRUSTWELL,

Plaintiff,

v.

RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,

Defendant.

Civil No. 3:25-cv-00880-AB consolidated with 25-cv-00656-AB

**TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION**

**BEFORE THE SPECIAL MASTER**

## INTRODUCTION

Foodwit already tried, and failed, to persuade the Court that Trustwell's trade secrets are not secret. Undeterred, Foodwit has converted its failed Rule 12(b)(1) motion into 1,019 separate requests for admission, repeatedly asking Trustwell to concede the very proposition the Court declined to accept. Foodwit is surprisingly candid about its goal: it offered to withdraw 1,018 of the requests if Trustwell would simply admit that its trade secret identification "contains nothing secret." This constitutes a blatant misuse of requests for admission under Rule 36. RFAs exist to eliminate undisputed issues for trial, not to uncover evidence or to seek concessions on essential elements of claims.

Foodwit's motion fails for two additional reasons. First, Foodwit never establishes that its RFAs are actually relevant to any claim or defense here. The requests repeatedly ask whether the mere existence of various features of the Genesis Foods platform is secret. Of course, Trustwell is not alleging the *existence* of those features as trade secrets. It is the underlying processes and methodologies that constitute the trade secrets at issue here, which Foodwit's RFAs simply ignore. Second, Foodwit does not even attempt to defend the improper form of its requests. Hundreds seek admissions about the content of third-party websites that Trustwell has no foundation to confirm or deny, and dozens more are compound or duplicative. Foodwit addresses none of this. Foodwit's motion should be denied.

## FACTUAL BACKGROUND

### A. The Court Has Repeatedly Rejected Foodwit's Argument That Trustwell's Trade Secrets Are Not Secret.

This case concerns two categories of trade secrets: 1) Trustwell's Genesis Foods platform; and 2) Trustwell's food and nutrition database that is embedded in the Genesis platform. SAC ¶ 20. The database is a classic compilation trade secret containing nutritional breakdowns for up to 172 data fields for more than 90,000 foods and ingredients, built from a substantial volume of confidential and proprietary data together with a particular selection of data from vetted external

sources. *Id*. The Genesis Foods platform contains numerous proprietary features and functionalities including unique calculations based on proprietary data sets, regulatory compliance and alerts, and data import/export and security, which the SAC describes generally so as to avoid disclosure of trade secret information. *Id*. ¶¶ 21(a)–(h), 22.

On November 5, 2025, Foodwit moved to dismiss the operative complaint for lack of subject matter jurisdiction on the theory that Trustwell's alleged trade secrets are not trade secrets at all because the information is public. Dkt. 47. In support, Foodwit filed a 176-page, 945-paragraph substantive declaration and attached more than 600 pages of extrinsic evidence. Dkt. 48. The Court rejected this theory. Dkt. 74 at 10-11. In denying Foodwit's Rule 12(b)(1) motion, the Court recognized that whether Trustwell possesses protectable trade secrets is "a question of fact" to be resolved "on summary judgment or at trial." *Id.*

### B. Foodwit Converts Its Failed Rule 12(b)(1) Motion Into A Staggering Set of 1,019 RFAs.

On August 21, 2026, Foodwit served a single set of 1,019 requests for admission spanning more than 200 pages. Mot. Ex. A. The requests track the declaration Foodwit submitted in support of its Rule 12(b)(1) motion, exhibit by exhibit. For approximately 150 printouts of various webpages, Foodwit asks Trustwell to admit a series of contentions: (1) a particular webpage "includes" quoted text; (2) the content of a third-party website "is publicly available on the Internet;" (3) the content of that third-party website also "was publicly available on the Internet on November 5, 2025" (i.e., the day Foodwit filed its Rule 12(b)(1) motion); (4) a particular exhibit filed in support of Foodwit's failed Rule 12(b)(1) motion "contains a true copy" of the content of that third-party website on that date; and (5) the exhibit itself "was publicly available" on that date. *See, e.g., id.*, RFA Nos. 1–5, 7–11, 15–19. Foodwit also includes hundreds of requests to "[a]dmit that there is nothing secret about the statement that" a particular feature of the Genesis Foods platform exists. *E.g., id.*, RFA Nos. 6, 12, 14, 20, 28, 68, 74, 631–659. In other words, over the course of 1,019 RFAs, Foodwit repeatedly asks Trustwell to concede an essential

element of its trade secret claim, one printout at a time, the very argument the Court already rejected.

Recognizing the burden it imposed, and evidently hoping Trustwell would relent, Foodwit offered a compromise: if Trustwell would answer the final request "with an unqualified admission, there is no need to answer any of the other Requests for Admission in this set." Ex. B. That final request, RFA No. 1,019, asks Trustwell to "[a]dmit that your Response to Foodwit's Interrogatory No. 1, dated September 9, 2025, contains nothing secret." Mot. Ex. A, RFA No. 1,019. Put simply, Foodwit offered to withdraw 1,018 requests if Trustwell concedes that it has no trade secrets. This is nothing short of an abuse of the discovery process.

## ARGUMENT

### I. FOODWIT'S REQUESTS FOR ADMISSION VIOLATE RULE 36.

Foodwit admits its RFAs are intended to "confirm that Trustwell's asserted trade secrets contain no actual secrets." This is plainly improper under Rule 36. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *see also* Advisory Comm. Note to 1970 Amendment to Fed. R. Civ. P. 36 ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). RFAs are "not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements" of its claims. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

"Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D.

Cal. 1998) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, § 2252, at 524–525); *see also People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955) ("[T]here is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence"); *id.* ("[R]equests for admission … may not be applied to controverted legal issues lying at the heart of the case.").

