# Exhibit A

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**SECOND SET OF INTERROGATORIES BY DEFENDANT FOODWIT TO PLAINTIFF ESHA** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**SECOND SET OF INTERROGATORIES BY PLAINTIFF FOODWIT TO DEFENDANT ESHA** |

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, RLH Assets, LLC d/b/a Foodwit ("Foodwit") requests that ESHA Research, LLC ("ESHA") serve written responses to these interrogatories, under oath and signed by the officer making each answer within thirty days of service, and then supplement responses as required by Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

1. The term "including" means including without limitation.

2. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

3. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

4. The term "affiliates" of an entity means any entity that the entity controls, or is controlled by, or is under common control with the entity.

5. The terms "you" and "your" mean plaintiff ESHA Research, LLC, an Oregon limited liability company, its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities.

6. The term "Foodwit" means defendant RLH Assets, LLC d/b/a Foodwit.

7. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, referring to, responding to, stating, supporting, tending to support or refute, all directly or indirectly and in whole or in part.

8. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

9. The term "person" refers to a natural person or an entity, and includes any other person acting on the person's behalf.

10. The term "trade secret" means any information identified by you in this litigation as a trade secret, including without limitation your response to Foodwit's Interrogatory No. 1, served on June 17, 2025, and July 31, 2025.

11. The term "Genesis Foods product" means your product, the Genesis Foods software system, as defined in your response to Foodwit's Interrogatory No. 1, and any reasonably similar products, services, or applications made, offered for sale, or sold by you that contains or makes use of any alleged trade secret.

12. The singular includes the plural and vice versa.

13. The terms "or" and "and" mean both the conjunctive and disjunctive.

14. The words "any" and "each" shall include the word "all."

15. A verb in any tense means the verb in all tenses.

## INSTRUCTIONS

1. Under Rule 33 of the Federal Rules of Civil Procedure, responses and objections, as well as responsive document production, are due thirty days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

(a) all relevant dates including creation and transmission;

(b) all authors and senders;

(c) all recipients;

(d) the general subject matter; and

(e) any portions of the document over which you claim a privilege.

Identify all persons using name, any title, and any associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any interrogatories call for information that was previously within your possession, custody, or control, but which is not anymore, identify that information in a manner sufficient to describe it in a subpoena, and give the name, telephone number, address, and e-mail address of each person last known by you to have the information in their possession, custody, or control.

## INTERROGATORIES

**INTERROGATORY NO. 2:**

For each trade secret you allege Foodwit misappropriated, identify by production number all documents constituting, reflecting, embodying, or containing each alleged trade secret.

**INTERROGATORY NO. 3:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that it is a trade secret.

**INTERROGATORY NO. 4:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret.

**INTERROGATORY NO. 5:**

For each trade secret you allege Foodwit misappropriated, describe with specificity how, when, where, and by whom it was designed and developed, including an identification of every individual who participated in the design or development of the trade secret.

**INTERROGATORY NO. 6:**

For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret.

**INTERROGATORY NO. 7:**

For each trade secret you allege Foodwit misappropriated, describe with specificity the circumstances by which you contend that Foodwit learned the trade secret, including identification of every individual involved in Foodwit's learning the trade secret, and including identification by production number of any documents through which you contend that Foodwit learned the trade secret.

**INTERROGATORY NO. 8:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all efforts taken by ESHA to maintain its confidentiality, including identification by production number of any documents through which you contend that ESHA took such efforts.

**INTERROGATORY NO. 9:**

Identify all products or services that you contend are interchangeable or reasonable substitutes for the Genesis Foods product, including the basis for your claim.

**INTERROGATORY NO. 10:**

Describe with specificity all bases for your claim that Foodwit breached any contract, including identification by production number of any contract that you allege Foodwit breached, and identification by production number of any documents concerning any alleged breach.

Date: August 21, 2026

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I served the foregoing Second Set of Interrogatories by Defendant Foodwit to Plaintiff ESHA and Second Set of Interrogatories by Plaintiff Foodwit to Defendant ESHA upon counsel for ESHA:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) reports, *ESHA v. Foodwit*, No. 25-880, Docket No. 36, and *Foodwit v. ESHA*, No. 25-656, Docket No. 20.

______________________________
Kailey Fung