# Exhibit B

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FIRST SET OF REQUESTS FOR PRODUCTION BY DEFENDANT FOODWIT TO PLAINTIFF ESHA** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**FIRST SET OF REQUESTS FOR PRODUCTION BY PLAINTIFF FOODWIT TO DEFENDANT ESHA** |

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, RLH Assets, LLC d/b/a Foodwit ("Foodwit") hereby requests that ESHA Research, LLC ("ESHA") produce the following documents and things for discovery and inspection at the offices of Davis Wright Tremaine LLP, 560 SW 10th Avenue, Suite 700, Portland, Oregon, 97205 within 30 days of service, in accordance with the following definitions and instructions.

## DEFINITIONS

1. The term "including" means including without limitation.

2. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

3. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

4. The term "affiliates" of an entity means any entity that the entity controls, or is controlled by, or is under common control with the entity.

5. The terms "you" and "your" mean plaintiff ESHA Research, LLC, an Oregon limited liability company, its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities.

6. The term "Foodwit" means defendant RLH Assets, LLC d/b/a Foodwit.

7. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying,

involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, referring to, responding to, stating, supporting, tending to support or refute, all directly or indirectly and in whole or in part.

8. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

9. The term "person" refers to a natural person or an entity, and includes any other person acting on the person's behalf.

10. The term "trade secret" means any information identified by you in this litigation as a trade secret, including without limitation your response to Foodwit's Interrogatory No. 1, served on June 17, 2025, and July 31, 2025.

11. The term "Genesis Foods product" means your product, the Genesis Foods software system, as defined in your response to Foodwit's Interrogatory No. 1, and any reasonably similar products, services, or applications made, offered for sale, or sold by you that contains or makes use of any alleged trade secret.

12. The singular includes the plural and vice versa.

13. The terms "or" and "and" mean both the conjunctive and disjunctive.

14. The words "any" and "each" shall include the word "all."

15. A verb in any tense means the verb in all tenses.

## INSTRUCTIONS

1. Under Rule 34 of the Federal Rules of Civil Procedure, responses and objections, as well as responsive document production, are due thirty days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

(a) all relevant dates including creation and transmission;

(b) all authors and senders;

(c) all recipients;

(d) the general subject matter; and

(e) any portions of the document over which you claim a privilege.

Identify all persons using name, any title, and any associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any requests call for information that was previously within your possession, custody, or control, but which is not anymore, identify that information in a manner sufficient to describe it in a subpoena, and give the name, telephone number, address, and e-mail address of each person last known by you to have the information in their possession, custody, or control.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and internal communications concerning Foodwit or any of its employees.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications between you and any third party concerning Foodwit or any of its employees.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sent to or by Katy Jones concerning Foodwit or any of its employees.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning your allegations that Foodwit misappropriated any of your trade secrets.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the letter you sent to Foodwit on August 6, 2024, including drafts, internal communications, and any documents you prepared, reviewed, or considered concerning the allegations made in the letter.

**REQUEST FOR PRODUCTION NO. 6:**

All software logs, access logs, audit trails, or usage records concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 7:**

All communications concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning your allegations that Foodwit breached any contract with you.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning your disclosure of any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning any agreements between you and any third party concerning any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning license agreements between you and any third party concerning any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated, including the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the licensing fees you received for use of any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all past and projected future payments, including licensing fees, you received for use of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all distributors, retailers, or resellers of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning any measures you have taken to maintain the secrecy of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements and communications concerning confidentiality, non-disclosure, or protection of each trade secret you allege Foodwit misappropriated, including all employee agreements.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning your allegation that you "track[] and limit[] employee access to such information, providing it only to the extent necessary to perform their job functions" and "regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets" as alleged in paragraph 25 of your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all persons and entities with access to each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning any presentations or demonstrations, including but not limited to videos, demonstratives, slide decks, Wikis, and FAQs concerning the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show your ownership of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning the development or creation of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning the master food and nutrition database you allege constitutes a trade secret.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all sources of data contained in the master food and nutrition database you allege constitutes a trade secret.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning the value of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications concerning any "independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means," as alleged in paragraph 24 of your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning the "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement" as alleged in paragraph 25 of your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the existence of any damages you sustained as a result of the acts alleged in your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning any expert opinions or memoranda, market or licensing research, third party analysis or technical evaluations you obtained concerning each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning your decision to assert any alleged trade secret against Foodwit.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications concerning your decision to assert any alleged trade secret against Cronometer in the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning your decision to assert any alleged trade secret against any third party.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning your understanding, interpretation, or construction of any of the terms of any agreement you allege in this litigation.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning your market share in any markets in which you have operated from January 2021 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify your competitors in any markets in which you have operated since 2021 or plan to operate.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications concerning the acquisition of ESHA Research, LLC by The Riverside Company in March 2022, including purchase agreements, due diligence materials, valuation analyses, and integration plans.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning transition, migration, or export of customer data from the Genesis Foods product from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning the price of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning the financial impact of your decision to change the price of the Genesis Foods product from January 2021 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning customer complaints, feedback, or concerns regarding pricing increases for the Genesis Foods product from January 2021 to the present.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning your competitors or market allocation, including memoranda, market or licensing research, or technical evaluations concerning each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 43:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Foodwit or this litigation.

**REQUEST FOR PRODUCTION NO. 44:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning your actual or projected market share in any markets in which you have operated since 2021 or plan to operate.

**REQUEST FOR PRODUCTION NO. 45:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Cronometer or the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning any potential investment in or acquisition of Foodwit.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show your document retention and destruction policies.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged documents and communications concerning Foodwit or this litigation.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things that you allege support any other legal defenses or theories that you contend preclude the relief Foodwit seeks through its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things that you allege support any other legal defenses or theories that you contend support the relief you seek through your affirmative defenses.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things identified in your initial disclosures.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things produced to you by a third party in response to a formal or informal discovery request or subpoena by you in this litigation.

**REQUEST FOR PRODUCTION NO. 53:**

All documents, things, and communications relied upon, referenced, or otherwise consulted in responding to Foodwit's Interrogatories or Requests for Admission served in this litigation.

Date: August 21, 2026

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940

+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I served the foregoing First Set of Requests for Production by Defendant Foodwit to Plaintiff ESHA and First Set of Requests for Production by Plaintiff Foodwit to Defendant ESHA upon counsel for ESHA:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) reports, *ESHA v. Foodwit*, No. 25-880, Docket No. 36, and *Foodwit v. ESHA*, No. 25-656, Docket No. 20.

Kailey Fung