# Exhibit C

DUNN CARNEY LLP
Brian R. Talcott, OSB 965371
btalcott@dunncarney.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: +1.949.851.3939
Facsimile: +1.502.224.7324

JONES DAY
Cary D. Sullivan, (*admitted Pro Hac Vice*)
carysullivan@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S INTERROGATORIES, SET TWO**<br><br>Complaint Filed: 02/20/2025<br>SAC Filed: 10/22/2025 |

PROPOUNDING PARTY: DEFENDANT FOODWIT

RESPONDING PARTY: PLAINTIFF TRUSTWELL

SET NO.: TWO

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby responds to Defendant RLH Assets, LLC d/b/a Foodwit's ("Foodwit") interrogatories, set two, as follows:

## GENERAL OBJECTIONS

Trustwell responds to Foodwit's interrogatories, including the definitions and instructions referenced therein, subject to the general objections set forth below. These objections are incorporated into and form part of Trustwell's responses to the interrogatories.

Trustwell objects to each interrogatory, including the definitions and instructions contained therein, to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Trustwell hereby claims, and does not waive, all such privileges, protections, and immunities. Inadvertent disclosure of any privileged or otherwise protected information shall not constitute or be deemed to constitute a waiver of any claim of privilege, immunity, or other protection, and Trustwell reserves the right to request the return of any inadvertently produced information. Any failure to assert a privilege, immunity, or other protection as to certain information shall also not constitute or be deemed to constitute a waiver of the privilege, immunity, or other protection as to any other information so protected.

Trustwell objects to each interrogatory to the extent it purports to require it to respond on behalf of any other entity or person. Trustwell further objects to the definition of "you" and "your" as vague and overbroad in that it purports to require Trustwell to respond on behalf of itself as well as "its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities." Trustwell's responses are made by and on behalf of Trustwell only, and shall be limited to information currently and reasonably available to Trustwell.

The responses below reflect Trustwell's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to Trustwell's attention. Trustwell's search for information is ongoing, and Trustwell reserves the right to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time and to supplement or amend these responses as appropriate at any time before trial. Trustwell further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review or developments.

Trustwell's responses are made without in any way waiving or intending to waive: (a) any objection as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of information provided in response; (b) the right to object on any ground to information provided in response at any hearing or trial; and (c) the right to object on any ground to a demand for a further response.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 2:**

For each trade secret you allege Foodwit misappropriated, identify by production number all documents constituting, reflecting, embodying, or containing each alleged trade secret.

**RESPONSE TO INTERROGATORY NO. 2:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion by requiring Trustwell to characterize which documents "constitute," "reflect," "embody," or "contain" a trade secret. Trustwell further objects to this Interrogatory to the extent it assumes facts not in evidence, including the assumption that each alleged trade secret is reducible to or contained within discrete documents. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection,

or immunity. Trustwell further objects to this Interrogatory as premature, as discovery in this matter remains ongoing. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, a response to this Interrogatory necessitates making a summary of information contained in documents. The burden or expense of preparing or making such a summary would be substantially the same for Trustwell as it would be for Foodwit. Therefore, Trustwell exercises its right under the Federal Rules of Civil Procedure, Rule 33(d) to produce non-privileged documents in its possession, custody, or control from which the answer may be derived or ascertained. Based on the foregoing, an answer to this Interrogatory can be derived from documents produced in this action, including in response to RFP Nos. 20-21.

**INTERROGATORY NO. 3:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that it is a trade secret.

**RESPONSE TO INTERROGATORY NO. 3:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory

as vague and ambiguous as to the term "all bases." Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 4:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret.

**RESPONSE TO INTERROGATORY NO. 4:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the term "all bases." Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this

Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 5:**

For each trade secret you allege Foodwit misappropriated, describe with specificity how, when, where, and by whom it was designed and developed, including an identification of every individual who participated in the design or development of the trade secret.

**RESPONSE TO INTERROGATORY NO. 5:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound. Trustwell further objects to this Interrogatory as overly broad and unduly burdensome because it is unlimited in time and scope. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "designed" and "developed." Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined

with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 6:**

For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret.

