# Exhibit D

DUNN CARNEY LLP
Brian R. Talcott, OSB 965371
btalcott@dunncarney.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: +1.949.851.3939
Facsimile: +1.502.224.7324

JONES DAY
Cary D. Sullivan, (*admitted Pro Hac Vice*)
carysullivan@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S REQUESTS FOR PRODUCTION, SET ONE**<br><br>Complaint Filed: 02/20/2025<br>SAC Filed: 10/22/2025 |

PROPOUNDING PARTY: DEFENDANT FOODWIT

RESPONDING PARTY: PLAINTIFF TRUSTWELL

SET NO.: ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby responds to Defendant RLH Assets, LLC d/b/a Foodwit's ("Foodwit") requests to produce documents and things for discovery and inspection, set one, as follows:

## GENERAL OBJECTIONS

1. Trustwell objects generally to Foodwit's Requests to the extent that Foodwit seeks documents that contain or relate to confidential and privileged communications between attorney and client on the ground of attorney-client privilege. Trustwell will produce no such documents. Moreover, Trustwell generally objects to Foodwit's Requests to the extent that they seek confidential and privileged communications between attorney and client during the anticipation of and pendency of this action, including but not limited to communications between attorney and client regarding the Requests. Trustwell deems such privileged communications not intended to be within the scope of Foodwit's Requests, and will not, and does not intend these responses to waive the privilege afforded such privileged communications.

2. Trustwell objects generally to Foodwit's Requests to the extent that they seek documents that contain or relate to confidential information protected from disclosure by the attorney work product doctrine. Trustwell will produce no such documents. Moreover, Trustwell objects to Foodwit's Requests to the extent that they seek documents that contain or relate to confidential information protected from disclosure by the attorney work product doctrine and that have been created in anticipation of or during the pendency of this action, including but not limited to research and investigation and analysis concerning the Requests. Trustwell deems such protected documents not intended to be within the scope of Foodwit's Requests and will not, and does not intend by these responses to waive the work product protection afforded such documents.

3. Trustwell objects generally to Foodwit's Requests to the extent that they seek documents that are not in Trustwell's possession, custody, or control. Trustwell only will produce documents in its possession, custody, or control in response to the Requests.

4. Trustwell objects to Foodwit's Instructions and Definitions on the ground that they are overly broad, unduly burdensome and purport to impose obligations on Trustwell greater than those imposed by the Federal Rules of Civil Procedure. Trustwell will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

5. Trustwell objects to each and every one of Foodwit's Requests to the extent that the Request is vague or unclear in identifying the information requested, is unduly burdensome or overly broad, or is otherwise outside the scope of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, especially to the extent the Requests seek "any," "each" and/or "all" information, which is overly broad and unduly burdensome.

6. Trustwell objects to Definition No. 5, incorporated by reference, defining the terms "you" and "your," as vague, overbroad, and as seeking information not relevant to claims or defenses of the parties to the extent that they encompass Trustwell's "subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities." Unless otherwise stated, Trustwell will interpret "you" and "your" to include only ESHA Research, LLC, now known as Trustwell, and its officers, directors, principals, and current and former employees.

7. Trustwell objects to Definition No. 11, defining the term "Genesis Foods product," as vague, overbroad, and as seeking information not relevant to claims or defenses of the parties to the extent that it encompasses "any reasonably similar products, services, or applications" beyond the Genesis Foods software system that is at issue in this proceeding.

8. Trustwell objects to each and every one of Foodwit's Requests to the extent that the Request seeks information prior to the events believed to be relevant to this action. Trustwell will produce documents for the relevant time period in accordance with the agreed sources and custodians.

9. Trustwell objects to each and every one of Foodwit's Requests to the extent that the Request is unnecessarily duplicative and purports to require the production of more than one copy of any document that may be responsive to more than one Request.

10. Trustwell is willing to meet and confer with Foodwit to the extent that Foodwit's Requests seek documents equally available to Foodwit.

