UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB (Lead)<br>*Consolidated with*<br>*Case No. 3:25-cv-00656-AB*<br><br>**SPECIAL MASTER ORDER #1** |

This Order sets out rulings by the Special Master on the following motions: Trustwell's Motion to Compel Inspection of Foodwit's Workbench Platform (ECF 108); [Foodwit's] Motion to Compel Responses to Requests for Admission (ECF 110); and [Foodwit's] Motion for Source Code Protective Order (ECF 112). These motions were briefed on an expedited basis under prior directions in an email I sent to counsel. I held a virtual hearing on November 3, 2026, and issue these rulings on an expedited basis to allow the parties to move their discovery along.

For clarification: ESHA Research, LLC, which is the plaintiff in the lead case and the defendant in the consolidated case, is now known as Trustwell. RLH Assets, LLC, which is the defendant in the lead case and the plaintiff in the consolidated case, is now known as Foodwit. I will use the parties' current names in this order and future orders as much as possible. I direct the parties to use those names in the caption of any motion or response submitted to me so I know who filed it (*e.g.* Trustwell's Motion to Compel or Foodwit's Response to Trustwell's Motion to Compel).

Trustwell's Motion to Compel Inspection of Foodwit's Workbench Platform

Trustwell has moved to compel inspection of Foodwit's Workbench platform under Fed. R. Civ. P. 34(a)(1) because it believes that Foodwit has illegally used in its platform trade secrets embodied in Trustwell's Genesis Foods platform. While Foodwit now acknowledges some inspection is appropriate, the dispute has devolved into a disagreement over scope, scheduling, logistics and expert identification. I will rule on specific remaining issues. Any issue not mentioned is agreed, moot or undeserving of court intervention. As described below, the motion is granted in part and denied in part.

1. *Scope*. Trustwell originally wished to have its experts inspect all versions and iterations of the Workbench platform. Foodwit contends that the production of the source code of its platform would obviate some of the need for a more thorough inspection and that it only actually has the current version available for inspection. While the source code question will be discussed as part of another motion, in any event its availability does not counter Trustwell's need and right to inspect the platform. That part of Foodwit's objection is overruled.

Foodwit's other objection is that, because its systems appear to allow only for the current version of the platform to be accessible, compelling it to produce hundreds of prior versions would require extraction from its source code repository which is the equivalent of creating new evidence, at the expense of as much as $180,000 over many months, which could expose all versions to hacking and other security concerns but especially to earlier versions with dependencies which have not been made safe. In response to reduce potential cost and delay, Trustwell now proposes that Foodwit only recreate six versions on particular dates to be named by Trustwell.

Foodwit has not supported its contention that even a few prior versions would expose security issues more than just offering up the current version. Under the circumstances, requiring Foodwit to recreate a total of six prior versions in and of itself is not overly expensive or burdensome. However, if Foodwit determines that a particular version selected by Trustwell creates a high degree of unsecure dependencies, Foodwit may notify Trustwell that doing so will require Foodwit to make security modifications and Trustwell may notify Foodwit either that Foodwit should go ahead with the modifications or that Trustwell will select another date.

Trustwell's latest proposal is allowed with the modification set out above. Trustwell shall notify Foodwit of its six dates no later than November 11th. Foodwit shall respond no later than November 18th. (This assumes the inspection will occur on December 1st.)

2. *Scheduling*. The parties have agreed that the inspection will take place on December 1st at the Portland office of Davis Wright Tremaine. They dispute the amount of time Trustwell's experts may have to conduct the inspection and whether there could be another inspection later.

Without any real factual or legal support, Foodwit proffers four hours while Trustwell requests a full day. I agree more with Trustwell – the inspection may take up to eight hours (including reasonable breaks) on one day.

Foodwit urges me to limit Trustwell to one inspection, which it thinks should occur later in the case if ever but has agreed to December 1 assuming Trustwell is committing to do it sooner. Trustwell does not want any limitation, because it thinks there likely will be a need to do a further inspection after either additional evidentiary review or expert analysis. I conclude that Trustwell should be limited to one true discovery inspection, either on December 1 as scheduled or later if it wants to postpone in light of my ruling. Further, if Trustwell wishes to conduct a

second inspection after expert reports are exchanged which Foodwit opposes, I am not prohibiting it but ordering that Trustwell file a motion for that to be allowed.

