# EXHIBIT A

**From:** Dutkiewicz, Lauren E.
**Sent:** Monday, October 26, 2026 4:03 PM
**To:** Matt Warren; Sullivan, Cary D.; Brian Talcott
**Cc:** Andy McStay; ESHA Research, LLC v. RLH Assets, LLC; RLH Assets, LLC v. ESHA Research, LLC
**Subject:** RE: ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon), RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

Matt,

Your corrections to the summary of our meet and confer are not accurate. I respond to each of your points below.

As to the service list, I replied directly to your email sent on October 22—which I see you removed from this chain—and copied all email addresses you included. Setting that aside, although meet and confer correspondence does not require formal service, we are happy to include the email addresses you identified in all future communications.

With respect to Interrogatory No. 1, your account is not what happened on our call. I began the discussion by telling you that Trustwell would supplement its response as soon as it could. You then interrogated me about Trustwell's trade secrets. You first asked whether, as I sit here today, Trustwell knows what its trade secrets are, and I said yes. You continued questioning me about the timing of events, warning that you would report everything I said to the Special Master. I asked you to help me understand the purpose of these questions, which had nothing to do with the issue we were meeting and conferring about: when Trustwell would supplement its trade secret identification. You explained that you found my initial response insufficient and needed more certainty. I then clarified that Trustwell expected to supplement its response in November. You said you did not believe me and would move to compel on this request.

On the timing of your anticipated motion on RFP Nos. 9-11, 15-17, 18, and 26, you told me that Foodwit would not file a motion on these issues before Thursday or Friday of this week. I am not sure what is objectionable about my summary, as you seem to agree that you are not filing a motion until Thursday or Friday.

Finally, as I stated on the call today, we are trying to meet and confer with Foodwit in good faith. That objective is becoming increasingly difficult to achieve when the tone you are taking with me on the phone and in writing is rude and dismissive. I hope that the parties can work together cooperatively and professionally moving forward, including on our call tomorrow.

Thanks,
Lauren

Lauren E. Dutkiewicz
Associate
JONES DAY® - One Firm Worldwide®
3161 Michelson Drive, Suite 800
Irvine CA 92612
Office +1.949.553.7585

**From:** Matt Warren <matt@warrenllp.com>
**Sent:** Monday, October 26, 2026 1:35 PM
**To:** Dutkiewicz, Lauren E. <ldutkiewicz@jonesday.com>; Sullivan, Cary D. <carysullivan@jonesday.com>; Brian Talcott <btalcott@dunncarney.com>
**Cc:** Andy McStay <andymcstay@dwt.com>; ESHA Research, LLC v. RLH Assets, LLC <25-880@cases.warrenllp.com>; RLH Assets, LLC v. ESHA Research, LLC <25-656@cases.warrenllp.com>
**Subject:** ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon), RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Report Suspicious

Lauren:

Please use the email service addresses you agreed to use in this case. I have cc'ed them here.

Your email below misstates much of our meet and confer discussion. Let's please just skip that; it's tiresome. I will correct the biggest errors, but do not assume I agree with anything you say below.

First, on Trustwell's trade secrets, you stated that you would supplement "as soon as we can," but then resisted my attempts to understand what that meant. You initially refused to respond to my questions about when Trustwell knew its asserted trade secrets in this action. Eventually, you stated that Trustwell knew what its asserted trade secrets in this action were on September 9, 2025, although it did not disclose them at this time. I then asked you whether Trustwell knew what its asserted trade secrets were when it filed the complaint, and you declined to answer. I explained that if you knew what your asserted trade secrets were on September 9, 2025, you should have disclosed them then, and certainly should not still be stalling this disclosure now, more than a year later. You had no answer. I explained that we could not wait any longer to move to compel, because Trustwell had repeatedly stated it would provide its actual asserted trade secrets and repeatedly failed to meet its promises, and so we were forced to move to compel.

Turning to your other paragraphs, I didn't agree to delay our motions; I told you in good faith what our schedule is. Please don't ever misrepresent what I agreed to again.

As I explained on our call, your limits on discovery regarding trade secrets are not acceptable. If Trustwell has disclosed its asserted trade secrets without protection, Foodwit is entitled to know. I gave you one example, your disclosure of your 'crown jewels' database to every user of Cronometer's app, with attribution to ESHA (as it was then named) and without any restrictions on their use. There are likely more examples of unrestricted disclosure. Trustwell must produce them all in discovery. Your compromise below is illusory, and would continue your attempts to shield this critical discovery.

We will move the Special Master for relief on the issues we discussed today. Thank you for your continued time and courtesy in this matter.

Best Regards,

Matt Warren

--
Matt Warren matt@warrenllp.com +1 (415) 895-2928

On Mon, Oct 26, 2026 at 12:16 PM Dutkiewicz, Lauren E. <ldutkiewicz@jonesday.com> wrote:

> Matt,
>
> I am writing to memorialize our meet-and-confer discussion this morning.
>
> 1. Interrogatory No. 1 (Trade Secret Identification)
>
> You asked when Trustwell intends to supplement its trade secret identification. I told you Trustwell expects to provide its supplemental response in November. You said you do not believe me, and that Foodwit would move promptly on this issue.
>
> 2. Interrogatories Nos. 3–6
>
> You asked whether Trustwell would stand on any of its asserted objections to Interrogatories Nos. 3–6 if Foodwit resolved the subpart issue. I explained that to resolve the subpart issue would require Foodwit to propound new requests, and that we cannot take a position unless and until we see them. If Foodwit chooses to serve revised interrogatories, we will be happy to consider them.
>
> 3. Requests for Production Nos. 9–11 and 18 (Disclosure of Alleged Trade Secrets / License Agreements)
>
> We next discussed Foodwit's requests about Trustwell's disclosure of its trade secrets. I reiterated that Trustwell offered to produce its template license agreements from 2017 to the present. These agreements show the terms Trustwell requires when it discloses its trade secrets to third parties. You rejected this proposal and explained that Trustwell's response should be an unqualified agreement to produce all documents. You demanded that Trustwell agree to search for and produce documents reflecting its terms and conditions with each and every one of Trustwell's customers and clients since Genesis launched in 1991, with no limit as to time period or scope.

4. Requests for Production Nos. 15–17 and 26 (Employees)

We next discussed Foodwit's requests seeking information about Trustwell's employees. Trustwell offered to produce its template employment agreements, confidentiality agreements, and similar agreements with its employees from 2017 to the present. You again refused any limit on the scope of these requests. Like with category above, you demanded that Trustwell produce the names of, and all agreements with, each and every one of Trustwell employees who had access to or knowledge of Trustwell's trade secrets since 1991.

To try to reach a compromise, I offered to produce documents sufficient to show the security measures used with respect to Trustwell employees. You said you would consider any written proposal by Trustwell and agreed not to file a motion on these issues before Thursday or Friday of this week. We look forward to hearing from you soon on whether this compromise resolves Foodwit's dispute.

Lauren E. Dutkiewicz
Associate

JONES DAY® - One Firm Worldwide®
3161 Michelson Drive, Suite 800

Irvine CA 92612
Office +1.949.553.7585