P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S OPPOSITION TO TRUSTWELL'S MOTION TO COMPEL FOODWIT'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>**BEFORE THE SPECIAL MASTER** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**FOODWIT'S OPPOSITION TO TRUSTWELL'S MOTION TO COMPEL FOODWIT'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>**BEFORE THE SPECIAL MASTER** |

## INTRODUCTION

The Special Master should deny Trustwell's motion to compel a fishing expedition into data Trustwell fails to establish is relevant. Foodwit has agreed to produce relevant documents in response to 101 of Trustwell's 118 document requests in these actions. Trustwell has moved to compel 24 requests and four related interrogatories, including those seeking vague categories of "Trustwell information" or "data." But Trustwell does not (and cannot) claim that all data Foodwit ever generated using Trustwell's software constitutes trade secrets, and cannot explain why production of all nutrition labels or customer data would advance any claim or defense in these cases. Trustwell has failed to demonstrate that its requests are relevant or proportional to the needs of this case.

## ARGUMENT

### I. The Special Master Cannot Assess the Relevance of Documents Trustwell Seeks to Compel in the Absence of Trustwell's Supplemental Trade Secret Disclosure

The Special Master cannot determine the relevance of multiple categories of documents Trustwell seeks in the absence of Trustwell's trade secret disclosure. "Determining whether the requested materials are relevant" is "the first step of resolving a motion to compel." *Rogers v. Weaver*, No. 23-1160, 2024 WL 4290285, at *2 (W.D. Wash. Sept. 25, 2024). Foodwit has already agreed to produce documents concerning Workbench and its development. *E.g.*, Docket No. 123, Ex. A at 76, Ex. B at 6-17. Foodwit has also agreed to produce "documents concerning access to software provided by ESHA," insofar as Trustwell accuses Foodwit of misappropriating trade secrets allegedly found within that software. *E.g.*, Docket No. 123, Ex. B at 18, 29-30.

Foodwit has not agreed to produce other types of documents that *don't* relate to any feature of any software Trustwell provided; as Foodwit has explained, to the extent Trustwell's requests seek "all nutrition labels or customer data Foodwit ever generated using any ESHA

software," they are "overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case." *E.g.*, Docket No. 123, Ex. A, -656 Request Nos. 10, 11-13, 15; *id.*, Ex. B, -880 Request Nos. 13, 24-25, 34-35. Trustwell does not appear to assert any trade secrets relating to printed nutrition labels or customer data, but time will tell: once Trustwell has identified what it in fact asserts as trade secrets in this action, the Special Master will be equipped with the information necessary to determine whether requests for production of every nutrition label ever printed are relevant or proportionate to the needs of this case. *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680 (N.D. Ga. 2007) ("until the trade secret plaintiff has identified the secrets at issue with some specificity, there is no way to know whether the information sought is relevant."); *see also Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1153 (D. Or. 2015). Foodwit has already requested that the Special Master require Trustwell to supplement its trade secrets forthwith, Docket No. 111; the Special Master should do so and resolve this motion after Trustwell supplements its disclosure, or permit the parties to meet and confer about a reasonable scope of production in light of that disclosure.

## II. Requests Concerning All Data Generated Using Trustwell Software Are Overbroad

### A. Customer Data and Nutrition Labels Are Overbroad and Outside the Scope

In this action, Trustwell accuses Foodwit of using yet-unidentified information from Trustwell's software to develop a competing product, Workbench, in 2021. Trustwell does not accuse Foodwit's use of customer data. There is no dispute that, from 2016 to the present, Foodwit consulted for third parties on food labeling compliance. *See* -656 Compl. ¶¶ 58-60. In its work for third-party customers, Foodwit received and processed customer data through Trustwell's software, including information about customers' ingredients, recipes, suppliers, and downstream buyers. Foodwit used this customer data to prepare, among other things, recipes,

