UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB (Lead)<br>*Consolidated with*<br>*Case No. 3:25-cv-00656-AB*<br><br>**SPECIAL MASTER ORDER #2** |

This Order sets out the ruling by the Special Master on [Foodwit's] Motion to Compel Further Supplementation of Trade Secret Disclosure (ECF 113 and 114). This motion was briefed on an expedited basis per my discovery motions protocol and is decided without oral argument.

A detailed recitation of the events leading up to this motion is unnecessary. Essentially, Foodwit has been asking since this case was filed for Trustwell to provide a detailed list of the trade secrets Trustwell claims were misappropriated by Foodwit. After some delay, Trustwell produced a 19-page list which at first it claimed disclosed the trade secrets but later disclaimed that. Since then, Trustwell has continuously promised to supplement the list but to date has not done so. The dispute now is whether I should set a date certain for this required disclosure which will be made under the existing protective order.

Trustwell now says it will provide the disclosure this month but (1) will not promise a specific deadline (other than *maybe* the 30th I suppose) and (2) still asserts under Fed. R. Civ. P.

26(e) that it has until the close of fact discovery in February to do so. Trustwell also seeks to excuse its delay by asserting that Foodwit has been delaying discovery production even worse.

Both sides have reported that they don't trust each other. Both sides have earned that lack of trust, including in their counter-reports of the conference held before this motion was filed. It was and is unprofessional – and both sides must stop. That starts with this motion.

For now, it is clear to me that Trustwell's war of no trust includes an intentional delay of a key stage of this case. Further delay will not be tolerated. Trustwell must provide its full disclosure no later than 12 noon on November 20th.

Could more trade secrets be "discovered" after November 20th? If so, Trustwell must file a motion for leave to supplement its disclosure, showing good cause for the delayed discovery and disclosure.

DATED November 9, 2026.

Henry Kantor

Special Master Henry Kantor

**NOTICE:** **Either the Court or the parties may take action regarding this Order pursuant to Fed. R. Civ. P. 53(f).**