Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com
E-mail: ldutkiewicz@jonesday.com

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Civil No. 3:25-cv-00880-AB consolidated with 25-cv-00656-AB<br><br>**SUMMARY OF REQUESTS IN DISPUTE IN TRUSTWELL'S MOTION TO COMPEL (ECF NO. 122)**<br><br>**BEFORE THE SPECIAL MASTER** |

Pursuant to the Special Master's order, Trustwell identifies below the discovery requests addressed in its Motion to Compel Foodwit's Responses to Interrogatories and Requests for Production (ECF No. 122) that remain in dispute following the parties' telephonic meet-and-confer discussion on November 16, 2026.

## I. TRUSTWELL ACTION: FIRST SET OF INTERROGATORIES TO FOODWIT

**Interrogatory No. 4:**

Identify by date, time, user(s), account, file name, file type, volume, purpose, and recipient(s) all INFORMATION that YOU ever downloaded, exported, extracted, or otherwise obtained from GENESIS FOODS.

**Trustwell's position:**

Trustwell clarified that this interrogatory is not compound because it is not seeking separate pieces of information but rather explaining how Foodwit should identify the information at issue.

**Foodwit's position:**

Foodwit maintains its objections that this interrogatory is overbroad, unduly burdensome, seeks information that Trustwell already maintains and is not reasonably accessible by Foodwit, and is composed of multiple discrete subparts in violation of Federal Rule of Civil Procedure 33.

**Interrogatory No. 8:**

Identify all TRUSTWELL materials, including but not limited to confidential information, data, notes, records, documentation, models, software, databases, files, exports, backups, copies, derivative works, or other materials referencing, containing, derived from, or based on GENESIS FOODS, that YOU currently have in YOUR possession, custody, or control.

**Trustwell's position:**

Trustwell narrowed the definition of "Trustwell materials" to mean "confidential information, data, notes, records, documentation, models, software, databases, files, exports, backups, copies, derivative works, or other materials referencing, containing, derived from, or based on GENESIS FOODS." "Confidential information" is defined as "the Licensed Software (including the nutritional database embedded therein) and all other information ESHA discloses to Licensee in connection with them," pursuant to section 12 of Foodwit's License Agreement, which is attached as Exhibit A.

**Foodwit's position:**

Trustwell's proposed narrowing provides no further metes or bounds of what "information" or "data" it believes fall under its definition, and would include Foodwit's customer data. Foodwit proposes this Interrogatory and any requests for "Trustwell materials" or "data" or any variation thereof should include "documentation, models, software, and databases provided by Trustwell to Foodwit under the license agreement from 2017 to 2024." This definition would more than encompass the trade secrets asserted in this action, and would exclude Foodwit customer data.

**Interrogatory No. 9:**

Identify by current location, custodian(s), date obtained, and reason(s) you continue to possess each item identified in response to Interrogatory No. 10.

[Note: The request is reproduced as served. The motion identifies the reference to Interrogatory No. 10 as a typographical reference to Interrogatory No. 8.]

**Trustwell's position:**

Trustwell clarified that this interrogatory is not compound because it is not seeking separate pieces of information but rather explaining how Foodwit should identify the information at issue.

**Foodwit's position:**

Foodwit incorporates its response to Trustwell's Interrogatory No. 8 concerning "Trustwell materials" and "data" as if set forth fully herein. Foodwit maintains its objection that this interrogatory is composed of multiple discrete subparts in violation of Federal Rule of Civil Procedure 33.

**Interrogatory No. 10:**

Describe any steps YOU took upon termination of YOUR limited-use license agreement with TRUSTWELL to return, surrender, delete, destroy, quarantine, archive, preserve, identify, or otherwise address any TRUSTWELL materials in your possession, including but not limited to confidential information, data, notes, records, documentation, models, software, databases, files, exports, backups, copies, derivative works, or materials RELATING TO GENESIS FOODS.

