P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br>Plaintiff,<br>v.<br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Defendant. | Case No. 3:25-cv-00880-AB<br>**REPORT ON FOODWIT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br>**BEFORE THE SPECIAL MASTER** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Plaintiff,<br>v.<br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br>Defendant. | Case No. 3:25-cv-00656-AB<br>**REPORT ON FOODWIT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br>**BEFORE THE SPECIAL MASTER** |

On October 30, 2026, Foodwit moved to compel Trustwell's responses to Foodwit's Interrogatory Nos. 3-6 and Requests for Production Nos. 9-11, 15-18, and 26. -880, Docket No. 121; -656, Docket No. 59. The Special Master held a hearing on the motion on November 12, and directed the parties to further meet and confer and to file a report reflecting remaining issues in dispute with each party's proposed scope for each request. Foodwit and Trustwell met and conferred on November 16. Foodwit submits this report on the remaining disputes and each party's proposed scope of each request.

**INTERROGATORY NO. 3:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that it is a trade secret.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must answer this interrogatory for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains impermissibly compound, overly broad, and unduly burdensome, spanning nearly forty years. In an effort to compromise by reducing both the inherently compound nature of the request and the undue burden, Trustwell is willing to identify the bases, collectively, for the group of trade secrets embodied in Trustwell's Genesis Foods software system, and also for the compilation trade secret that is Trustwell's master food and nutrition database, for the period 2017 to the present. Trustwell's response need not differentiate as between discrete trade secrets embodied in the Genesis Foods system.

**INTERROGATORY NO. 4:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must answer this interrogatory for each trade secret in this action.

**Trustwell's Proposed Scope**: This request remains impermissibly compound, overly broad, and unduly burdensome. In an effort to compromise by reducing both the inherently compound nature of the request and the undue burden, Trustwell is willing to describe the bases for its

assertion of misappropriation as a whole, which bases are already pled in the operative complaint. Trustwell does not have visibility on a trade-secret-by-trade-secret basis as to the granular details of Foodwit's misappropriation, which are known only to Foodwit.

**INTERROGATORY NO. 5:**

For each trade secret you allege Foodwit misappropriated, describe with specificity how, when, where, and by whom it was designed and developed, including an identification of every individual who participated in the design or development of the trade secret.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must answer this interrogatory for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains impermissibly compound, overly broad, and unduly burdensome, spanning nearly forty years. The proper discovery vehicle for obtaining this information is a deposition.

**INTERROGATORY NO. 6:**

For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must answer this interrogatory for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains impermissibly compound, overly broad, and unduly burdensome, spanning nearly forty years. In an effort to compromise by reducing both the inherently compound nature of the request and the undue burden, Trustwell is willing to identify all individuals who have or had access to or knowledge of the trade secrets identified in this action without being subject to confidentiality obligations, to the extent any such individuals exist, for the period 2017 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning your disclosure of any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents and communications for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell has also agreed to produce those nonstandard forms, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All documents and communications concerning any agreements between you and any third party concerning any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents and communications for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

All documents and communications concerning license agreements between you and any third party concerning any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated, including the Genesis Foods product.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents and communications for

each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning any measures you have taken to maintain the secrecy of each trade secret you allege Foodwit misappropriated.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents and communications for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will also produce policies relating to employee access to its trade secrets. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements and communications concerning confidentiality, non-disclosure, or protection of each trade secret you allege Foodwit misappropriated, including all employee agreements.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce agreements and communications for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will also produce policies relating to employee access to its trade secrets, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning your allegation that you "track[] and limit[] employee access to such information, providing it only to the extent necessary to perform their job functions" and "regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets" as alleged in paragraph 25 of your second amended complaint in this action.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents and communications for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will also produce policies relating to employee access to its trade secrets, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all persons and entities with access to each trade secret you allege Foodwit misappropriated.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents for each trade secret in this

action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will also produce policies relating to employee access to its trade secrets, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning the "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement" as alleged in paragraph 25 of your second amended complaint in this action.

**Foodwit's Proposed Scope**: The scope of Trustwell's response must correspond to the scope of Trustwell's trade secret claims. Trustwell must produce documents and communications for each trade secret in this action and, for each trade secret, must do so for the period of time Trustwell claims its trade secret was or is a trade secret.

**Trustwell's Proposed Scope**: This request remains overly broad and unduly burdensome, spanning nearly forty years. In an effort to compromise, Trustwell has agreed to produce all template license and confidentiality agreements used to protect the trade secrets at issue in this action, for the period 2017 to the present. To the extent Trustwell used agreements that deviate from its standard forms, Trustwell will also produce those nonstandard forms, for the same period. Trustwell will also produce policies relating to employee access to its trade secrets, for the same period. Trustwell will further produce documents sufficient to identify any individual who had access to the trade secrets at issue without being subject to confidentiality obligations, to the extent any such individuals exist, for the same period.

Date: November 20, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205

+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*