Foodwit's RFAs go far beyond the permissible scope. In repackaging its failed Rule 12(b)(1) motion, Foodwit seeks hundreds of concessions on the essential element of secrecy as to Trustwell's trade secret claim, which lies at the heart of this case. *See, e.g.*, Mot. Ex. A, RFA Nos. 6, 12, 14, 20, 28, 68, 74, 631–659. And the final request asks Trustwell to admit outright that its trade secret identification "contains nothing secret." *Id.*, RFA No. 1,019. This plainly violates Rule 36. *See Conlon*, 474 F.3d at 622; *Safeco of Am.*, 181 F.R.D. at 445; *The Jules Fribourg*, 19 F.R.D. at 436. RFAs like these are routinely rejected by courts in this District. *See Sponer v. Wells Fargo Bank N.A.*, No. 17-cv-02035-HZ, 2020 WL 2061829, at *4 (D. Or. Apr. 28, 2020) (denying motion for expenses where "request for admission under Rule 36 was improper" because it sought "admission of a legal conclusion: that Defendant negligently violated the FCRA"); *A.M. by & through Nay v. Physicians' Med. Ctr., P.C.*, No. 17-cv-1833-SI, 2018 WL 6446415 at *5 (D. Or. Dec. 10, 2018) (objections to RFAs sufficient where "the disputed RFAs requested the admission of legal conclusions regarding 'fault'"). Foodwit's RFAs should be rejected here for the same reason.

## II. FOODWIT'S REQUESTS FOR ADMISSION SEEK IRRELEVANT INFORMATION AND ARE SUBSTANTIVELY IMPROPER.

Even setting aside Foodwit's abuse of Rule 36, its RFAs are irrelevant and suffer from serious drafting errors. Foodwit does not meaningfully address these issues. That silence is telling.

**A. Foodwit Fails To Establish That Its RFAs Are Relevant.**

As the moving party, Foodwit bears the burden of establishing that its RFAs seek information relevant to a claim or defense in this action. *See Pampena v. Musk*, No. 22-cv-05937-CRB (DMR), 2025 WL 1809736, at *2 (N.D. Cal. June 30, 2025). Foodwit fails to meet that burden.

Whether the *existence* of a particular feature or functionality of the Genesis platform is public is probative of nothing. It is the underlying processes and methodologies that are the actual trade secrets here. But Foodwit's RFAs ask only about the existence of features. By ignoring the actual trade secret processes and methodologies, the RFAs fail to seek information that is actually relevant to any claim or defense in this case.[1] In addition, Trustwell's embedded database is a compilation trade secret, which can constitute a trade secret even where some or all of its individual components are publicly available. *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 962 (C.D. Cal. 2011) ("It does not matter if a portion of the trade secret is generally known, or even that every individual portion of the trade secret is generally known, so long as the combination of all such information is not generally known."). Seeking admissions that various data components appear on a third-party website fails to seek information that is relevant to any claim or defense here.

Because Foodwit fails to establish the relevance of its requests in the first instance, its motion should be denied. *See Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. CV 11-3838 ODW (FFMx), 2012 WL 13008424, at *2 (C.D. Cal. Jan. 31, 2012) (denying motion to compel as to RFAs "[b]ecause the requests do not seek an admission of any fact or issue relevant to this action").

[1] Even if they did seek relevant information, the RFAs are premature because they target a prior trade secret identification that Foodwit is concurrently moving to compel Trustwell to supplement—and which Trustwell has agreed to supplement.

**B. Foodwit's RFAs Are Substantively Defective**.

Hundreds of Foodwit's RFAs seek admissions regarding the content of third-party websites about which Trustwell has no personal knowledge. Foodwit repeatedly asks Trustwell to admit that 1) the content of a third-party website "is publicly available on the Internet"; 2) it "was publicly available on the Internet on November 5, 2025"; 3) one of the exhibits Foodwit submitted in support of its failed Rule 12(b)(1) motion "contains a true copy" of the content of that third-party website on that date; and 4) the exhibit itself "was publicly available" on that date. *See, e.g.*, Mot. Ex. A, RFA Nos. 1–5, 7–11, 15–19. Trustwell has no foundation to respond to any of these requests. Nor does Rule 36 require it to respond: a party need not admit or deny facts about which it has no personal knowledge. *See Pampena*, 2025 WL 1809736, at *5 (denying motion to compel where the plaintiff lacked personal knowledge to respond to requests seeking information about an article maintained on a third party's website).

In addition, many of Foodwit's other requests are improperly compound or duplicative. Dozens combine multiple factual assertions into a single request—like the content of a particular webpage, its public availability, and the date of that availability—such that Trustwell cannot admit or deny the request as a whole. *See, e.g.*, Mot. Ex. A, RFA Nos. 15, 31. Others are duplicative, repeatedly asking Trustwell to admit the same exact proposition. *See, e.g.*, *id.*, RFA Nos. 29, 30. These are not just technical defects. They are serious drafting errors that render the requests substantively improper, even beyond their impermissible volume and factual irrelevance. *See Dr. Erik Natkin, D.O. P.C. v. Am. Osteopathic Ass'n*, No. 3:16-cv-1494-SI, 2023 WL 3452001 at *6 (D. Or. May 15, 2023) (granting protective order where the RFAs were "replete with errors" including being "broad, compound, [and] otherwise not simple and clearly phrased").

///

///

## CONCLUSION

For all the reasons above, Trustwell respectfully requests that the Special Master deny Foodwit's Motion to Compel Responses to its RFAs.

Dated: October 30, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October, 2026, I caused to be served the foregoing **TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify) Email

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com
Email: ldutkiewicz@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff Trustwell*