**RESPONSE TO INTERROGATORY NO. 6:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound. Trustwell further objects to this Interrogatory as overly broad and unduly burdensome because it seeks the identities of every customer and every person ever employed by Trustwell. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "access" and "knowledge." Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense, nor proportional to the needs and nature of the case. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain

numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 7:**

For each trade secret you allege Foodwit misappropriated, describe with specificity the circumstances by which you contend that Foodwit learned the trade secret, including identification of every individual involved in Foodwit's learning the trade secret, and including identification by production number of any documents through which you contend that Foodwit learned the trade secret.

**RESPONSE TO INTERROGATORY NO. 7:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "circumstances" and "learned." Trustwell further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 4. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense, nor proportional to the needs and nature of the case. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the

other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, information responsive to this Interrogatory is uniquely within Foodwit's knowledge. Foodwit licensed the trade secrets at issue subject to the terms, conditions, and protections of Trustwell's limited-use license agreement. The particularized details of Foodwit's misappropriation, including the Foodwit personnel involved in such misappropriation, will be revealed through discovery.

**INTERROGATORY NO. 8:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all efforts taken by ESHA to maintain its confidentiality, including identification by production number of any documents through which you contend that ESHA took such efforts.

**RESPONSE TO INTERROGATORY NO. 8:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "efforts" and "confidentiality." Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects

on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, a response to this Interrogatory necessitates making a summary of information contained in documents. The burden or expense of preparing or making such a summary would be substantially the same for Trustwell as it would be for Foodwit. Therefore, Trustwell exercises its right under the Federal Rules of Civil Procedure, Rule 33(d) to produce non-privileged documents in its possession, custody, or control from which the answer may be derived or ascertained. Based on the foregoing, an answer to this Interrogatory can be derived from documents produced in this action, including in response to RFP Nos. 9-11.

**INTERROGATORY NO. 9:**

Identify all products or services that you contend are interchangeable or reasonable substitutes for the Genesis Foods product, including the basis for your claim.

**RESPONSE TO INTERROGATORY NO. 9:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome because it is unlimited in time and scope. Trustwell objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense, nor proportional to the needs and nature of the case. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "products,"

"services," "interchangeable," "reasonable substitutes," and "basis." Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects on the ground that this Interrogatory, when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, these Interrogatories exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, this Interrogatory relies on vague and ambiguous, undefined terms. As Trustwell understands the request, there are a number of companies that offer products that are competitive with Genesis Foods, including but not limited to the following: Foodwit, Flavorstudio, Axxya, TraceGains (including NutriCalc), MenuSano, Owl Software, ReciPal, LabelCalc, SKUSafe, SpecRight, and ENTR Technologies. *See also* https://www.capterra.com/nutrition-analysis-software/.

**INTERROGATORY NO. 10:**

Describe with specificity all bases for your claim that Foodwit breached any contract, including identification by production number of any contract that you allege Foodwit breached, and identification by production number of any documents concerning any alleged breach.

**RESPONSE TO INTERROGATORY NO. 10:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the term "all bases." Trustwell further objects to this Interrogatory

to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects on the ground that this Interrogatory, when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, these Interrogatories exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, Foodwit breached Trustwell's limited-use license agreement, as referenced in Trustwell's Second Amended Complaint in this action. Trustwell refers Foodwit to paragraphs 13–17 and 40–42 of the Second Amended Complaint, which set forth the requested bases.

Dated: September 21, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

# VERIFICATION

I, Katy Jones, have read the foregoing **PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S INTERROGATORIES, SET TWO** and know its contents.

I am the Chief Executive Officer of ESHA Research, LLC, now known as Trustwell, which is the plaintiff in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. To the extent the factual assertions in the foregoing responses are within my personal knowledge, I know those assertions to be true and correct. To the extent I do not have direct personal knowledge regarding the factual assertions in the foregoing responses, I am informed and believe those assertions are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 21, 2026, at Alamance County, NC.

Katy Jones

Katy Jones

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S INTERROGATORIES, SET TWO** on the following party via the following method(s):

P. Andrew McStay, Jr.,
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorneys for Defendant Foodwit*

by:

☐ U.S. Postal Service, ordinary first class mail
☐ electronic service
☒ other (specify): Email

**JONES DAY**

*/s Lauren E. Dutkiewicz*
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: ldutkiewicz@jonesday.com