11. All responses to the requests for production are made without in any way waiving or intending to waive, but to the contrary, preserving:

a. All objections to competency, materiality, expert nature, and admissibility as evidence for any purpose in this litigation or any subsequent proceeding or trial.

b. All objections based on privilege or work product, for any purpose in this litigation or any subsequent proceeding or trial. Specifically, should any information protected by the attorney client privilege, work product doctrine, or any other applicable privilege be inadvertently disclosed, that will not be a waiver of the applicable privilege or the subject matter thereof.

c. The right to object on any ground to the use of any document or any testimony obtained as a result of these Requests, or the subject matter thereof, in this litigation or any subsequent proceeding or trial.

d. The right to supplement and/or amend these responses based upon being provided adequate detail, explanation, or limitation of this Notice.

e. The right to supplement and/or amend these responses based upon the discovery of additional information and/or documents after further investigation.

f. The right to supplement and/or amend these responses based on further rulings of the Court or Magistrate Judge on the scope of discovery.

12. Trustwell incorporates the foregoing General Objections and limitations into each of the following Specific Objections and Responses, which are made subject to and without waiver of those General Objections and limitations.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and internal communications concerning Foodwit or any of its employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications between you and any third party concerning Foodwit or any of its employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims

and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sent to or by Katy Jones concerning Foodwit or any of its employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning your allegations that Foodwit misappropriated any of your trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to

the term “trade secrets.” Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the letter you sent to Foodwit on August 6, 2024, including drafts, internal communications, and any documents you prepared, reviewed, or considered concerning the allegations made in the letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks “all” documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms “prepared,” “reviewed,” or “considered.” Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All software logs, access logs, audit trails, or usage records concerning Foodwit or any of its employees’ alleged access to or use of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks documents with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "software logs," "access logs," "audit trails," and "usage records." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 7:**

All communications concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "access" or "use." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning your allegations that Foodwit breached any contract with you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the term "contract." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning your disclosure of any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are

neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "disclosure," "element," "trade secret," and "trade secret information." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce its form license agreements and confidentiality agreements for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning any agreements between you and any third party concerning any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "agreement," "third party," "element," "trade secret," and "trade secret information." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce its form license agreements and confidentiality agreements for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning license agreements between you and any third party concerning any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated, including the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "license agreements," "third party," and "trade secret." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce its form license agreements and confidentiality agreements for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the licensing fees you received for use of any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "licensing fees," "use," and "trade secret." Trustwell further objects to this Request to

the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce documents reflecting licensing fees paid by Foodwit.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all past and projected future payments, including licensing fees, you received for use of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "projected future," "payments" and "licensing fees." Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce documents reflecting licensing fees paid by Foodwit.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all distributors, retailers, or resellers of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "distributors," "retailers," and "resellers." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning any measures you have taken to maintain the secrecy of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "measures" and "trade secret." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 9-11.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements and communications concerning confidentiality, non-disclosure, or protection of each trade secret you allege Foodwit misappropriated, including all employee agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" agreements and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "non-disclosure" and "protection." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 9-11.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning your allegation that you "track[] and limit[] employee access to such information, providing it only to the extent necessary to perform their job functions" and "regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets" as alleged in paragraph 25 of your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant

or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 6, 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 6, 9-11.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all persons and entities with access to each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome because it has no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "entities," "access," and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 6, 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 6, 9-11.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning any presentations or demonstrations, including but not limited to videos, demonstratives, slide decks, Wikis, and FAQs concerning the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "presentations" and "demonstrations." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show your ownership of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks documents with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "show," "ownership" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning the development or creation of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "development," "creation" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning the master food and nutrition database you allege constitutes a trade secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal or scope limitation. Trustwell further objects to this request as vague and ambiguous as to the term "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell is willing to meet and confer with Foodwit regarding reasonable limitations to the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all sources of data contained in the master food and nutrition database you allege constitutes a trade secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome because it has no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "sources" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its response to Special Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning the value of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "value" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert

discovery is not yet due under the Court's scheduling order. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: This request is premature and seeks expert discovery. Trustwell will supplement this response in accordance with the Court's scheduling order and produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control at the appropriate time.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications concerning any "independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means," as alleged in paragraph 24 of your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert discovery is not yet due under the Court's scheduling order. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: This request is premature and seeks expert discovery. Trustwell will supplement this response in accordance with the Court's scheduling order and produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control, at the appropriate time. In addition, Trustwell refers Foodwit to its responses to Request Nos. 12 and 13.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning the "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement" as alleged in paragraph 25 of your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 6, 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 6, 9-11.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the existence of any damages you sustained as a result of the acts alleged in your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert discovery is not yet due under the Court's scheduling order. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning any expert opinions or memoranda, market or licensing research, third party analysis or technical evaluations you obtained concerning each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "memoranda," "market or licensing research," "analysis," and "technical evaluations." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert discovery is not yet due under the Court's scheduling order. Trustwell further objects to this Request to the extent it requires the disclosure