3. *Recording*. Foodwit objects to Trustwell recording the inspection because it is concerned over how a recording could be used later in this case. That is not a basis to prohibit a recording so those concerns will not be otherwise addressed here except in one instance. This objection is overruled. Foodwit has not waived its rights to object to the admission of any part of the recording as evidence at trial.

Trustwell shall take care to record the inspection in a manner which guarantees that the recording and any excerpt of the recording are clearly identified and labeled to ensure that there is no confusion as to the origin. Foodwit may also record the inspection under the same terms. Best and most economical would be if the parties agreed on a single neutral recorder. Any recording shall be shared in its original format with both parties. No experts shall narrate what they are doing during the recording but experts and personnel may talk about the preparation and access to the platform while being recorded.

4. *Manipulation of Platform*. Trustwell wants its experts to have unfettered access to the platform without interference from Foodwit personnel. Foodwit wants its personnel to manipulate the platform at Trustwell's experts' direction, which would limit Trustwell's inspection rights. During the hearing, the parties agreed that Trustwell's experts could access the platform (as a new customer would) without interference so long as no information was inputted. Foodwit's objection is moot. Foodwit may offer its personnel to answer questions or assist but has no obligation to do more than fairly prepare the platform to be used by Trustwell's experts.

5. *Expert Identification.* Foodwit wishes to verify or screen Trustwell's inspection experts. That request is denied. Trustwell must identify to Foodwit its inspection experts by name and business association no later than ten days before the inspection. Any such expert must agree in writing to be bound by applicable protective orders.

<u>Foodwit's Motion to Compel Responses to Requests for Admission</u>

Foodwit moves (presumably under Fed. R. Civ. P. 36(6)) to compel Trustwell to substantively respond to more than 1,000 requests for admission. As described below, this motion is denied. To the extent Trustwell is seeking a protective order to avoid responding further, that request is granted.

Foodwit is dissatisfied with Trustwell's description of the trade secrets Trustwell contends have been misappropriated by Foodwit. That description is the subject of another motion which will be heard in the near future. Foodwit is trying every way it can to learn what Trustwell legally claims to be its trade secrets, previously by motion to dismiss denied by Judge Baggio and now by requests for admission. Foodwit needs to keep trying because these requests for admission are not the right way.

The requests for admission fall mostly into two categories: (1) admit that something described in the earlier trade secret listing is public and therefore not secret; and (2) admit that a particular piece of information was disclosed to the world on a website at some point in time. This motion is not the time or place to make any final determinations of Trustwell's claimed trade secrets. The disputed requests for admission do not seek the type of information this discovery tool is designed for: efficient resolution of essentially undisputed facts. And they obviously are unreasonably burdensome and numerous. (Relevance and vagueness are unnecessary to address at this time.)

It is apparent that Trustwell will be describing its trade secrets anew in the near future. It is possible that requests for admission may be useful to resolve certain issues later on. But none of these do the job.

Foodwit's Motion for Source Code Protective Order

Foodwit has moved (presumably under Fed. R. Civ. P. 26(c)(1)) for permission to produce or disclose the source code for its Workbench platform under a supplemental protective order. Trustwell claims it has not requested (or no longer is requesting) production of the source code so Foodwit's motion makes no sense other than to distract from the platform inspection discussed above and disputes the need for a supplemental protective order. As described below, this motion is granted.

It is more than tempting to just declare this oddity a non-issue. If Trustwell is not requesting production of the source code, Foodwit has no obligation or need to produce it in discovery. Still, there is no reason to prohibit the production *or* to require Trustwell to receive or review the source code. Perhaps Foodwit wants to use the source code for other purposes in this case -- those purposes are yet to be determined.

Trustwell does not note any specific objection to the form of supplemental protective order proffered by Foodwit. That order will be signed.

DATED November 4, 2026.

Henry Kantor
Special Master Henry Kantor

**NOTICE: Either the Court or the parties may take action regarding this Order pursuant to Fed. R. Civ. P. 53(f).**