ingredient lists and FDA-compliant food labels. Foodwit has already agreed to produce broad categories of documents, including documents concerning Foodwit's access to and use of Trustwell's software as well as its development of Workbench. *See supra* § I. Trustwell nevertheless seeks to compel documents and information in response to its -880 Interrogatory Nos. 4, 8-10, -656 Request Nos. 10-13, 15, 49, and -880 Request Nos. 25-28, 34-35 regarding Foodwit's customer data, as well as seemingly any document Trustwell ever generated in working with third-party customers, including all nutrition labels Trustwell ever printed. Mot. at 3-5. The "party seeking to compel discovery has the burden of establishing that its requests are relevant under Rule 26(b)(1)." *Kendal v. Hankook Tire Am. Corp.*, No. 25-122, 2025 WL 3251434, at *6 (D. Or. Nov. 21, 2025) (citing *Sarnowski v. Peters*, No. 16-176, 2017 WL 4467542, at *2 (D. Or. Oct. 6, 2017)). Trustwell cannot articulate how this information would inform any claim or defense in this action, because it would not. Trustwell argues that Foodwit's responses are "improper" because the "requests do not seek the software," but instead documents relating to how Foodwit "used and stored Trustwell's software and the information derived from it" under the License Agreement. Mot. at 10. But whether Foodwit generated specific labels for past clients does not establish trade secret misappropriation or breach beyond what the software files demonstrate, and Trustwell has confirmed that the scope of "all data" includes every nutrition label Foodwit employees ever printed for clients. *See* Docket No. 123, Ex. E. Trustwell has failed to explain how hundreds of food labels, which are used on public packaging, could possibly be relevant to Trustwell's claims. Movants must "explain why they seek relevant and proportional discovery" because a party "can't just gesture in the general direction of a big pile of discovery requests and announce they're all relevant." *Yotta Techs. Inc. v. Evolve Bank & Tr.*, No. 24-6456, 2025 WL 3496685, at *1 (N.D. Cal. Dec. 5, 2025). Trustwell has not and cannot.

### B. Trustwell Fails to Reasonably Define "Confidential Information"; its Requests Calling for "Confidential Information" Are Impermissibly Vague

Trustwell seeks to compel responses to its -880 Requests Nos. 25-28, each of which seeks documents related to Trustwell "confidential information" or its "confidential, proprietary, or trade secret information." Docket No. 123, Ex. B at 29-33. Some of these requests, but not all, seek "Trustwell material," without defining these terms or identifying any difference between them. Trustwell argues that "Foodwit invents ambiguity in ordinary terms and reads each request as broadly as possible to manufacture vagueness and overbreadth where none." Mot. at 7. But Trustwell's motion states that the agreement categorizes "software and 'all other information [Trustwell] discloses to Licensee' as Confidential Information." *Id.* at 7-8. Foodwit has already agreed to produce documents regarding its access to the software it licensed from Trustwell; Foodwit does not know what other "information" Trustwell is referring to or how it was disclosed to Foodwit. For example, would "information" include Trustwell customer support tickets, invoices, or satisfaction surveys Foodwit ever received as a user of Trustwell's software? Trustwell refuses to say.

Compounding the issue, some of Trustwell's requests refer to "confidential information" as an undefined subset of the undefined "Trustwell material" (*see e.g.*, -880 Request No. 25, -880 Interrogatory Nos. 8, 10), some refer to it independently (*see e.g.*, -880 Request No. 28), and still others refer to Trustwell's "confidential, proprietary, and trade secret information" (*see e.g.*, -880 Request Nos. 26). Trustwell has refused to clarify these vague and overlapping terms, instead claiming that Foodwit "knows exactly" what confidential information Trustwell is referring to. Mot. at 7; *see* Docket No. 123, Ex. E at 2. It does not—as Foodwit explained on October 27 and October 30, it is clear from the record that the parties are unlikely to agree on what is or is not confidential, and Trustwell's overlapping phrases and terms only make Foodwit's search more

burdensome. Docket No. 123, Ex. E at 2. Trustwell nowhere provides even one example of what would fall into the category of "confidential" but not "trade secret," let alone "Trustwell material." Would an email from Trustwell offering a discount fall into "Trustwell material?" Would a third-party customer's recipe or ingredient list, if typed into Trustwell software, become "Trustwell material?" Absent some guidance from Trustwell on these categories, as well as an updated trade secret disclosure, Foodwit is unable to perform a reasonable search.

### C. Trustwell's Interrogatories are Compound, Overbroad, and Irrelevant

Foodwit objects to Interrogatory Nos. 4, 8-10 for the same reasons explained above. *See supra* §§ I, II.B. Interrogatory No. 4 is separately objectionable because it is overbroad and seeks information that Trustwell already maintains. Interrogatory No. 4 asks that Foodwit:

> Identify by date, time, user(s), account, file name, file type, volume, purpose, and recipient(s) all INFORMATION that YOU ever downloaded, exported, extracted, or otherwise obtained from GENESIS FOODS.

Docket No. 123, Ex. C at 8. Not only is "otherwise obtained" vague and ambiguous, but even assuming that all customer data printed or downloaded is relevant—which it is not, for the reasons explained above, *see supra* § I—this interrogatory is overburdensome and seeks information that is not reasonably accessible to Foodwit to the extent that Foodwit even maintains these records. This request requires Foodwit to expend significant resources to identify every label exported and the associated information that Trustwell requests, when this information is likely already known to Trustwell, as it owns the software.