**Trustwell's position:**

Trustwell confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" explained in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit incorporates its response to Trustwell's Interrogatory No. 8 concerning "Trustwell materials" and "data" as if set forth fully herein. Foodwit maintains its objection that this

interrogatory is composed of multiple discrete subparts in violation of Federal Rule of Civil Procedure 33.

## II. FOODWIT ACTION: FIRST SET OF REQUESTS FOR PRODUCTION TO FOODWIT

**Request for Production No. 2:**

All DOCUMENTS referencing YOUR COMMUNICATIONS with TRUSTWELL.

**Trustwell's position:**

Trustwell clarified that the time period applicable to this request is 2017 through the present.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad, and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit proposes to limit the scope of this request to all communications with Trustwell.

**Request for Production No. 7:**

All DOCUMENTS relating to TRUSTWELL.

**Trustwell's position:**

Trustwell clarified that the time period applicable to this request is 2017 through the present.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad, and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit proposes to limit the scope of this request to documents relating to the license agreement with Trustwell or Trustwell products.

**Request for Production No. 8:**

All COMMUNICATIONS relating to TRUSTWELL, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**Trustwell's position:**

Trustwell clarified that the time period applicable to this request is 2017 through the present, and that the scope is limited to those materials in Foodwit's possession, custody, or control.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad, and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit proposes to limit the scope of this request to communications with Trustwell regarding the license agreement with Trustwell or Trustwell products, excluding online comments and discussions.

**Request for Production No. 10:**

All software and data that YOU received from TRUSTWELL.

**Trustwell's position:**

Foodwit's offer to produce documents "concerning software provided by ESHA" is too narrow because it excludes other data. *See* Ex. A, §§ 8, 12. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 11:**

All DOCUMENTS reflecting or referencing the ways in which YOU used any software or data that YOU received from TRUSTWELL.

**Trustwell's position:**

Foodwit's offer to produce documents "concerning software provided by ESHA" is too narrow because it excludes other data. *See* Ex. A, §§ 8, 12. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definitions should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 12:**

All DOCUMENTS relating to the use of any software or data received from TRUSTWELL in any of YOUR products or services.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express "Limitations on License" in Foodwit's license agreement, *see* Ex. A, § 3, in addition to its misappropriation claim. Foodwit's offer to produce documents "concerning software provided by ESHA" is too narrow because it excludes other data. *Id.* §§ 8, 12. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 13:**

All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to any software or data YOU received from TRUSTWELL.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express confidentiality requirements and protection obligations in Foodwit's license agreement, *see* Ex. A, §§ 8, 12, in addition to its misappropriation claim. Foodwit's offer to produce documents "concerning software provided by ESHA" is too narrow because it excludes other data. *Id*. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 15:**

All DOCUMENTS reflecting or referencing how YOU maintained any software or data that YOU received from TRUSTWELL.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express confidentiality requirements and protection obligations in Foodwit's license agreement, *see* Ex. A, §§ 8, 12, in addition to its misappropriation claim. Foodwit's offer to produce

documents "concerning software provided by ESHA" is too narrow because it excludes other data. *Id.* Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 25:**

DOCUMENTS sufficient to IDENTIFY all products and services YOU have sold to clients since 2017.

**Trustwell's position:**

Trustwell explained that this request is particularly relevant because of the scope of Foodwit's antitrust claims. As stated in the request, Trustwell seeks documents *sufficient* to identify the products and services Foodwit sold to clients since 2017.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad, and seeks information not relevant to any claim or defense and not proportionate to the needs of the

case insofar as it seeks information regarding "services." Foodwit proposes to limit the scope of this request to products Foodwit has sold to clients since 2017.

**Request for Production No. 49:**

All DOCUMENTS reflecting or referencing any contracts or agreements that YOU entered into with any individual or entity that had access to any software or data YOU that received from TRUSTWELL.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express confidentiality requirements and protection obligations in Foodwit's license agreement, *see* Ex. A, §§ 8, 12 (addressing protection of the platform and database, limits on employee access, and contractual confidentiality and use restrictions), in addition to its misappropriation claim. Trustwell confirmed its offer to accept template agreements together with any individualized or nonstandard agreements, rather than requiring a copy of every single executed agreement.