of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: This request is premature and seeks expert discovery. Trustwell will supplement this response in accordance with the Court's scheduling order and produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control, at the appropriate time.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning your decision to assert any alleged trade secret against Foodwit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications concerning your decision to assert any alleged trade secret against Cronometer in the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that the *Cronometer* litigation involves a different customer, a different case, and a different set of trade secrets than those at issue in this action. Accordingly, documents and communications relating to Trustwell's decision to assert trade secrets in that separate litigation are neither relevant to the claims or defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents, to the extent any non-privileged responsive documents exist.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning your decision to assert any alleged trade secret against any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents and communications about litigation involving different customers, different cases, and different sets of trade secrets than those at issue in this action. Accordingly, documents and communications relating to Trustwell's decision to assert trade secrets in that separate litigation are neither relevant to the claims or defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents, to the extent any non-privileged responsive documents exist.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning your understanding, interpretation, or construction of any of the terms of any agreement you allege in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "understanding," "interpretation," "construction," "terms" and "any agreement." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning your market share in any markets in which you have operated from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "market share," "markets" and "operated." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the

extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify your competitors in any markets in which you have operated since 2021 or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "competitors," "markets" and "operated." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications concerning the acquisition of ESHA Research, LLC by The Riverside Company in March 2022, including purchase agreements, due diligence materials, valuation analyses, and integration plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "due diligence materials," "valuation analyses," and "integration plans." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning transition, migration, or export of customer data from the Genesis Foods product from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "transition," "migration," and "export of customer data." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects

to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control relating to Foodwit.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning the price of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce documents reflecting licensing fees paid by Foodwit.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year

period. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to its General Objections, Trustwell objects to this request as duplicative of the preceding request. Trustwell further objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:**

All documents concerning the financial impact of your decision to change the price of the Genesis Foods product from January 2021 to the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 40:</u>**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the term "financial impact." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:**

All documents and communications concerning customer complaints, feedback, or concerns regarding pricing increases for the Genesis Foods product from January 2021 to the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 41:</u>**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "complaints," "feedback," and "concerns." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this

Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning your competitors or market allocation, including memoranda, market or licensing research, or technical evaluations concerning each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "competitors," "market allocation," "market or licensing research," "technical evaluations," and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Foodwit or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "investors" and "underwriters." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning your actual or projected market share in any markets in which you have operated since 2021 or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "investors," "underwriters," "market share," "markets," and "operated." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any nonprivileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Cronometer or the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "investors" and "underwriters." Trustwell further objects to this request on the ground that the *Cronometer* litigation involves a different customer, a different case, and a different set of trade secrets than those at issue in this action. Accordingly, documents and communications relating to Trustwell's decision to assert trade secrets in that separate litigation are neither relevant to the claims or defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any nonprivileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning any potential investment in or acquisition of Foodwit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal

limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "potential," "investment," and "acquisition." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any nonprivileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show your document retention and destruction policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks documents with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged documents and communications concerning Foodwit or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are

neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request No. 2. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things that you allege support any other legal defenses or theories that you contend preclude the relief Foodwit seeks through its affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks “all” documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things that you allege support any other legal defenses or theories that you contend support the relief you seek through your affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things identified in your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things produced to you by a third party in response to a formal or informal discovery request or subpoena by you in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 53:**

All documents, things, and communications relied upon, referenced, or otherwise consulted in responding to Foodwit's Interrogatories or Requests for Admission served in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents, things, and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

///

///

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce any non-privileged document that is identified in its responses to Foodwit's Second Set of Interrogatories.

Dated: September 21, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S REQUESTS FOR PRODUCTION, SET ONE** on the following party via the following method(s):

P. Andrew McStay, Jr.,
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorneys for Defendant Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☐ electronic service
☒ other (specify): Email

**JONES DAY**

*/s Lauren E. Dutkiewicz*
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: ldutkiewicz@jonesday.com