Trustwell's -880 Interrogatory Nos. 4 and 8-10 are also impermissibly compound. Trustwell argues that these interrogatories are "not improperly 'compound'" as each "addresses a single subject." Mot. at 8. Not so. Interrogatory No. 4 seeks (1) a list of all information, including all data and metadata, ever exported over a seven-year period, (2) detailed information

associated with each export; and (3) an explanation of the "purpose" of each export—this constitutes at least three interrogatories. *See* Docket No. 123, Ex. C at 8; *see, e.g.*, *People Ctr., Inc. v. Deel, Inc.*, No. 25-2576, 2025 WL 3124079, at *7, *9 (N.D. Cal. Nov. 7, 2025) (interrogatory deemed compound where it sought identification of individuals and corresponding information). Trustwell's -880 Interrogatory No. 9 is compound for the same reasons. Docket No. 123, Ex. C at 15.

Interrogatory Nos. 8 and 10 are likewise compound because they ask Foodwit to identify "Trustwell materials," or various actions taken concerning "Trustwell materials" after the termination of the parties' license *and* materials "referencing, containing, derived from, or based on" Trustwell software. Docket No. 123, Ex. C at 14; *see id.* at 16. But an identification of what "refers to," "contains" or is "derived from" Trustwell software constitutes three separate inquiries. The Special Master should deny Trustwell's motion to compel responses to these requests as overbroad, vague, unduly burdensome, and compound, and not proportional as they include irrelevant information.

## III. The Special Master Should Deny the Motion to Compel Information Concerning Foodwit's Use of Third Party Software As Seeking Wholly Irrelevant Information

Trustwell's -656 Request Nos. 49 and 53-54 seek information about Foodwit's use of third-party software with no relationship to this action whatsoever. Docket No. 123, Ex. A at 65, 69-70. Trustwell's motion rests on its conclusory statement that these requests are "plainly relevant." Mot. at 6. The Special Master can and should deny Trustwell's motion, as it makes no attempt to explain what these documents could tend to prove or disprove, let alone point to any authority so holding. *See Yotta*, 2025 WL 3496685, at *1; *see also Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2016 WL 1337318, at *2 (D. Or. Apr. 4, 2016) (rejecting argument that third-party claims of misappropriation could lead to the discovery of admissible evidence).

## IV. The Special Master Should Deny Trustwell's Motion to Compel Documents About Every Foodwit Employee, Ever, As Impermissibly Broad

Trustwell's -656 Request No. 52 seeks documents identifying Foodwit's "officers, directors, and employees since 2017." Docket No. 123, Ex. A at 68. Trustwell's requests are not limited to Foodwit employees who accessed any Trustwell software or who developed Foodwit's accused Workbench product, and thus have "the potential to encompass voluminous documents that have no relevance whatsoever to this case." *Baird v. Leidos, Inc.*, No. 22-60, 2022 WL 17824005, at *5 (S.D. Cal. Dec. 20, 2022). In its motion, Trustwell argues that employees "who had access to" allegedly misappropriated (and yet unidentified) information are relevant to this action; Foodwit agrees. Mot. at 6. But Foodwit has already agreed to supply this information in response to Trustwell's -656 Interrogatory No. 1, -656 Request No. 48, and -880 Request No. 33. Trustwell cannot explain how information about all of Foodwit's employees could have any bearing on this action, and the Special Master can and should deny Trustwell's motion for failure to meet its burden.

## V. Trustwell Does Not Attempt to Establish the Relevance or Proportionality of Broad Categories of Requested Documents

Trustwell's Requests -656 Request Nos. 2, 7-8 and -880 Request No. 21 seek "all" documents and communications "referencing" or "relating to" Trustwell. Docket No. 123, Ex. A at 7, 13-14; *id.*, Ex. B at 25-26. Trustwell fails to meet its burden on a motion to compel these facially overbroad requests, arguing only that they "bear directly on whether Foodwit copied Genesis Foods," without any explanation or such a limitation. Mot. at 6. But a party "can't just gesture in the general direction of a big pile of discovery requests and announce they're all relevant." *Yotta*, 2025 WL 3496685, at *1.

Courts routinely reject requests for "all" documents "relating to" or "referring to" a subject, and for good reason: "use of the words 'relating to' and 'referring to' are overly broad because Defendant does not have reasonable notice of what is called for and what is not." *Lopez v. Chertoff*, No. 07-1566, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009) (finding a request for "all documents 'referring to'" plaintiff to be "overly broad"); *see also O'Callaghan v. City of Portland*, No. 21-812, 2022 WL 21828630, at *3 (D. Or. June 10, 2022) (document request seeking "'any and all written communication' concerning plaintiff" is "confusing or vague."). Trustwell does not explain how, for example, an email from 2017 containing a news article about Trustwell would be relevant to any claim or defense in this action, and yet such an email would fall under the umbrella of "all." Trustwell has repeatedly confirmed its examples are non-limiting, and has refused to explain how an online comment at any time is relevant to any issue in dispute or proportional to the needs of the case. *See* Docket No. 123, Ex. E at 1. Trustwell's requests are "facially overly broad as to time and scope and have the potential to encompass voluminous documents that have no relevance whatsoever to this case," and "do not meet the 'reasonable particularity' standard in Rule 34." *Baird*, 2022 WL 17824005, at *5.