**Foodwit's position:**

Foodwit maintains its objections that this request is overbroad and seeks information not relevant to any claim or defense and not proportionate to the needs of the case insofar as it demands "any" contracts, irrespective of whether such contracts address or relate to confidentiality. Foodwit proposes to produce contracts that address or relate to confidentiality concerning Trustwell software. To the extent "data" is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 52:**

DOCUMENTS sufficient to IDENTIFY all of YOUR officers, directors, and employees since 2017.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express limitations on internal access and use contained in Foodwit's license agreement, *see* Ex. A, § 12, in addition to its misappropriation claim. As stated in the request, Trustwell seeks documents *sufficient* to identify all personnel who had access to the software and data Trustwell provided to Foodwit under the license agreement since 2017.

**Foodwit's position:**

Foodwit agrees that the scope of this request should be limited to individuals who had access to any software or information that Foodwit received from Trustwell under the License Agreement since 2017. To the extent that this request seeks information about officers, directors, and employees that did not have access to software or information provided to Foodwit by Trustwell, Foodwit maintains its objections that this request is unduly burdensome and overbroad, and seeks information not relevant to any claim or defense and not proportionate to the needs of the case.

**Request for Production No. 53:**

All DOCUMENTS reflecting or referencing any efforts YOU made to license any software or data from third parties.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express requirement in Foodwit's license agreement to use "commercially reasonable efforts" to protect Trustwell's software and data, *see* Ex. A, § 8, in addition to its misappropriation claim. Trustwell further explained that this permits comparison of Foodwit's treatment of Trustwell's software and data with its treatment of other licensed materials. Trustwell clarified that the time period applicable to this request is 2017 through the present.

**Foodwit's position:**

Foodwit maintains its objection that this request seeks information not relevant to any claim or defense and not proportionate to the needs of the case as this request seeks information concerning "any efforts to license," not "treatment" of software or data.

**Request for Production No. 54:**

DOCUMENTS sufficient to IDENTIFY all terms and conditions pursuant to which YOU licensed any software or data from third parties.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express requirement in Foodwit's license agreement to use "commercially reasonable efforts" to protect Trustwell's software and data, *see* Ex. A, § 8, in addition to its misappropriation claim. Trustwell further explained that this permits comparison with the terms and conditions pursuant to which Foodwit licensed other software or data. Trustwell clarified that the time period applicable to this request is 2017 through the present. As stated in the request, Trustwell seeks documents *sufficient* to identify the relevant terms and conditions.

**Foodwit's position:**

Foodwit maintains its objections that this request is overbroad and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. This request seeks information concerning all "terms" for "any" software or data from any third party, whether or not that software bears any relationship to the software at issue, or is bound by any confidentiality terms at all. Any production in response to this request should be limited to confidentiality provisions for substantially similar products to Trustwell's software.

**Request for Production No. 59:**

All non-privileged COMMUNICATIONS, including but not limited to internal COMMUNICATIONS and COMMUNICATIONS with third parties, relating to this ACTION.

**Trustwell's position:**

Trustwell explained that it seeks nonprivileged communications relating to the Foodwit Action, including internal communications and communications with third parties. Trustwell further explained that this request is particularly relevant because of the scope of Foodwit's antitrust claims.

**Foodwit's position:**

Foodwit maintains its objection that this request seeks information not relevant to any claim or defense and not proportionate to the needs of the case as Foodwit communications regarding this litigation do not have any bearing on any issue relating to antitrust.

## III. TRUSTWELL ACTION: FIRST SET OF REQUESTS FOR PRODUCTION TO FOODWIT

**Request for Production No. 21:**

All DOCUMENTS RELATING TO any COMMUNICATION by or with Becki Holmes concerning TRUSTWELL, including but not limited to the development of food formulation or labeling software, replication or duplication of GENESIS FOODS, or any feature, function, formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in GENESIS FOODS.