Although Trustwell now claims that these requests are "inherently limited to the period during which Foodwit licensed the Genesis platform, beginning in 2017," Mot. at 8, this limitation is absent from the requests themselves (*see* Docket No. 123, Ex. A at 7, 13-14; Ex. B at 25) and thus Trustwell's motion "does not remedy the fact that the requests as propounded are facially overbroad" and seek irrelevant information. *Baird*, 2022 WL 17824005, at *5. The Special Master should deny Trustwell's motion to compel or limit these requests to non-privileged documents and communications relating to Trustwell and the claims raised in this lawsuit, as they seek information outside of Foodwit's control, that it is not capable of producing,

or that contains confidential information of a third party and Trustwell "has some responsibility to narrow" their scope "to prevent fishing expeditions." *Lopez*, 2009 WL 1575214, at *3.

## VI. Requests About Non-Accused Foodwit Services Are Irrelevant, Overbroad, Vague

Trustwell again fails to meet its burden on its -656 Request No. 25 and -880 Request No. 38. *See Kendal*, 2025 WL 3251434, at *6. Trustwell does not explain the relevance of -656 Request No. 25, which seeks documents "sufficient to IDENTIFY all products and services YOU have sold to clients since 2017." -656 Request No. 25, Docket No. 123, Ex. A at 34. Trustwell concludes these "requests are plainly relevant," Mot. at 6, without explaining how or why. Instead, Trustwell suggests that any request seeking "only documents 'sufficient to' show the requested facts" is not burdensome. Mot. at 9. But documents "sufficient to show" information regarding a decade of business information not germane to any claim or defense cannot "meet the 'reasonable particularity' standard in Rule 34." *Baird*, 2022 WL 17824005, at *5.

The same is true of Trustwell's -880 Request No. 38, which requests:

> All DOCUMENTS RELATING TO any source of information, inspiration, reference material, example, model, template, competitor product, public documentation, customer request, consultant input, developer input, or third-party material used to design, develop, or implement WORKBENCH.

Docket No. 123, Ex. B at 51. As Foodwit has explained, any source of "inspiration" or "information" used to design Workbench are neither relevant to this case nor reasonable in scope—what constitutes an "inspiration" is anyone's guess. During the parties' meet and confer, Foodwit asked whether Ms. Holmes' academic work pursuing two degrees in food science would be responsive to this request, to which Trustwell responded "no," but could not explain why not. *See* Docket No. 123, Ex. E at 2. Trustwell is unable to articulate any objective measure that would provide a reasonable scope for this request, relying only on examples in "the rest of the request." Mot. at 8. The Special Master should deny the motion to compel these requests.

**VII. Trustwell Fails to Establish the Relevance of Third Party Claims or Communications to Any Claim or Defense**

Trustwell's -656 Request No. 59 and -880 Request Nos. 42-43 seek information regarding claims by third parties regarding third-party intellectual property, and communications with third parties regarding this litigation. But whether Foodwit has ever "been accused of misappropriating someone else's trade secrets has no bearing on this case and would not make" Trustwell's claims "more or less likely to be true." *Vesta*, 2016 WL 1337318, at *2; *see* Docket No. 123, Ex. E. Trustwell's motion states that "Foodwit's communications with and about Trustwell bear directly on whether Foodwit copied Genesis Foods features and functionalities into Workbench." Mot. at 6. Trustwell provides no authority for this conclusion, but even if it had, Trustwell does not even attempt to explain how communications *about this litigation*, let alone other parties' intellectual property, would bear on any issue in dispute. Trustwell has failed to meet its burden, or even try, and the Special Master should deny its motion as to each of these requests. *See Yotta*, 2025 WL 3496685, at *1.

**CONCLUSION**

For the foregoing reasons, Foodwit respectfully requests the Special Master deny Trustwell's motion to compel responses to -880 Interrogatory Nos. 4 and 8-10 and amend responses and produce all responsive documents to -656 Request for Production Nos. 2, 7-8, 10-13, 15, 25, 49, 52-54, and 59 and -880 Request for Production Nos. 21, 25-28, 34-35, 38, and 42-43.

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile

andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*