**Trustwell's position:**

Trustwell explained that it seeks nonprivileged documents relating to communications by or with Foodwit founder and CEO Becki Holmes concerning Trustwell, including Genesis Foods. Trustwell further explained that this request is particularly relevant given Ms. Holmes' statements to third parties regarding Trustwell and Genesis Foods, as described in Trustwell's complaint. Trustwell clarified that the time period applicable to this request is 2017 through the present.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad, and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit proposes to limit the scope of this request to communications concerning Trustwell's products or its trade secrets.

**Request for Production No. 25:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO YOUR possession, custody, or control of any TRUSTWELL materials, including but not limited to confidential information, GENESIS FOODS data, notes, records, documentation, models, software, databases, files, exports, backups, copies, derivative works, or other materials containing, referencing, derived from, or based on TRUSTWELL confidential information or GENESIS FOODS.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express confidentiality requirements and protection obligations, as well as the obligation to immediately surrender upon demand all such materials, in Foodwit's license agreement, *see* Ex. A, §§ 8, 11(b), 12, in addition to its misappropriation claim. Foodwit's offer to produce documents "concerning access to software provided by ESHA" is too narrow because it excludes other data. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit

definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 26:**

All DOCUMENTS sufficient to show any materials that YOU returned, surrendered, destroyed, deleted, quarantined, archived, retained, or failed to return to TRUSTWELL following termination of your limited-use license agreement with TRUSTWELL, including but not limited to notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL's confidential, proprietary, and trade secret information.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express confidentiality requirements and protection obligations, as well as the obligation to immediately surrender upon demand all such materials, in Foodwit's license agreement, *see* Ex. A, §§ 8, 11(b), 12, in addition to its misappropriation claim. As stated in the request, Trustwell seeks documents *sufficient* to show the disposition of Trustwell materials following termination of the license. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad; vague and ambiguous as to the phrase "confidential, proprietary, and trade secret information"; and seeks information not relevant to any claim or defense and not proportionate to the needs of the

case. Foodwit proposes to limit the scope of "confidential, proprietary, and trade secret information" to Trustwell's trade secret disclosure. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 27:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO TRUSTWELL'S demand to return or surrender all notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL'S confidential, proprietary, or trade secret information.

**Trustwell's position:**

Trustwell explained that it seeks nonprivileged documents and communications relating to its demand for return or surrender of Trustwell materials, pursuant to Foodwit's license agreement. *See* Ex. A, §§ 8, 11(b), 12. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad; vague and ambiguous as to the phrase "confidential, proprietary, and trade secret information"; and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit proposes to limit the scope of "confidential, proprietary, and trade secret information" to Trustwell's trade secret disclosure. To the extent this request is coterminous

with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 28:**

All DOCUMENTS sufficient to identify each device, server, cloud storage location, database, repository, account, backup, archive, email account, messaging account, or file system where any TRUSTWELL confidential information, GENESIS FOODS data, or materials derived from any of them, have been stored.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express confidentiality requirements and protection obligations, as well as the obligation to immediately surrender upon demand all such materials, in Foodwit's license agreement, *see* Ex. A, §§ 8, 11(b), 12, in addition to its misappropriation claim. As stated in the request, Trustwell seeks documents *sufficient* to identify the storage locations. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 34:**

All DOCUMENTS RELATING TO any transfer, migration, import, ingestion, upload, conversion, parsing, normalization, mapping, transformation, or loading of data from GENESIS FOODS to WORKBENCH or any other FOODWIT system.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express limitations on use of Trustwell's software and data pursuant to the license agreement, *see* Ex. A, §§ 3, 8, 12, in addition to its misappropriation claim. Foodwit's offer to produce documents "concerning access to software provided by ESHA" is too narrow because it excludes other data. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 35:**

All DOCUMENTS RELATING TO any spreadsheet, CSV, database file, export file, backup file, report, label, recipe, ingredient record, nutritional data record, or other file exported, downloaded, copied, or otherwise obtained from GENESIS FOODS.

**Trustwell's position:**

Trustwell explained that this request is relevant to its breach of contract claim because of the express limitations on use of Trustwell's software and data pursuant to the license agreement, *see* Ex. A, §§ 3, 8, 12, in addition to its misappropriation claim. Foodwit's offer to produce documents "concerning access to software provided by ESHA" is too narrow because it excludes other data. Trustwell clarified that the time period applicable to this request is 2017 through the present. Trustwell confirmed that it is not seeking nutritional labels. Trustwell further confirmed that the narrowed definitions of "Trustwell materials" and "confidential information" stated in Trustwell's position on Interrogatory No. 8, above, apply here.

**Foodwit's position:**

Foodwit will produce documents concerning software provided by ESHA. Trustwell has not explained what "other data" it believes it has ever provided to Foodwit. To the extent this request is coterminous with the scope of Foodwit's Interrogatory No. 8, the same Foodwit definition should apply, thus excluding Foodwit customer data, which Trustwell has confirmed is not at issue in this action.

**Request for Production No. 38 (as narrowed):**

All DOCUMENTS RELATING TO any source of information, inspiration, reference material, example, model, template, competitor product, public documentation, customer request,

consultant input, developer input, or third-party material used to design, develop, or implement WORKBENCH.

**Trustwell's position:**

Trustwell explained that it seeks documents concerning identifiable sources and materials actually used to design, develop, or implement Workbench, including the reference materials, examples, models, templates, and other inputs listed in the request (i.e., documents that might substantiate Foodwit's claim of independent, legitimate development). "Inspiration" is used in that context, not to request Ms. Holmes' educational record or a general account of influences on her education or career. Trustwell clarified that it is limiting the request to pre-litigation documents (i.e., documents dated before February 20, 2025).

**Foodwit's position:**

Foodwit maintains its objections that this request is unduly burdensome and overbroad; vague and ambiguous as to the phrase "inspiration"; and seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit proposes to limit the scope of this request to documents relating to the design, development, or implementation of Workbench from January 1, 2017 to February 20, 2025.

**Request for Production No. 42:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any third party RELATING TO this ACTION, including but not limited to the recently consolidated FOODWIT ACTION.

**Trustwell's position:**

Trustwell seeks nonprivileged documents and communications between Foodwit and third parties concerning these consolidated actions. Trustwell explained that this request is particularly relevant because of the scope of Foodwit's antitrust claims.

**Foodwit's position:**

Foodwit maintains its objection that this request in the Trustwell action seeks information not relevant to any claim or defense and not proportionate to the needs of the case as Foodwit's communications regarding this litigation do not have any bearing on any issue relating to antitrust.

**Request for Production No. 43:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any claim, complaint, demand, notice, cease-and-desist letter, inquiry, lawsuit, arbitration, administrative proceeding, or other assertion by any PERSON that YOU copied, misappropriated, infringed, or otherwise wrongfully used any confidential information, proprietary information, or trade secret of any PERSON other than TRUSTWELL.

**Trustwell's position:**

Trustwell offered to withdraw this request if Foodwit agrees that neither party will seek discovery regarding litigation between Foodwit or Trustwell and third parties.

**Foodwit's position:**

Foodwit maintains its objection that this request seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit does not agree to refrain from

seeking discovery regarding litigation between Trustwell and third parties as potentially relevant to Trustwell's trade secret claims and Foodwit's antitrust claims.

Dated: November 20, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2026, I caused to be served the foregoing **SUMMARY OF REQUESTS IN DISPUTE IN TRUSTWELL'S MOTION TO COMPEL (ECF NO. 122)** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorney for RLH Assets, LLC d/b/a Foodwit*

by:

☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify) Email

**JONES DAY**

*/s/ Lauren E. Dutkiewicz*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com
Email: ldutkiewicz@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff Trustwell*